Kate Mueting (D.C. Bar No. 988177)
(*pro hac vice* application forthcoming)
kmueting@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206

Charles Field (CA Bar No. 189817)
cfield@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
2550 Fifth Avenue, Suite 1100
San Diego, California 92103
Telephone: (619) 577-4252

Christopher Owens (MD Bar No. 220280004)
(*pro hac vice* application forthcoming)
cowens@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
111 S. Calvert Street, Suite 1950
Baltimore, Maryland 21202
Telephone: (410) 834-7422

*Attorneys for Plaintiff Courtney McMillian*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| COURTNEY MCMILLIAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does,<br><br>　　　　Defendants. | Case No. 3:23-cv-03461-JCS<br><br>**PLAINTIFF'S MOTION TO REMOVE APPENDIX 1 FROM THE PUBLIC DOCKET AND FILE IT PROVISIONALLY UNDER SEAL** |

Plaintiff Courtney McMillian moves this Court to provisionally seal a Twitter Severance Plan document ("the Plan Document") and thereby remove it from the public docket pending the Court's adjudication of Defendant X Corp.'s claim of privilege. Plaintiff does not understand the Plan Document to be subject to the protections of attorney-client privilege or the work-product doctrine and recognizes that "[t]he Court views removing an e-filed document as a drastic measure." (*Correcting E-Filing Mistakes,* CAND.USCOURTS.GOV, https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/support-and-troubleshooting/correcting-e-filing-mistakes/). Nevertheless, Plaintiff files this motion out of an abundance of caution in light of Counsel for Defendant X Corp.'s threat to sanction Plaintiff. (*See* Exhibit A, E-mail exchange between Kate Mueting and Melissa Hill (July 13-15, 2023)).

Defendant has the burden of establishing that the Plan Document is subject to the protections of attorney-client privilege or the work-product doctrine. *See, e.g.*, *United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009) ("The party asserting the privilege bears the burden of proving each essential element" of attorney-client privilege.); *Wit v. United Behav. Health*, No. 14-CV-02346-JCS, 2016 WL 258604, at *3 (N.D. Cal. Jan. 21, 2016) (Spero, M.J.); *Hooke v. Foss Mar. Co.*, No. 13-CV-00994-JCS, 2014 WL 1457582, at *1 (N.D. Cal. Apr. 10, 2014) (Spero, M.J.) ("The party asserting the work product doctrine has the burden of establishing its application to each document.").

Plaintiff has repeatedly requested that Defendant provide information supporting its privilege assertion. Despite these requests, Defendant has failed to provide Plaintiff with any information to support its privilege claim except to reiterate that it was prepared and maintained in a privileged capacity and that the document is marked as privileged. (*See* Exhibit A). Stamping the document "privileged" does not make it so. *See, e.g.*, *Economus v. City & Cnty. of San Francisco*, No. 18-CV-01071-HSG (DMR), 2019 WL 1411233, at *2 (N.D. Cal. Mar. 28, 2019) ("'The fact that attorneys were retained to prepare the [document] and that the [document] is marked as an attorney-client privileged document are not dispositive of the issue.'" (quoting

1 | *Marceau v. I.B.E.W.*, 246 F.R.D. 610, 613 (D. Ariz. 2007))).

2 | While Plaintiff does not have the burden to establish the non-privileged nature of the Plan Document, Plaintiff asserts that the Plan Document is not subject to the protections of attorney-client privilege or the work-product doctrine for at least two reasons: (1) the Plan Document was not made for the purpose of giving legal advice, it bears no indicia of containing legal advice, and it was created in the ordinary course of business; and (2) employers acting as ERISA fiduciaries cannot assert privilege against Plan participants, such as the Plaintiff here.  Plaintiff briefly explains these reasons below and reserves the right to respond to Defendant's attempted justifications for asserting the attorney-client privilege and work-product protections once Defendant provides those justifications.

First, the Plan Document was a business document, not one "made for the purpose of giving legal advice," and is thus not protected by attorney-client privilege. *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021) (internal quotation omitted); *Wit*, No. 14-CV-02346-JCS, at *3.  The Plan Document does not include legal advice, but rather was created for use in executing the Plan and in determining the benefits each employee would receive.  *See* Dkt. 1 ¶¶2, 28; *see also In re Apple Inc. Sec. Litig.*, No. 4:19-CV-2033-YGR, 2022 WL 4351392, at *2 (N.D. Cal. Sept. 12, 2022), *motion to certify appeal denied*, No. 4:19-CV-2033-YGR, 2022 WL 4588603 (N.D. Cal. Sept. 29, 2022) (rejecting an argument "that Judge Spero erred by applying 'the' primary purpose test for determining if documents with multiple purposes are privileged rather than the more expansive '*a*' primary purpose test . . .").  The Plan Document does not provide any legal advice or recommendations, nor does it detail any actual amounts to be paid to any individual Plan participant.  Attorney-client privilege is thus inapplicable here.

