Kate Mueting (D.C. Bar No. 988177)
(*pro hac vice* application forthcoming)
kmueting@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206

Charles Field (CA Bar No. 189817)
cfield@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
2550 Fifth Avenue, Suite 1100
San Diego, California 92103
Telephone: (619) 577-4252

Christopher Owens (MD Bar No. 220280004)
(*pro hac vice* application forthcoming)
cowens@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
111 S. Calvert Street, Suite 1950
Baltimore, Maryland 21202
Telephone: (410) 834-7422

*Attorneys for Plaintiff Courtney McMillian*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTHERN CALIFORNIA**

COURTNEY MCMILLIAN

Plaintiff,

v.

X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does,

Defendants.

Case No. 3:23-cv-03461-JCS

**DECLARATION OF KATE MUETING IN SUPPORT OF PLAINTIFF'S MOTION TO REMOVE APPENDIX 1 FROM THE PUBLIC DOCKETAND FILE IT PROVISIONALLY UNDER SEAL**

I, Kate Mueting, declare as follows:

1. I am an attorney licensed to practice law in the District of Columbia and am employed by the law firm Sanford Heisler Sharp, LLP. I am the attorney of record for the Plaintiff in the above-captioned case.

2. I have attached to this motion a true and correct copy of email correspondence between myself and Counsel for Defendant X Corp. between July 13, 2023 and July 15, 2013, and I hereby attest to that copy's authenticity.

3. I attest that at the time of signing this declaration, Defendant's counsel has not sent any subsequent correspondence or provided further clarification of its arguments or position.

4. I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of July, 2023 in Washington, District of Columbia.

DATED: July 17, 2023

Respectfully submitted,

By: */s/ Kate Mueting*

Kate Mueting (D.C. Bar No. 988177)
(*pro hac vice* application forthcoming)
kmueting@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206

# Exhibit A

**From:** Hill, Melissa D.
**To:** Kate Mueting
**Cc:** Charles Field; Christopher Owens; Glenn, Abbey M.; McMahan, Sean
**Subject:** RE: McMillian / Twitter
**Date:** Saturday, July 15, 2023 3:11:49 PM
**Attachments:** ~WRD0000.jpg

———*EXTERNAL EMAIL*———

Kate,

The document in question was prepared and maintained by Twitter in a privileged capacity. The fact that your client had access to it in her role at the company does not change that fact. I cannot provide you with further explanation of its privileged status without revealing additional privileged information or attorney work product, something I am unwilling to do, particularly given the cavalier approach your firm is apparently taking to such protections.

Your proposed approach of moving for provisional sealing is not the appropriate path in this circumstance, per the local rules. Nor does it ensure prompt removal from the public record, which is what the appropriate method is designed to ensure. Your continued refusal to follow the local rules is concerning.

As I said, if the appropriate application is not made by 9 am PST Monday morning, we will take all appropriate next steps, including to seek any fees associated with having to make such a motion, and reserve all rights.

Thank you.

**Melissa D. Hill**
**Morgan, Lewis & Bockius LLP**
101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6318 | Main: +1.212.309.6000 | Fax: +1.212.309.6001 | Mobile: [REDACTED]
melissa.hill@morganlewis.com | www.morganlewis.com
Assistant: [REDACTED]

---

**From:** Kate Mueting <KMueting@sanfordheisler.com>
**Sent:** Saturday, July 15, 2023 7:18 AM
**To:** Hill, Melissa D. <melissa.hill@morganlewis.com>
**Cc:** Charles Field <cfield@sanfordheisler.com>; Christopher Owens <cowens@sanfordheisler.com>; Glenn, Abbey M. <abbey.glenn@morganlewis.com>; McMahan, Sean <sean.mcmahan@morganlewis.com>
**Subject:** Re: McMillian / Twitter

[EXTERNAL EMAIL]
Melissa,

We are considering your letter and wanted to follow up on a couple of things in the meantime.

I wrote to Abbey on Thursday that at this point our understanding is that the appendix is not privileged, but we would be happy to consider any additional information you are able to share. Stamping the document privileged does not make it so, but please do let us know if you have any other indication that the document is privileged.

