Charles Field (CA Bar No. 189817)
cfield@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
2550 Fifth Avenue, Suite 1100
San Diego, California 92103
Telephone: (619) 577-4252

Kate Mueting (DC Bar No. 988177)
*pro hac vice*
kmueting@sanfordheisler.com
Dacey Romberg (DC Bar No. 90003767)
(*pro hac vice* application forthcoming)
dromberg@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206

Christopher Owens (MD Bar No. 220280004)
*pro hac vice*
cowens@sanfordheisler.com
Samone Ijoma (MD Bar No. 2012170086)
(*pro hac vice* application forthcoming)
sijoma@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
111 S. Calvert Street, Suite 1950
Baltimore, Maryland 21202
Telephone: (410) 834-7422

*Attorneys for Plaintiffs Courtney McMillian,
Ronald Cooper, and the Potential Class*

Mark A. Feller (CA Bar No. 319789)
mark.feller@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: 415-442-1000

Melissa Hill (pro hac vice forthcoming)
melissa.hill@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
101 Park Avenue
New York, NY 10178
Telephone: 212-309-6000

*Attorneys for Defendants X Corp., f/k/a
Twitter, Inc.; X Holdings; Elon Musk; and
Does*

Case No. 3:23-cv-03461-JCS

**JOINT MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**

1

# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does,<br><br>Defendants. | Case No. 3:23-cv-03461-JCS<br><br>**JOINT MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE PURSUANT TO CIVIL L.R. 16-2(d)** |

Pursuant to Local Rule of Civil Procedure 16-2(d), Plaintiffs Courtney McMillian and Ronald Cooper (together, "Plaintiffs") and Defendants X Corporation (f/k/a Twitter, Inc.), X Holdings, and Elon Musk (together, "Defendants") (collectively, the "Parties"), through their respective undersigned counsel, jointly move this Court for relief from the scheduling order entered by this Court on September 29, 2023 (Dkt. No. 12, the "Scheduling Order"). In support of their joint motion, the Parties state as follows:

1. On July 12, 2023, Plaintiffs filed a complaint in this action.[1] Dkt. 1. On the same date, the Court entered an Initial Case Management Scheduling Order setting deadlines for the Parties to meet and confer under Rule 26(f) and file a joint Rule 26(f) report and setting an initial case management conference under Rule 16. Dkt. 3.

2. On September 27, 2023, Plaintiffs filed an Unopposed Motion for Relief from the Case Management Calendar seeking a 28-day extension of the deadlines set forth in the Court's Initial Case Management Scheduling Order. Plaintiffs' motion stated, "This extension will provide time for Plaintiff to file the amended complaint, for Defendant to consider the amended complaint, and for all parties to explore opportunities to resolve this action through alternate dispute resolution." Dkt. 11.

3. On September 29, 2023, the Court granted Plaintiffs' motion and entered a revised Scheduling Order. Dkt. 12. The Scheduling Order set the following deadlines: (1) the Parties are to meet and confer on initial disclosures, early settlement, ADR process selection, and a discovery plan by October 27, 2023; (2) the Parties are to file a joint Rule 26(f) report, complete initial disclosures, and file a Case Management Statement by November 10, 2023; and (3) the Court set an initial case management conference for November 17, 2023.

4. On October 13, 2023, Plaintiffs filed an amended complaint (the "Amended Complaint"). Dkt. 13. On October 25, 2023, Plaintiffs filed the completed waiver of service. Dkt. 14.

5. Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, Defendants' deadline to answer or otherwise respond to the Amended Complaint is December 26, 2023. Defendants intend to seek dismissal of the Amended Complaint.

---

[1] Plaintiffs did not immediately effect service of the initial complaint in anticipation of amending the filing. Plaintiffs informed Defendants on July 25, 2023 that they were "consider[ing] whether to amend the complaint" and on September 25, 2023, notified Defendants that they would be amending the complaint.

Case No. 3:23-cv-03461-JCS
**JOINT MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**
3

6. The Parties request the Court set the following deadlines for Rule 12 motion briefing:

| Filing | Deadline |
|---|---|
| Defendants' Responsive Pleading/Rule 12 Motion | January 9, 2024 |
| Plaintiffs' Opposition | February 9, 2024 |
| Defendants' Reply | February 23, 2024 |

7. The Parties have begun to meet and confer on initial disclosures and early settlement, as required by the existing Scheduling Order. However, to allow Defendants sufficient time to file a Rule 12 motion before engaging in discovery pursuant to Rule 26, the Parties respectfully request an extension of the deadlines set forth in the Scheduling Order. Specifically, the Parties request the following deadlines:

| Event | Prior Date | Proposed Date |
|---|---|---|
| Last day to:<br>• Meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan<br>• File ADR Certification signed by Parties and Counsel | October 27, 2023 | January 25, 2024 |
| Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement | November 10, 2023 | February 8, 2024 |
| Initial Case Management Conference | November 17, 2023 | March 8, 2024 |

8. There is good cause for an extension of the current deadlines. The Amended Complaint spans 150 paragraphs and asserts four counts under ERISA. Defendants' counsel has asserted it requires time to investigate the factual and legal bases for Plaintiffs' claims, confer with its clients, and draft its anticipated Rule 12 motion. Defendants assert that discovery would be premature at this point. While Plaintiffs disagree, they agree that it is reasonable for the Parties to begin Rule 12 briefing before meeting and conferring, filing a joint report and proposed schedule, and initiating discovery under Rule 26.

9. This request is not made for the purpose of delay or harassment, and no party will be prejudiced by the additional time requested. The Parties will benefit from additional time to confer regarding the Parties' respective positions on the merits of Plaintiffs' claims, a potential discovery schedule, their initial disclosures, and other substantive matters required under the Scheduling Order.

WHEREFORE, the Parties respectfully request that this Court enter an order setting the requested deadlines for the Parties' dispositive motion briefing and revise the Scheduling Order to extend the Parties' deadlines.

DATED: October 27, 2023

Respectfully submitted,

By: /s/ Kate Mueting
Kate Mueting (D.C. Bar No. 988177)
*pro hac vice*
kmueting@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206

By: /s/ Mark A. Feller
Mark A. Feller (CA Bar No. 319789)
mark.feller@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: 415-442-1000