Kate Mueting (*pro hac vice*)
Dacey Romberg (*pro hac vice* application forthcoming)
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com
dromberg@sanfordheisler.com

Charles Field (CA Bar No. 189817)
**SANFORD HEISLER SHARP, LLP**
2550 Fifth Avenue, Suite 1100
San Diego, California 92103
Telephone: (619) 577-4252
cfield@sanfordheisler.com

Christopher Owens (*pro hac vice*)
Samone Ijoma (*pro hac vice* application forthcoming)
**SANFORD HEISLER SHARP, LLP**
111 S. Calvert Street, Suite 1950
Baltimore, Maryland 21202
Telephone: (410) 834-7422
cowens@sanfordheisler.com
sijoma@sanfordheisler.com

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTHERN CALIFORNIA**

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER, | Case No. 3:23-cv-03461-TLT |
| Plaintiffs, | Noticed Hearing Date: March 19, 2024, 2pm |
| v. | |
| X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does, | **PLAINTIFFS' MOTION FOR NOTICE OF SUIT** |
| Defendants. | |

Case No. 3:23-cv-03461-TLT
**PLAINTIFFS' MOTION FOR NOTICE OF SUIT**
1

| | |
|---|---|
| 1 | Plaintiffs Courtney McMillian and Ronald Cooper, through their counsel, have noticed this |
| 2 | hearing for the first available date, March 19, 2024 at 2pm. |
| 3 | Plaintiffs move this Court for an order pursuant to Federal Rule of Civil Procedure 23(d) |
| 4 | to require X Corp., formerly known as Twitter, Inc.; X Holdings; and Elon Musk to provide a |
| 5 | notice of this pending class action to any potential class member from whom Defendants seek a |
| 6 | release agreement. Plaintiffs ask that the order be in place until the date of judgment in this action. |
| 7 | Support for this Motion is provided in Plaintiffs' accompanying Memorandum of Points and |
| 8 | Authorities. |

DATED: December 1, 2023

                                Respectfully submitted,

                                By: */s/ Kate Mueting*
                                Kate Mueting (D.C. Bar No. 988177)
                                *pro hac vice*
                                kmueting@sanfordheisler.com
                                Dacey Romberg
                                *pro hac vice* application forthcoming
                                dromberg@sanfordheisler.com
                                **SANFORD HEISLER SHARP, LLP**
                                700 Pennsylvania Avenue SE, Suite 300
                                Washington, DC 20003
                                Telephone: (202) 499-5206

                                Charles Field (CA Bar No. 189817)
                                cfield@sanfordheisler.com
                                **SANFORD HEISLER SHARP, LLP**
                                7911 Herschel Avenue, Suite 300
                                La Jolla, CA 92037
                                Telephone: (619) 577-4252

                                Christopher Owens (MD Bar No. 220280004)
                                *pro hac vice*
                                cowens@sanfordheisler.com
                                Samone Ijoma
                                *pro hac vice* application forthcoming
                                sijoma@sanfordheisler.com
                                **SANFORD HEISLER SHARP, LLP**
                                111 S. Calvert Street, Suite 1950
                                Baltimore, MD 21202
                                Telephone: (410) 834-7422

                                *Counsel for Plaintiffs*
                                *and the Proposed Class*

# CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Mark Andrew Feller
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
mark.feller@morganlewis.com

*Counsel for Defendant X Corp.*

DATED: December 1, 2023         By: */s/ Kate Mueting*
                                Kate Mueting
                                *pro hac vice*
                                **SANFORD HEISLER SHARP, LLP**
                                700 Pennsylvania Ave SE, Suite 300
                                Washington, DC 20003
                                Telephone: (202) 499-5206
                                kmueting@sanfordheisler.com

Kate Mueting (*pro hac vice*)
Dacey Romberg (*pro hac vice* application forthcoming)
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com
dromberg@sanfordheisler.com

Charles Field (CA Bar No. 189817)
**SANFORD HEISLER SHARP, LLP**
2550 Fifth Avenue, Suite 1100
San Diego, California 92103
Telephone: (619) 577-4252
cfield@sanfordheisler.com

Christopher Owens (*pro hac vice*)
Samone Ijoma (*pro hac vice* application forthcoming)
**SANFORD HEISLER SHARP, LLP**
111 S. Calvert Street, Suite 1950
Baltimore, Maryland 21202
Telephone: (410) 834-7422
cowens@sanfordheisler.com
sijoma@sanfordheisler.com

*Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does,<br><br>Defendants. | Case No. 3:23-cv-03461-TLT<br><br>Noticed Hearing Date: March 19, 2024, 2pm<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING PLAINTIFFS' MOTION FOR NOTICE** |

## TABLE OF CONTENTS

**I. BACKGROUND**..................................................................................................................4

**II. LEGAL STANDARD** ........................................................................................................6

**III. ARGUMENT – The Court Should Order Defendants to Inform Potential Class Members of This Case in Seeking Agreements that Purport to Restrict Participation in this Case**………………………………………………………………………………………….7

   A. Purported Release Agreements Obtained without Providing Information about This Action May Mislead and Prejudice Potential Class Members……………………………………....7

   B. The Potential Harm Warrants a Routine, Objective Notice, That Will Not Unduly Burden Defendants…………………………………………………………………………………….9

**IV. CONCLUSION – The Court Should Prohibit Future Misleading Communications via Notice of this Action**..............................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Camp v. Alexander*, 300 F.R.D 617 (N.D. Cal. 2014)........................................................................ 8
*Cornet, et al. v. Twitter, Inc.*, Case No. 3:22-cv-06857-JD, 2022 WL 18396334 (N.D. Cal. Dec. 14, 2022)...................................................................................................................................... 5, 7
*County of Santa Clara v. Astra USA, Inc.*, No. 05-03740 WHA, 2010 WL 2724512 (N.D. Cal. July 8, 2010). .................................................................................................................................. 8, 9
*Guifu Li v. A Perfect Day Franchise*, 270 F.R.D. 509 (N.D. Cal. 2010). ....................................... 9
*Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981) ................................................................................... 7
*O'Connor v. Uber*, No. C-13-3826 EMC, 2014 WL 1760314 (N.D. Cal. Dec. 6, 2013) ............... 9
*Slavkov v. Fast Water Heater Partners I, LP*, Case No. 14-cv-04324-JST, 2015 WL 6674575 (N.D. Cal. Nov. 2, 2015) ............................................................................................................. 6, 8, 9

**Statutes**

29 U.S.C. § 1002............................................................................................................................... 4

**Rules**

Fed. R. Civ. P. 23(a)(4)……………………………………………………………………….…4
Fed. R. Civ. P. 23(d).................................................................................................................. 6, 7, 10

Plaintiffs respectfully move this Court to order Defendants to provide notice of this pending class action to any potential class member from whom it seeks any agreement that purports to release or waive the claims at issue in this suit, prohibit assistance with this lawsuit, or otherwise bar participation or eligibility for relief under this suit.

Plaintiffs' request is much narrower than the broad, class-wide notice issued at the class certification stage. Plaintiffs request only that if Defendants seek releases from potential class members, Defendants must provide the potential class members with notice of this case—an ongoing class action within which they may be class members. Defendants have acknowledged that they are engaging in mediations with potential class members absent counsel for the potential class, but have refused to agree to provide them with notice of this lawsuit, despite being recently ordered to issue corrective notice of another ongoing class action.

Plaintiffs seek this notice in light of their obligations to "fairly and adequate protect the interests of the class." FED. R. CIV. P. 23(a)(4).

## I. BACKGROUND

Plaintiffs Courtney McMillian and Ronald Cooper are former Twitter[1] employees laid off effective early 2023 after Defendant Elon Musk took over the company. Dkt. 13, ¶¶ 5, 6. Plaintiffs allege that Twitter maintains an employee welfare benefit plan ("Severance Plan" or "the Plan") under the Employee Retirement Income Security Act ("ERISA"), as that term is defined in 29 U.S.C. § 1002(1)(A). Plaintiffs allege that the Plan requires severance payments, restricted stock units, and other benefits. Dkt. 13, ¶¶ 74, 75. Plaintiffs allege Defendants improperly denied those benefits to the nearly 6,000 employees who were terminated in late 2022 and early 2023. Dkt. 13, ¶¶ 2, 4. Plaintiffs also allege that Defendants were fiduciaries, as that term is defined in 29 U.S.C. § 1002(21)(A), by virtue of their positions or acts, who breached their fiduciary duties by depriving the Plan of designated funds, misleading Plan participants, and not providing participants with

---

[1] Twitter is now X Corp. Since the company was called Twitter at the time of relevant events, Plaintiffs refer to it as Twitter throughout this memorandum.

adequate information about the Plan. Dkt. 13, ¶ 3. Plaintiffs' lawsuit seeks to compel Defendants to abide by the requirements of ERISA and the terms of the Plan and to pay the owed severance benefits, among other relief. Dkt. 13, ¶ 141, 142, and 150.

