Mark A. Feller (SBN 319789)
mark.feller@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: 415-442-1000

Melissa Hill (admitted *pro hac vice*)
melissa.hill@morganlewis.com
Jared R. Killeen (admitted *pro hac vice*)
jared.killeen@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
101 Park Avenue
New York, NY 10178
Telephone: 212-309-6000

Sean K. McMahan (admitted *pro hac vice*)
sean.mcmahan@morganlewis.com
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel: + 1.214.466.4000
Fax: +1.214.466.4001

*Attorneys for Defendants X Corp., f/k/a Twitter, Inc.; X Holdings; Elon Musk; and Does*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does,<br><br>Defendants | Case No. 3:23-cv-03461-TLT<br><br>**DECLARATION OF MARY HANSBURY IN SUPPORT OF DEFENDANT X CORP.'S STATEMENT IN SUPPORT OF RETAINING DOCUMENT (AND RELATED REFERENCES) UNDER SEAL**<br><br>Am. Compl. Filed:    Oct. 13, 2023<br>Hearing Date:          April 9, 2024<br><br>Judge:  Trina L. Thompson |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF MARY HANSBURY IN SUPPORT OF DEFENDANT X CORP.'S STATEMENT IN SUPPORT OF RETAINING DOCUMENT (AND RELATED REFERENCES) UNDER SEAL

## **DECLARATION OF MARY HANSBURY**

I, Mary Hansbury, declare as follows:

1. I am currently Global Head of Employment Law, Assistant General Counsel and Senior Director for X Corp, the successor-in-interest to Twitter, Inc. ("X Corp."), and have held that title since February 2018. Prior to my current role, between March 2015 and January 2018, I was Senior Counsel for Twitter, Inc.

2. I have personal knowledge of the facts set forth in this declaration, and I could and would testify to them if called upon to do so.

3. I was admitted to the State Bar of California in 1997 and have been licensed to practice law in California continuously since that time.

4. X Corp. employs in-house attorneys, such as myself, to advise the company on various legal issues.

5. In October 2022, in response to a request from Twitter's Human Resources and M+A leadership to provide legal advice in connection with ongoing merger discussions and responses to information requests from the buyer regarding employment and compensation, I worked with my colleagues in the legal department to prepare a three-page document bearing the title the Severance Matrix which Plaintiff McMillian attached to her Original Complaint. At the the document was prepared, we placed a legend on each page of the document which stated "Attorney-Client Privileged + Confidential" because it was made for the purpose of providing legal advice and not to be disclosed to any persons other than relevant Twitter and now X Corp. personnel.

1

DECLARATION OF MARY HANSBURY IN SUPPORT OF DEFENDANT X CORP.'S STATEMENT IN SUPPORT OF RETAINING DOCUMENT (AND RELATED REFERENCES) UNDER SEAL

6. The Severance Matrix reflects attorney work product, legal impressions, and analyses of legal risks as counsel for Twitter and now X Corp. We prepared the Severance Matrix in anticipation of potential litigation arising from the merger.

7. During approximately 2022, as a member of the Human Resources Department, Courtney McMillian had access to confidential and privileged documents prepared by X Corp.'s legal department, including the Severance Matrix. As a condition of her employment, Ms. McMillian was required to execute the Employee Invention Assignment And Confidentiality Agreement, attached hereto as Exhibit 1, in which she agreed that:

> during and after my employment with the Company, I will hold in the strictest confidence and take all reasonable precautions to prevent any unauthorized use or disclosure of Confidential Information. I will not (i) use Confidential Information for any purpose whatsoever other than for the benefit of the Company in the course of my employment, or (ii) disclose Confidential Information to any third party without the prior written authorization of the General Counsel of the Company, or his or her authorized representative.

Section 7(b). The Agreement further states "I further understand that I am not permitted to disclose the Company's attorney-client privileged communications or attorney work product." Section 7(e).

8. X Corp. takes reasonable steps to protect its confidential and privileged information including limiting access through the use of secure folders and access limitations for critical documents including the Severance Matrix.

9. X Corp. would be significantly harmed if the Severance Matrix were to be made public because it would permit parties adverse to X Corp. in current or future litigation to gain insight into legal advice received by X Corp. and X Corp.'s legal strategies.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

2
DECLARATION OF MARY HANSBURY IN SUPPORT OF DEFENDANT X CORP.'S STATEMENT IN SUPPORT OF RETAINING DOCUMENT (AND RELATED REFERENCES) UNDER SEAL

Executed this ___23rd___ day of February in Mission Viejo, California.

_____
Mary Hansbury

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

3
DECLARATION OF MARY HANSBURY IN SUPPORT OF DEFENDANT X CORP.'S STATEMENT IN SUPPORT OF RETAINING DOCUMENT (AND RELATED REFERENCES) UNDER SEAL