Mark A. Feller (SBN 319789)
mark.feller@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: 415.442.1000

Melissa Hill (*pro hac vice*)
melissa.hill@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000

Sean K. McMahan (*pro hac vice*)
sean.mcmahan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel: 214.466.4000

Jared R. Killeen (*pro hac vice*)
jared.killeen@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000

*Attorneys for Defendants X Corp., f/k/a Twitter, Inc.; X Holdings; Elon Musk; and Does*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does,<br><br>Defendants | Case No. 3:23-cv-03461-TLT-RMI<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**<br><br>Judge: Trina L. Thompson<br>Magistrate Judge: Robert M. Illman |

## ADMINISTRATIVE MOTION

Pursuant to Civil Local Rules 7-11 and 16-2(d), and Federal Rule of Civil Procedure 26(c), Defendants X Corp. (formerly known as "Twitter"), X Holdings Corp., and Elon Musk (collectively, "Defendants") respectfully request an order staying discovery pending a final disposition on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 38 (the "Motion" or "Mot.")).

## BACKGROUND

Plaintiffs Courtney McMillian and Robert Cooper ("Plaintiffs") filed their Amended Complaint on October 13, 2023 (Dkt. 13 ("Amended Complaint" or "Am. Compl.")), asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Plaintiffs allege Defendants maintained a so-called "Twitter Severance Plan," an employee welfare benefit plan as defined in ERISA Section 3(1)(A), 29 U.S.C. § 1002(1)(A), but failed to provide participants with benefits purportedly owed under the plan. Plaintiffs also allege Defendants failed to adequately fund the alleged severance plan in violation of their fiduciary duties under ERISA Section 409, 29 U.S.C. § 1109, and Section 502(a)(2), 29 U.S.C. § 1132(a)(2), and seek "equitable" relief under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), based on allegations that Defendants made misrepresentations and failed to disclose information about the alleged severance plan to participants.

On January 9, 2024, Defendants filed a Motion to Dismiss on the basis that (i) Plaintiffs failed to plausibly allege the existence of a "Twitter Severance Plan," (ii) there is no duty under ERISA to fund an employee welfare benefit plan (even if such a plan existed here), and (iii) Plaintiffs cannot obtain equitable relief under Section 502(a)(3) that is duplicative of the relief they seek under ERISA Sections 502(a)(1)(B) and 502(a)(2). Plaintiffs filed their opposition to the Motion to Dismiss on February 9, 2024 (Dkt. 45), and Defendants filed their reply on February 23, 2024 (Dkt. 50). The Court scheduled a hearing on Defendants' Motion for April 9, 2024. Dkt. 38.

On March 7, 2024, the parties submitted a Joint Case Management Statement setting forth their positions on various subjects including discovery. Dkt. 56. In the Joint Case Management Statement, Defendants proposed the Court stay discovery pending the resolution of Defendants'

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

1    Case No. 3:23-cv-03461-TLT-RMI
ADMINISTRATIVE MOTION TO STAY DISCOVERY

Motion to Dismiss, while Plaintiffs opposed such a stay. On March 14, 2024, the Court held a case management conference and informed Defendants they should submit a formal motion to stay discovery to the magistrate judge assigned to this case. Dkt. 57. The Court entered a Case Management and Scheduling Order setting the fact discovery cut-off on March 15, 2025. Dkt. 58.

## ARGUMENT

### I. Courts Have Broad Discretion to Stay Discovery Pending Resolution of a Dispositive Motion

"A district court has broad discretion to stay discovery pending the disposition of a dispositive motion." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Hall v. Tilton*, 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010). Under Federal Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Arcell v. Google LLC*, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (quoting Fed. R. Civ. P. 26(c)(1)).

