Kate Mueting, DC Bar No. 988177*
Dacey Romberg, DC Bar No. 90003767*
Samone Ijoma, MD Bar No. 2012170086*
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com
dromberg@sanfordheisler.com
sijoma@sanfordheisler.com

Charles Field, SBN 189817
**SANFORD HEISLER SHARP, LLP**
7911 Herschel Avenue, Suite 300
La Jolla, CA 92037
Telephone: (619) 577-4252
cfield@sanfordheisler.com

Kristi Stahnke McGregor, GA Bar No. 674012*
**SANFORD HEISLER SHARP, LLP**
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7008
kmcgregor@sanfordheisler.com

Christopher Owens, MD Bar No. 220280004*
**SANFORD HEISLER SHARP, LLP**
111 S. Calvert Street, Suite 1950
Baltimore, Maryland 21202
Telephone: (410) 834-7422
cowens@sanfordheisler.com

*Attorneys for Plaintiffs
and the Potential Class*

* admitted *pro hac vice*

Case No. 3:23-cv-03461-TLT-RMI
**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

i

...

# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTHERN CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, DOES,<br><br>Defendants. | Case No. 3:23-cv-03461-TLT-RMI<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>Judge: Trina Thompson<br>Magistrate Judge: Robert M. Illman |

Defendants' Motion[1] is part of a pattern to attempt to delay proceedings by former Twitter employees seeking benefits that were denied after Defendant Musk took over the company and refused to meet the company's commitments. There are 17 actions pending in various courts, as well as over 2,000 individual arbitrations, related to Twitter's termination of employees after Defendant Musk's takeover. *See* Ex. 1 (chart of other cases); Ex. 2 (Robert Hart, *Elon Musk's X Is Facing 2,200 Arbitration Cases From Ex-Twitter Employees*, FORBES (Aug. 29, 2023, 6:14 AM), https://www.forbes.com/sites/roberthart/2023/08/29/elon-musks-x-is-facing-2200-arbitration-cases-from-ex-twitter-employees/?sh=112dcbf865d0). Defendants have attempted to delay each of them. Another court recently denied a similar motion to stay discovery brought by Defendants making the same arguments as here. *See* Ex. 3, *Arnold et al. v. X Corp. et al.,* 1:23-cv-00528 (D. Del.), Oral Order, Dkt. 49 (Oct. 16, 2023) (denying Twitter's motion to stay discovery, in part because, "Defendants are already searching for and producing discovery that is relevant to the claims impacted by the motions to dismiss in various arbitration proceedings."). This Court should do the same.

I.   **Standard**

A stay pending a motion to dismiss is "an exception to the rules." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018). Indeed, courts look unfavorably upon blanket stays. *Novelposter v. Javitch Canfield Group*, 2014 WL 12618174, at *1 (N.D. Cal. May 23, 2014). "The mere filing of a motion to dismiss is not ordinarily sufficient to stop the discovery process, derail a case schedule, and delay proceedings." *Optronic*, 2018 WL 1569811, at *2 (citation omitted); *accord Barrett v. Apple Inc.*, No. 2020 WL 13815568, at *1–2 (N.D. Cal. Oct. 22, 2020). If it were, most cases would be stayed, creating an "inefficient and chaotic system" that is not "contemplated by the Federal Rules" and is "directly at odds with the need for expeditious resolution of litigation." *Id.* (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Defendants carry a "heavy burden" to make a "strong showing" why

---

[1] "Motion" herein refers to Defendants' Administrative Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss (Dkt. 61).

Case No. 3:23-cv-03461-TLT-RMI
**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**
1

discovery should be stayed. *Pereda v. Gen. Motors LLC*, 2022 WL 19692037, at *1 (N.D. Cal. Mar. 15, 2022).[2] Defendants have failed to meet their burden.

