# EXHIBIT C

***Screenshot from WestLaw of Oral Order, Dkt. 49 in Arnold v. X Corp, 1:23-cv-00528***

Arnold et al v. X Corp. et al
1:23CV00528 (Approx. 28 pages)

Document | Filings (6) | Related Opinions/Dockets (0) | Timeline (1)

Go to | Request Multiple PDFs

| | | | |
|---|---|---|---|
| | | two (2) single-spaced pages that addresses relevant case law regarding examples of what counts as "evidence" sufficient to meet a movant's burden to demonstrate the applicability of the crime/fraud exception. Ordered by Judge Christopher J. Burke on 10/16/2023. (mlc) (Entered: 10/16/2023) | |
| 49 | 10/16/2023 | ORAL ORDER: The Court, having considered Defendants' discovery dispute motion, (D.I. 43 ), and the briefing related thereto, (D.I. 44; D.I. 46; D.I. 48), hereby ORDERS as follows: (1) With regard to the portion of the motion that deals with Defendants' request to stay the case pending resolution of the motions to dismiss, the Court has considered the three stay-related factors. But even to the extent that factors two and three would favor Defendants (because we are fairly early in the case, and because Plaintiffs did not really make an argument about undue prejudice), the Court still DENIES the stay request. After all, the entire premise of a stay motion is that there is a future event (here, resolution of the pending motions to dismiss) that will, if things go a certain way, entirely or substantially dispose of the case and save the Court and the parties a lot of time and expense. And when the case for simplification is exceedingly weak, a stay really just doesn't make sense, despite what factors two and three might have to say. Here, this is the case. Even if the motions to dismiss are entirely successful (and of course, it is possible that they will not be successful at all, or only partially so), the case will still proceed forward against two of the three Defendants, as to seven of the 14 counts in the Amended Complaint (the "unaffected claims"). The unaffected claims will require substantial discovery regarding the layoffs that are at the heart of this case, and it appears to the Court that any unique discovery that may be obviated were the motions to dismiss successful will pale in comparison to that needed as to the resolution of the unaffected claims. (D.I. 46 at 4) Moreover, Plaintiffs have asserted (and Defendants did not really deny) that Defendants are already searching for and producing discovery that is relevant to the claims impacted by the motions to dismiss in various arbitration proceedings; thus, to a great degree, it is not as if a stay will save Defendants from work they will have to do otherwise. (Id. at 5; D.I. 48 at 1-2); and (2) The Court will hear argument regarding the portion of the motion relating to Defendants' request to quash certain subpoenas on today's videoconference. Ordered by Judge Christopher J. Burke on 10/16/2023. (mlc) (Entered: 10/16/2023) | Send Runner to Court |