Similarly, work-product protections are also inapplicable.  The Plan Document was created and used in the ordinary course of business and there is no indication it was created in anticipation of litigation.  *See, e.g.*, *In re Ambry Genetics Data Breach Litig.*, No. SACV-20-00791-CJC (KESx), 2021 WL 4860514, at *2 (C.D. Cal. July 30, 2021) ("Documents prepared in the ordinary

course of business are not work product, or documents that would have been created in essentially the same form regardless of the litigation, are not work product."). Furthermore, the work-product protection is a "qualified protection" that can be overcome by a showing of a need for the materials and an inability to obtain them elsewhere "without undue hardship." *Plumbers & Pipefitters Loc. 572 Pension Fund v. Cisco Sys., Inc.*, No. C01-20418JW, 2005 WL 1459555, at *3 (N.D. Cal. June 21, 2005).

Second, under a fiduciary exception, the attorney-client privilege does not apply to ERISA Plan documents, such as the Plan Document in question here. *See, e.g.*, *United States v. Mett*, 178 F.3d 1058, 1062-64 (9th Cir. 1999). "As applied in the ERISA context, the fiduciary exception provides that an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration." *Id.* at 1063 (internal quotation omitted); *see also Stephan v. Unum Life Ins. Co. of America*, 697 F.3d 917, 932 (9th Cir 2012) (applying fiduciary exception to "notes of conversations between [fiduciary's] claims analysts and [fiduciary's] in-house counsel about how the insurance policy . . . ought to be interpreted" ); *Tom v. Com Dev USA, LLA*, No. 2:16-cv-1363 PSG (GJSx), 2017 WL 2423797 at *2 (C.D. Cal. Jan. 12, 2017) (exception applied to "documents [that] address the issues of how the plan was administered before the corporate acquisition at issue (*i.e.* how benefits were calculated), how the present plan committee was administering it based on the same plan documents, which method of calculation was correct, the cost to the plan and company of various methods of calculation, and if the plan needed to be changed or clarified based on the analysis provided"). As this Court has explained, "the fiduciary exception recognizes that beneficiaries are entitled to information about how their benefits are administered" and that even in instances where a lawyer is advising a Plan fiduciary, "this advice is generally for the benefit of the plan members." *Wit*, No. 14-CV-02346-JCS, at *7.

In light of Plaintiff's understandings that the Plan Document was not made for the purpose of providing legal advice or in anticipation of litigation and that the fiduciary exception applies

(and given that Defendant has provided limited information in support of the privilege), Plaintiff disagrees with Defendant's privilege assertions.

Nevertheless, in an abundance of caution (given Defendant's unfounded threat of sanctions) and in the spirit of cooperation and good faith, Plaintiff requests that the Plan Document (filed as Appendix 1, Dkt. No. 1-1) be provisionally removed from the public docket and deemed to be filed under seal pending a Court determination on Defendant's assertion of privilege.

DATED: July 17, 2023

Respectfully submitted,

Sanford Heisler Sharp, LLP

By: */s/ Kate Mueting*
Kate Mueting (D.C. Bar No. 988177)
(*pro hac vice* application forthcoming)
kmueting@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206

Charles Field (CA Bar No. 189817)
cfield@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
2550 Fifth Avenue, Suite 1100
San Diego, CA 92103
Telephone: (619) 577-4252

Christopher Owens (MD Bar No. 220280004)
(*pro hac vice* application forthcoming)
cowens@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
111 S. Calvert Street, Suite 1950
Baltimore, Maryland 21202
Telephone: (410) 834-7422

*Attorneys for Plaintiff Courtney McMillian*

Case No. 3:23-cv-03461-JCS
**PLAINTIFF'S MOTION TO REMOVE APPENDIX 1 FROM THE PUBLIC DOCKETAND FILE IT PROVISIONALLY UNDER SEAL**
5

# CERTIFICATE OF SERVICE

I hereby certify that on 17th day of July, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. I also served the forgoing on the following individuals via electronic mail:

Melissa D. Hill
Morgan, Lewis & Bockius LLP
Counsel for Defendant X Corp.
melissa.hill@morganlewis.com

Abbey Glenn
Morgan, Lewis & Bockius LLP
Counsel for Defendant X Corp.
abbey.glenn@morganlewis.com

Sean McMahan
Morgan, Lewis & Bockius LLP
Counsel for Defendant X Corp.
sean.mcmahan@morganlewis.com

By: */s/ Kate Mueting*
Kate Mueting (D.C. Bar No. 988177)
(*pro hac vice* application forthcoming)
kmueting@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206

Case No. 3:23-cv-03461-JCS
**PLAINTIFF'S MOTION TO REMOVE APPENDIX 1 FROM THE PUBLIC DOCKETAND FILE IT PROVISIONALLY UNDER SEAL**

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTHERN CALIFORNIA**

| | |
|---|---|
| COURTNEY MCMILLIAN<br><br>Plaintiff,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does,<br><br>Defendants. | Case No. 3:23-cv-03461-JCS<br><br><br>**[PROPOSED] ORDER TO REMOVE APPENDIX 1 FROM THE PUBLIC DOCKET AND FILE IT PROVISIONALLY UNDER SEAL** |

Upon consideration of Plaintiff's Motion to Remove Appendix 1 from the Public Docket and File it Provisionally Under Seal, it is hereby ORDERED that Appendix 1, Dkt. No. 1-1, be provisionally removed from the public docket and deemed to be filed under seal pending a Court determination on Defendant's assertion of privilege.

IT IS SO ORDERED, on this the _____ day of _____, 20__.

_____
The Honorable Joseph C. Spero
Magistrate Judge
U.S. District Court for the Northern District of California
Case No. 3:23-cv-03461-JCS