We would also like to hear your thoughts on our suggestion below that you file an unopposed motion to seal the appendix provisionally. If the appendix is filed under seal it would be removed from the public docket until the court rules on this issue. Your filing the motion may make more sense given that you understand the document to be privileged and have the burden to establish that it is.

If you are able to give us any insight into these questions as we consider your letter, please let us know.

Best,
Kate

Kate Mueting (she/her)

***Firm Administrative Partner and Discrimination and Harassment Practice Group Co-Chair, bio***

700 Pennsylvania Avenue SE, Suite 300, Washington, DC 20003

**DIRECT:** 202-499-5206 | **MAIN:** 202-499-5200



**New York**
**Washington, DC**
**San Francisco**
**Palo Alto**
**Atlanta**
**Baltimore**
**Nashville**
**San Diego**

**DISCLAIMER**: The email above is intended only for the professional and/or personal use of the recipient(s) identified. This email may include attorney-work product and may be an attorney-client communication and as such privileged and confidential. If you have received this email in error, delete the original email and any copies of it and please notify me immediately. You may not review, copy, or distribute this email if you are not an intended recipient.

On Jul 14, 2023, at 6:58 PM, Hill, Melissa D. <melissa.hill@morganlewis.com> wrote:

———*EXTERNAL EMAIL*———

Counsel,

As we explained yesterday, the document you filed as Appendix 1 to Plaintiff Courtney McMillan's complaint is privileged and confidential. We request that you take immediate action to remove the document from the public docket. Under local rules, the procedure for doing so is located here (Correcting E-Filing Mistakes | United States District Court, Northern District of California (uscourts.gov) and you should proceed as follows:

1. Email **1Docketing@cand.uscourts.gov**) with the case number, docket number and a very brief description of what went wrong (that the document is privileged/confidential and should not have been filed) and mark the message "urgent."
2. Call the ECF HelpDesk at **866-638-7829** to request expedited handling.
3. File a **"Motion to Remove Incorrectly Filed Document" as soon as possible.** If the motion is granted, the ECF Helpdesk will permanently remove the document from ECF.

We have prepared a draft motion for you to file to expedite this process. See the attached word document.

Finally, we request that you destroy or return all copies of the document. See the attached letter.

This matter is urgent. Please contact me if you have any questions or would like to discuss.

Thank you.

**Melissa D. Hill**
**Morgan, Lewis & Bockius LLP**
101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6318 | Main: +1.212.309.6000 | Fax: +1.212.309.6001 | Mobile: [redacted]
melissa.hill@morganlewis.com | www.morganlewis.com
Assistant: [redacted]

**From:** Kate Mueting <KMueting@sanfordheisler.com>
**Sent:** Thursday, July 13, 2023 4:46:44 PM
**To:** abbey.glenn@morganlewis.com <abbey.glenn@morganlewis.com>
**Cc:** Charles Field <cfield@sanfordheisler.com>; Christopher Owens <cowens@sanfordheisler.com>
**Subject:** McMillian / Twitter

[EXTERNAL EMAIL]
Abbey,

Thank you for the call earlier today. It was nice meeting you, and I look forward to working with you

on this matter.

At this point our understanding is that the appendix is not privileged, but we would be happy to consider any additional information you are able to share.

And in the spirit of good faith and compromise, we would not object to a motion to file the appendix provisionally under seal so that the court can rule on this issue. If you do end up filing a motion, please note that Plaintiff anticipates opposing permanent sealing but does not object to your request to seal the document while the court considers this issue.

Please let me know if you would like to discuss further.

Best,
Kate

Kate Mueting (she/her)

***Firm Administrative Partner and Discrimination and Harassment Practice Group Co-Chair, bio***

700 Pennsylvania Avenue SE, Suite 300, Washington, DC 20003

**DIRECT:** 202-499-5206 | **MAIN:** 202-499-5200

**New York**
**Washington, DC**
**San Francisco**
**Palo Alto**
**Atlanta**
**Baltimore**
**Nashville**
**San Diego**

**DISCLAIMER:** The email above is intended only for the professional and/or personal use of the recipient(s) identified. This email may include attorney-work product and may be an attorney-client communication and as such privileged and confidential. If you have received this email in error, delete the original email and any copies of it and please notify me immediately. You may not review, copy, or distribute this email if you are not an intended recipient.