Multiple lawsuits have challenged these mass layoffs, including *Cornet v. Twitter, Inc.* and *Adler v. Twitter, Inc.* The parties are mediating both cases on December 1-2, 2023.[2] Neither case raises claims under ERISA and neither names Elon Musk as a Defendant. In *Cornet*, plaintiffs raise claims of breach of contract, promissory estoppel, violation of the Worker Adjustment and Retraining Notification Act ("WARN"), violation of California's WARN Act, and violations of California's labor code. Second Amended Class Action Complaint and Jury Demand, Cornet v. Twitter, Case 1:23-cv-00441-CFC (N.D. Cal. Dec. 9, 2022), Dkt. 40. In *Adler v. Twitter, Inc.*, plaintiffs do not raise any allegations related to severance payments but instead allege violations of the WARN Act, California WARN Act, and California labor code and bring a Private Attorneys General Act claim for civil penalties under California law. Class Action Complaint and Jury Demand, Adler v. Twitter, Inc. and X Corp., Case 3:23-cv-01788-JD (N.D. Cal. Apr. 13, 2023) Dkt. 3. While *Cornet* and *Adler* were filed as class actions and may therefore require court approval of any settlement agreement, Twitter/X Corp. has attempted to prevent the cases from continuing as class actions,[3] and it is therefore unknown whether the parties will seek to resolve the cases outside of the judicial approval process (which would give Plaintiffs here the opportunity to intervene and challenge overbroad class settlements that purport to waive potential class members' claims or prohibit potential class members from engaging with this litigation).

---

[2] Stipulation and Order Regarding Temporary Stay and Deferral of Ruling on Twitter's Motion to Dismiss and Strike Class Allegations, Cornet v. Twitter, Inc., Case 1:23-cv-00441-CFC (D. Del. Sep. 18, 2023) Dkt. 95 and Joint Stipulation and Order to Stay Case Pending Mediation, Adler v. Twitter, Inc. and X. Corp., Case 3:23-cv-01788-JD (N.D. Cal. Sep. 25, 2023) Dkt. 41.

[3] *See* Defendant's Opening Brief in Support of Motion to Dismiss and Strike Class Allegations, Cornet v. Twitter, Inc., Case 1:23-cv-0441-CFC (D. Del. May 17, 2023) Dkt. 78 and Defendants Twitter, Inc. and X Corp.'s Notice of Motion to Compel Individual Arbitration and Dismiss Class and Representative PAGA Claims: Memorandum of Points and Authorities, Adler v. Twitter, Inc. and X Corp., Case 3:23-cv-01788-JD (N.D. Cal. May 12, 2023) Dkt. 14.

Plaintiffs' Counsel conferred with Defendants' Counsel on multiple occasions beginning November 2, 2023. *See* Declaration of Kate Mueting. On November 28, 2023, Counsel for Defendants informed Plaintiffs' Counsel that they will not agree to provide notice of the ongoing class action to any potential class member from whom Defendants seek a release. *Id.* Counsel for Defendants did not, however, assert that notice would be unnecessary because any releases obtained from potential class members would not affect the class members' rights to participate in or recover in this litigation.

To the extent that the releases Defendants will seek from class members are the same as the releases offered at the time of the mass layoffs, the releases may purport to hinder the ability of class members to engage with or participate in the ongoing class action without informing them of the action, their rights under ERISA, or even Twitter's Severance Plan. *See, e.g.*, Exhibit 1 at ¶¶ 4 (purporting to waive claims); 7 (purporting to prohibit class members from assisting in lawsuits); 14 (purporting to entitle Twitter to attorneys' fees if class member aids in litigation); 23 (purporting to require class members to return any money received if class member aids in litigation). While Plaintiffs anticipate challenging the validity of these releases, the releases purport to prohibit class members from assisting in this lawsuit and provide steep penalties for violating it, thus discouraging potential class members from participating in this lawsuit or providing relevant information. *See, e.g.*, *Slavkov v. Fast Water Heater Partners I, LP*, No. 14-cv-04324-JST, 2015 WL 6674575, at *4, 7 (N.D. Cal. Nov. 2, 2015) (explaining that an agreement that did not explicitly prohibit communication with other counsel was nevertheless misleading because it suggested this).