Courts in this district apply a two-prong test to determine whether good cause exists to stay discovery pending resolution of a dispositive motion. *Yamasaki v. Zicam LLC*, 2021 WL 3675214 (N.D. Cal. Aug. 19, 2021). "First, the moving party must demonstrate that the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id*. at *1 (citation omitted). "Second, the court must determine whether the pending motion can be decided absent discovery." *Id.* (citation omitted). Courts routinely grant motions to stay where the two-factor test is satisfied, as it is here. *See, e.g.*, *Nelson v. F. Hoffmann-La Roche, Inc.*, 2022 WL 19765995, at *1 (N.D. Cal. Nov. 2, 2022) (J. Thompson) (granting motion to stay where motion to dismiss was "potentially dispositive of the entire case" and discovery was unnecessary for resolution of the motion); *Azuga, Inc., v. Fleet Connect Solutions, LLC*, 22-cv-04790-TLT, ECF No. 44 (N.D. Cal. March 14, 2023) (J., Thompson) (same); *Stebbins v. Google LLC*, 23-cv-00322-TLT, ECF No. 47 (N.C. Cal. Apr. 3, 2023) (J. Thompson) (same); *Hamilton v. Rhoads*, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011) (same); *Arcell*, 2022 WL 16557600, at *2 (same); *Yamasaki*, 2021 WL 3675214, at *2 (same); *Hall*, 2010 WL 539679, at *2 (same); *Cal. Crane Sch., Inc. v. Google LLC*, 2022 WL 1271010, at *1 (N.D. Cal. Apr. 28, 2022) (same).

2   Case No. 3:23-cv-03461-TLT-RMI
ADMINISTRATIVE MOTION TO STAY DISCOVERY

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

## II. The Two-Factor Test for Staying Discovery Is Satisfied Here

The first factor is satisfied because Defendants' Motion, if granted, will dispose of the entirety of the case. To satisfy this factor, Defendants need not show that they will prevail on their Motion or that the Motion will necessarily dispose of Plaintiffs' claims. Instead, Defendants need only show "it is possible that defendants' motion to dismiss could be dispositive of the entire case." *Nelson*, 2022 WL 19765995, at *1. That is true here.

Defendants' Motion argues that Plaintiffs' claims are premised on the implausible assumption that Defendants maintained a secret ERISA severance plan. Mot. 4-7. As explained in the Motion, Plaintiffs' denial-of-benefits claim fails because the Amended Complaint does not allege any severance payments made by Twitter necessitated "an ongoing administrative scheme" that would constitute a plan under ERISA. *Id.* 5-6. Plaintiffs' claim also defies common sense and the public record because Plaintiffs identify no governing plan documents, no summary plan descriptions, no formal benefits statements, and no plan-related public filings with the Department of Labor or Internal Revenue Service that are the hallmarks of any ERISA plan. *Id.* at 6-7. The Motion also explains that Plaintiffs' fiduciary-breach claim fails because even if Twitter maintained a severance "plan" that provided former employees with severance benefits, ERISA does not require Defendants to "fund" such a plan, and any decisions about a plan's funding would be non-fiduciary settlor activity for which Defendants are not liable under ERISA. *Id.* at 7-10. Finally, the Motion argues Plaintiffs' claim for equitable relief fails because the Ninth Circuit has held that a plaintiff may not seek equitable redress under Section 502(a)(3) where, as here, adequate relief is available under other sections of ERISA. Thus, "[a]t a minimum, defendants have established that their motion is 'potentially dispositive' of the entire case, which weighs in favor of granting a brief stay of discovery until the Court issues a ruling on defendants' motion to dismiss." *Nelson*, 2022 WL 19765995, at *1.

The second factor is satisfied too because Defendants' Motion can be decided without further discovery. Indeed, Defendants' motion to dismiss "is based solely on the allegations in the complaint and does not raise any factual issues." *Nelson*, 2022 WL 19765995, at *2. Nor does Defendants' Motion rely on a declaration that might require further discovery to allow Plaintiffs to

test the declaration's accuracy. *C.f. LegalForce RAPC Worldwide, Inc. v. LegalOn Tech., Inc.*, 22-cv-07627-TLT, ECF. No. 48 (N.D. Cal. April 23, 2023). Because Defendants rely on no facts, documents, or declarations outside of the Amended Complaint, a stay is proper. *Pereda v. General Motors LLC*, 2022 WL 19692037, at *2 (N.D. Cal. March 15, 2022) ("The arguments raised in the motion to dismiss and opposition do not require discovery.").