## II.     Defendants' Motion is Procedurally Improper and Should be Denied on that Basis

While Defendants seek to delay this action, they ignored proper procedures to bring this Motion in order to expedite a stay. A motion to stay discovery should be brought as a regularly noticed motion under Civil L.R. 7-2 through 7-4, rather than an administrative motion under Civil L.R. 7-11. *Meta Platforms, Inc. v. Voyager Labs LTD.*, 2023 WL 4828007, at *2 (N.D. Cal. July 26, 2023). Failure to do so is sufficient grounds for the Court to deny the motion. *Id*. Moreover, Defendants disregarded Judge Thompson's Order of Reference (Dkt. 59) and Magistrate Judge Illman's standing order regarding discovery disputes by failing to await instructions from Magistrate Illman on how he intends to resolve the disputes raised in the Joint Case Management Statement (Dkt. 56)[3] or submitting a joint letter. These failures warrant denial of the Motion.

## III.    Defendants' Motion to Stay Fails to Establish that the Defendants' Motion to Dismiss Would be Dispositive and Can be Decided Absent Discovery

A stay of discovery is only appropriate if the movant demonstrates that: (1) the pending motion would be dispositive of the entire case, and (2) the motion can be decided absent additional discovery. *Nelson v. F. Hoffmann-La Roche, Inc.*, 2022 WL 19765995, at *1 (N.D. Cal. Nov. 2, 2022). "[I]f either prong of this test is not established, discovery proceeds." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 220 F.R.D. 349, 352 (N.D. Cal. 2003).[4]

Courts "must take a preliminary peek at the merits" of the motion to dismiss to determine whether a stay is appropriate. *Tavantzis v. Am. Airlines, Inc.*, 2024 WL 812012, at *2 (N.D. Cal. Feb. 23, 2024). A stay is warranted where the claims are "utterly frivolous or filed merely in order

---

[2] *Reveal Chat Holdco, LLC v. Facebook, Inc*, 2020 WL 2843369, at *3 (N.D. Cal. April 10, 2020) and *Nexus 6p Prods. Liability Litig.*, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017), cited by Defendants, only stayed discovery until the Motion to Dismiss hearing. Judge Thompson determined that the Motion to Dismiss was suitable for decision without a hearing, Dkt. 65, so, applying the rationale of *Reveal Chat* and *Nexus*, discovery should proceed.

[3] During the case management conference, the Court did not instruct Defendants to file a formal motion, but, rather, simply instructed Defendants to raise discovery issues with the magistrate judge assigned to preside over discovery. After the conference, Judge Thompson entered an Order of Reference to Magistrate Judge for Discovery explaining, "The Magistrate Judge to whom the matter is assigned *will advise the parties of how that Judge intends to proceed*. The Magistrate Judge *may* issue a ruling, order more formal briefing, or set a telephone conference or a hearing. After a Magistrate Judge has been assigned, all further discovery matters shall be filed pursuant to that Judge's procedures." Dkt. 59 (emphasis added).

[4] *See also Barrett*, 2020 WL 13815568, at *1–2 (N.D. Cal. Oct. 22, 2020) (denying stay).

Case No. 3:23-cv-03461-TLT-RMI
**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**
2

to conduct a 'fishing expedition[.]'" *Optronic*, 2018 WL 1569811, at *1 (citation omitted); *see also, Stebbins v. Google LLC*, 3:23-cv-00322-TLT, Dkt. 71, at 17 (N.D. Cal. Aug. 31, 2023) (plaintiff was a vexatious litigant who had filed "numerous claims and motions with limited merit"). This case can hardly be called frivolous. Defendants' Motion to Dismiss is unlikely to be granted because much of it consists of factual arguments not appropriate for resolution at the pleading stage, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and will require discovery to resolve. For example, Defendants rely almost exclusively on cases decided on summary judgment, after discovery, to support their argument that the Twitter Severance Plan was not an ERISA plan.[5] Similarly, Defendants' challenge to Plaintiffs' misrepresentation claims are based on the factual issue of when changes to the Severance Plan were under serious consideration. Dkt. 38, at 13-14. Defendants dispute the allegations concerning Defendant Musk's discretion over Twitter's Severance Plan to establish he is a fiduciary, Dkt. 38, at 16-18; Dkt. 46-1, at 8-9; Dkt. 50, at 14-15, even citing a news article to support their factual argument. Dkt. 38, n. 3. Defendants also challenge Plaintiffs' allegation that Musk exercised control over Twitter's communications before the merger by pointing to facts outside the pleading regarding "widely publicized accounts of Twitter's opposition to the merger and Defendant Musk's own attempts to postpone or call off the deal." Dkt. 50, at 15. Reliance on evidence outside of the Amended Complaint undermines Defendants' argument that its Motion to Dismiss could be decided without discovery.