While including notice will not render the releases immune from Plaintiffs' anticipated challenges to their validity, providing class members with information about this lawsuit could mitigate prejudice to class members.

## II. LEGAL STANDARD

Rule 23(d) of the Federal Rules of Civil Procedure gives the Court authority to grant Plaintiffs' requested relief. Rule 23(d) states that a court may issue orders that "require—to protect

class members and fairly conduct the action—giving appropriate notice to some or all class members of…any step in the action." FED. R. CIV. P. 23(d)(1)(B)(i). As the Supreme Court explained in *Gulf Oil Co. v. Bernard*, "[b]ecause of the potential for abuse [in class actions], a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." 452 U.S. 89, 100 (1981). The court's control may include regulating Defendants' communications with potential class members where necessary to ensure the fairness of the action. *Id.* at 101–02.

**III. ARGUMENT – The Court Should Order Defendants to Inform Potential Class Members of This Case in Seeking Agreements that Purport to Restrict Participation in This Case**

<u>A. Purported Release Agreements Obtained without Providing Information about This Action May Mislead and Prejudice Potential Class Members</u>

Providing potential class members with information about this action—which alleges that potential class members in this ERISA action are entitled to several months' of pay, health care premium payments, payout of stocks, bonus payments, and transition services—would mitigate against misleading and prejudicing potential class members.

This is not the first time Defendants have attempted to convince laid off employees to agree to a general release without notifying employes of their rights and the pendency of litigation. In *Cornet v. Twitter*, Case No. 3:22-cv-06857-JD, 2022 WL 18396334 (N.D. Cal. Dec. 14, 2022), the plaintiffs learned that Twitter would be seeking releases from terminated employees after the *Cornet* action had been filed. Plaintiffs' Emergency Motion for a Protective Order, Case 1:23-cv-00441-CFC, Dkt. 7, page ID 41. The plaintiffs moved to prohibit Twitter from seeking releases without notifying employees of their rights and the litigation, and the court held that Twitter should not be allowed to engage in communications with former employees that were "rendered misleading by omitting material information about a pending lawsuit." *Cornet*, 2022 WL 18396334, at *1. The court explained that a defendant seeking a release of claims that would prevent a potential class member from participating in a lawsuit before the individual has knowledge of the lawsuit is the "textbook scenario for providing notice of a pending class action

Case No. 3:23-cv-03461-TLT
**PLAINTIFFS' MOTION FOR NOTICE OF SUIT**
7

lawsuit" because "[o]btaining a release of claims without notice of the litigation would be prejudicial to employees." *Id.* at *2.

The class has not yet been certified in this case, and potential class members therefore have not been made aware of this class action and may not be aware of the claims it presents on their behalf, nor the relief that may be available to them. Thus, when Defendants present potential class members with agreements, they may not understand that ERISA, through this lawsuit, may entitle them to substantially more.[4] Such "unilateral communications" with potential class members are "rife with potential for concern." *Camp v. Alexander*, 300 F.R.D 617, 621 (N.D. Cal. 2014) (quoting *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1202 (11th Cir. 1985)).

For these reasons, courts in this jurisdiction have repeatedly required that potential class members who are presented with release or opt-out agreements receive a notice including at least a summary of the claims, a copy of the complaint, and contact information for counsel. In *County of Santa Clara v. Astra USA, Inc.*, for example, the court explained that any "efforts by a defendant to encourage potential class members not to participate in the class action," such as offering agreements that waive claims or include provisions prohibiting signees from assisting with litigation, is a type of communication that "may warrant restraint." No. C 05-03740 WHA, 2010 WL 2724512, at *3 (N.D. Cal. July 8, 2010).