### III. All Other Relevant Considerations Favor a Stay

In evaluating whether to stay discovery pending a dispositive motion, courts may also consider (i) whether a stay will promote judicial economy and prevent undue burden and expense; (ii) whether any party will be prejudiced by a stay; and (iii) whether a "preliminary peek" at the pending motion suggests that it has merit. *See Arcell*, 2022 WL 16557600, at *1; *Yamasaki*, 2021 WL 3675214, at *2. Each of these considerations favors a stay here.

First, a stay will spare Defendants and the Court from devoting unnecessary time and resources to this lawsuit. Courts in this district recognize that a discovery stay will "promote efficiency and avoid undue burden to Defendants" where the discovery tends to be "broad, time-consuming and expensive." *Arcell*, 2022 WL 16557600, at *1. That is the case here. Courts recognize "the prospect of discovery in a suit claiming breach of fiduciary duty is ominous, potentially exposing the ERISA fiduciary to probing and costly inquiries and document requests about its methods and knowledge at the relevant times." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ret. Plan*, 712 F.3d 705, 719 (2d Cir. 2013). This burden "elevates the possibility that a plaintiff with a largely groundless claim [will] simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the discovery process will reveal relevant evidence." *Id.* And that certainly holds true here, where Plaintiffs' portion of the Joint Case Management Statement and Plaintiffs' Rule 26(a) Initial Disclosures make clear Plaintiffs will seek broad, burdensome, and costly discovery, including testimony from 25 potential witnesses concerning numerous "subjects" and "time periods" related to the Twitter-X Corp. merger in late 2022, and the company's severance practices before, during, and after the merger. *See* Dkt. 56, at 11-14. *See Tradin Organics USA LLC v. Terra Nostra Organics, LLC*, 2023 WL 8481814, at *2

(N.D. Cal. Dec. 7, 2023) (stay appropriate where plaintiffs "look like they seek permission to conduct a fishing expedition").

Second, the Court scheduled an April 9, 2024, hearing on the Motion to Dismiss, and will issue a decision shortly thereafter. There is little risk of prejudice to the opposing party where, as here, the motion briefing is completed and the parties will present their positions to the Court in the near future. *See, e.g., Yamasaki,* 2021 WL 3675214, at *2 ("The Court also notes that the pending motion to dismiss will be fully briefed next month, and can be decided without additional discovery. There is therefore minimal risk of prejudice to either party."); *In re Nexus 6p Prods. Liability Litig.*, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) ("limited stay of discovery does not unduly prejudice Plaintiffs, and allows all parties to commence discovery with a better understanding of which claims, if any, they must answer"); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *4 (N.D. Cal. Apr. 10, 2020) ("To put this limited stay in context, discovery will be stayed for approximately two months until the motion to dismiss hearing…. This limited stay of discovery, therefore, does not unduly prejudice Plaintiffs and allows all parties to commence discovery with a better understanding of which claims, if any, they must answer.").

Finally, a "preliminary peek" at the Motion to Dismiss shows that Defendants' defenses are strong. *See Yamasaki*, 2021 WL 3675214, at *2 (granting stay where "Defendant's motion to dismiss presents strong arguments that Plaintiff's causes of action" were meritless). As explained in the Motion, the Amended Complaint fails to state a claim for many reasons. Not only do Plaintiffs fail to plausibly show that a "Twitter Severance Plan" existed, but they do not plausibly allege that Defendants breached any duties under ERISA in administrating such a plan.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay discovery pending a disposition on Defendants' Motion to Dismiss.

1  Dated: March 22, 2024                    MORGAN, LEWIS & BOCKIUS LLP

                                            By  /s/ *Melissa Hill*
                                                Melissa Hill (*pro hac vice*)
                                                Mark Feller
                                                Sean McMahan (*pro hac vice*)
                                                Jared R. Killeen (*pro hac vice*)

                                            Attorneys for Defendants