Moreover, a motion to dismiss is only dispositive of an entire action, *if* the motion is granted in its entirety and *if* the Court denies leave to amend; "those are big 'ifs'." *Optronics*, 2018 WL 1569811, at *1. A stay is not appropriate where a court is likely to grant plaintiffs leave to amend the complaint. *See Garcia v. Enter. Holdings, Inc.*, 2014 WL 4623007, at *3 (N.D. Cal. Sep. 15, 2014) (courts "liberally" grant leave to amend).[6] Many of the cases cited by Defendants

---

[5] *See, e.g., Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 546 F.3d 639, 650–51 (9th Cir. 2008); *Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1317 (9th Cir. 1997); *Grumet v. Life Ins. Co. of N. Am.*, 2021 WL 4907234, at *2 n.2 (C.D. Cal. Sept. 23, 2021); *Edwards v. Lockheed Martin Corp.*, 954 F. Supp. 2d 1141, 1149 (E.D. Wash. 2013); *Schnitzer v. Bank Leumi USA*, 2010 WL 3069646, at *5 (S.D.N.Y. July 29, 2010); and *Ferrand v. Credit Lyonnais*, 2003 WL 22251313, at *15 (S.D.N.Y. Sept. 30, 2003).

[6] *See also Meta Platforms, Inc.*, 2023 WL 4828007, at *2 (N.D. Cal. July 26, 2023) (denying stay where defendant's attacks on plaintiff's claim "appear[ed] more suited to cure by amendment. . .than outright dismissal with prejudice");

granting a stay, including those by Judge Thompson, are distinguishable because they involved jurisdictional or statute of limitation challenges which cannot be cured by amendment. *See, e.g., Azuga, Inc., v. Fleet Connect Sol's, LLC*, 5:22-cv-04790-TLT, Dkt. 53 (N.D. Cal. March 14, 2023) (lack of subject matter jurisdiction) (Thompson, J.); *Nelson.*, 2022 WL 19765995 (N.D. Cal. Nov. 2, 2022) (Thompson, J.) (same); *Arcell v. Google LLC*, 2022 WL 16557600 (N.D. Cal. Oct. 31, 2022) (lack of standing, statute of limitations, and laches defenses and unique burdens of antitrust litigation).[7] Here, Defendants' challenges are factual and could be cured through amendment; therefore, a stay is inappropriate.[8]

### IV.     Defendants Have Failed to Show They Would be Burdened by Discovery

Defendants bear the burden of making a strong showing of the burden that discovery would impose; Plaintiffs do not bear the burden to show prejudice if discovery is stayed. *Novelposter*, 2014 WL 12618174, at *1 (N.D. Cal. May 23, 2014) ("mere lack of prejudice is not the same as 'good cause'"). Defendants offer nothing more than the traditional burdens of litigation and, therefore, fail to meet their burden. *See Optronics*, 2018 WL 1569811, at *1. Defendants' conclusory claim that Plaintiffs "will seek, burdensome, and costly discovery" misstates Plaintiffs' position[9] and is speculative at this point before any discovery has even been served.[10] Defendants' claims of burden are especially spurious since Defendants are already engaging in discovery into the same issues in other cases. *See* Ex's. 1, 3. Plaintiffs and potential class members have already