The *Santa Clara* court thus ruled that a settlement communication that did not explain the claims, append the complaint, or provide contact information for plaintiffs' counsel was inappropriate and misleading because "putative class members can be misled through omissions and failure to provide enough information." *Id*. at *3–4. *See also Camp* 300 F.R.D. at 625-26 (holding that communications to potential class members warranted corrective notice where it, among other issues, omitted key information such as plaintiffs' counsel's contact information and

---

[4] Notice is important even though some potential class members may be represented by the counsel in the *Adler* and *Cornet* actions. Counsel in the other actions have not raised ERISA claims and may be unaware of class members' rights under ERISA. Courts routinely order notice under FRCP 23(d) without regard to whether some or all potential class members are represented by other counsel. *See, e.g.*, *Camp*, 300 F.R.D. at 617; *County of Santa Clara*, 2010 WL 2724512 (N.D. Cal. July 8, 2010); or *Slavkov*, 2015 WL 6674575 (N.D. Cal. 2015).

a full description of the claims or the complaint); *Slavkov*, 2015 WL 6674575, at *2 (N.D. Cal. Nov. 2, 2015) ("[C]ourts may limit communications that improperly encourage potential class members to not join the suit, especially if they fail to provide adequate information about the pending class action."); *O'Connor v. Uber Technologies*, No. C-13-3826 EMC, 2013 WL 6407583, at *4 (N.D. Cal. Dec. 6, 2013) (ordering notice in light of the court having "both a duty and broad authority to control communications to putative class members even before class certification"); *Guifu Li v. A Perfect Day Franchise*, 270 F.R.D. 509, 518 (N.D. Cal. 2010) (restricting defendant's communications with potential class members before class certification explaining that "the underlying rationale [for notice]…does not depend on the certification of the class but instead on the inherent undermining of the class action process when opt-outs are solicited *ex parte*"); *see also County of Santa Clara*, 2010 WL 2724512 (July 8, 2010) (ordering notice before class certification).

Here, potential class members may receive a unilateral communication from Defendants that, if signed, could hinder their ability to participate in, recover from, or assist with this litigation. While release agreements containing the notice may nevertheless be invalid and inapplicable to this matter, without the requested notice, class members may not know that, through this litigation, they may be entitled to significantly more compensation and other benefits under ERISA. This is the "textbook scenario" for notice.

### B. The Potential Harm Warrants a Routine, Objective Notice, Which Will Not Unduly Burden Defendants

Plaintiffs seek a neutrally stated, and factually accurate notice informing potential class members of this litigation, summarizing the claims and allegations in the action, and providing Plaintiffs' counsel's contact information, similar to the notice ordered in *Cornet*. This routine notice does not unduly burden Defendants; it merely compels Defendants to inform potential class members of an ongoing action. In *Cornet,* where plaintiffs sought a similar notice, this court determined that Twitter "did not demonstrate that providing notice of the case would impose an undue or unreasonable burden on it, or prejudice it in any way." *Cornet*, 2022 WL 18396334, at *2. Here, any burden on Defendants will be minimal and outweighed by the need to protect

potential class members. Plaintiffs' requested notice is the least onerous method to avoid misleading potential class members because the requested notice does not prevent Defendants from seeking release agreements (although Plaintiffs reserve the right to challenge any obtained release agreements on other grounds).

## IV. CONCLUSION

Pursuant to its authority under Rule 23(d), this Court should require Defendants to inform potential class members of this litigation, the claims asserted on their behalf, and Plaintiffs' counsel's contact information before seeking an agreement that restricts their rights to assist in, participate in, or recover relief in this litigation.

Alternatively, Defendants could agree that any obtained releases will not imperil class members' rights in this litigation. Absent this agreement, it is critical that Defendants provide class members with notice. Defendants cannot have it both ways.

Respectfully submitted,

By: */s/ Kate Mueting*
Kate Mueting (D.C. Bar No. 988177)
*pro hac vice*
kmueting@sanfordheisler.com
Dacey Romberg
*pro hac vice* application forthcoming
dromberg@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206

Charles Field (CA Bar No. 189817)
cfield@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
7911 Herschel Avenue, Suite 300
La Jolla, CA 92037
Telephone: (619) 577-4252

Christopher Owens (MD Bar No. 220280004)
*pro hac vice*
cowens@sanfordheisler.com
Samone Ijoma
*pro hac vice* application forthcoming
sijoma@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
111 S. Calvert Street, Suite 1950
Baltimore, MD 21202
Telephone: (410) 834-7422

*Counsel for Plaintiffs*
*and the Proposed Class*

Case No. 3:23-cv-03461-TLT
**PLAINTIFFS' MOTION FOR NOTICE OF SUIT**
11

# CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Mark Andrew Feller
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
mark.feller@morganlewis.com

*Counsel for Defendant X Corp.*

DATED: December 1, 2023

By: */s/ Kate Mueting*
Kate Mueting
*pro hac vice*
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com