---

*Pac. Lumber Co.*, 2010 WL 3746290 (denying stay where defendant incorrectly assumed that the court would not grant leave to amend); *San Francisco Tech. v. Kraco Enter. LLC*, 2011 WL 2193397, at *3 (N.D. Cal. June 6, 2011).
[7] *See also California Crane Sch., Inc. v. Google LLC*, 2022 WL 1271010 (N.D. Cal. Apr. 28, 2022) (statute of limitations defense and claims likely subject to arbitration); *Reveal Chat Holdco, LLC v. Facebook, Inc*, 2020 WL 2843369, at *3 (N.D. Cal. April 10, 2020) (plaintiff's claims were time-barred); *Hall v. Curry*, 5:07-cv-03233, Dkt. 96 (N.D. Cal. Oct. 15, 2009) (statute of limitations defense).
[8] The other cases cited by Defendants are similarly distinguishable. *See Yamasaki v. Zicam LLC*, 2021 WL 3675214, at *1 (N.D. Cal. Aug. 19, 2021) (flaws in complaint "could prove difficult for Plaintiff to overcome, even with leave to amend"); *Hamilton v. Rhoads*, 2011 WL 5085504, at *2 (N.D. Cal. Oct. 25, 2011) (stay appropriate where pro se plaintiff's complaint was clearly insufficient to warrant the "extraordinary remedy" of preliminary injunction).
[9] For example, nowhere in the Joint Rule 26(f) Case Management Statement do Plaintiffs state that they seek 25 depositions as Defendants represent in their Motion. Mot. at 4.
[10] Defendants' reliance on *Tradin Organics USA LLC v. Terra Nostra Organics, LLC* is misplaced because the court there looked at the party's actual discovery requests and determined they were frivolous. 2023 WL 8481814, at *2 (N.D. Cal. Dec. 7, 2023). Like the other cases Defendants rely on, a stay was appropriate in *Tradin* because defendant had raised jurisdictional arguments in their motion to dismiss. *Id*. at *2. Defendants' reliance on *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ret. Plan v. Morgan Stanley*, 712 F.3d 705, 719 (2d Cir. 2013) is similarly inappropriate, because there, the court was discussing the pleading standard to survive a motion to dismiss, not contemplating whether a discovery stay was appropriate.

been deprived of their severance benefits for over a year and half while they search for new jobs in a difficult tech market. A stay would be at odds with the need for expeditious resolution of litigation. *Pereda*, 2022 WL 19692037, at *1 (quoting *Gray*, 133 F.R.D. at 40).

**V.     Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay Discovery. If the Court feels that full discovery should not proceed, Plaintiffs ask that the Court at least allow limited discovery on the threshold, "narrow issue of ERISA's applicability" to the Twitter Severance Plan, *Falcone v. Provident Life & Accident Ins. Co.*, 2008 WL 4694211, at *3 (S.D. Ohio Oct 23, 2008), as such discovery would further judicial economy and the resolution of this case. *See Kubier v. McCartney, Verrino & Rosenberry Vested Producer Plan*, 95 F. Supp. 3d 402, 410 (S.D.N.Y. 2015) (noting that "it may not be possible to determine whether ERISA applies as a matter of law if the documentation before the [c]ourt is limited[.]").

DATED: April 5, 2024

Respectfully submitted,

Sanford Heisler Sharp, LLP

By: */s/ Kristi Stahnke McGregor*
Kristi S. McGregor, GA Bar No. 674012
(admitted *pro hac vice*)
**SANFORD HEISLER SHARP, LLP**
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7008
kmcgregor@sanfordheisler.com

*Attorney for Plaintiffs
and the Potential Class*

Case No. 3:23-cv-03461-TLT-RMI
**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**
5

# CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy of this filing to all counsel of record.

>Mark A. Feller
>Melissa D. Hill
>Jared R. Killeen
>Sean K. McMahan
>**MORGAN, LEWIS & BOCKIUS LLP**
>mark.feller@morganlewis.com
>melissa.hill@morganlewis.com
>jared.killeen@morganlewis.com
>sean.mcmahan@morganlewis.com
>
>*Attorneys for Defendants X Corp.,*
>*X Holdings, and Elon Musk*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: April 5, 2024            /s/ *Kristi Stahnke McGregor*
                                Kristi Stahnke McGregor, GA Bar No. 674012
                                (admitted *pro hac vice*)
                                **SANFORD HEISLER SHARP, LLP**
                                611 Commerce Street, Suite 3100
                                Nashville, TN 37203
                                Telephone: (615) 434-7008
                                kmcgregor@sanfordheisler.com