Mark A. Feller (SBN 319789)
mark.feller@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: 415.442.1000

Melissa Hill (*pro hac vice*)
melissa.hill@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000

Sean K. McMahan (*pro hac vice*)
sean.mcmahan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel: 214.466.4000

Jared R. Killeen (*pro hac vice*)
jared.killeen@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000

*Attorneys for Defendants X Corp., f/k/a Twitter, Inc.; X Holdings; Elon Musk; and Does*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does,<br><br>Defendants | Case No. 3:23-cv-03461-TLT-RMI<br><br>**REPLY IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**<br><br>Judge: Trina L. Thompson<br>Magistrate Judge: Robert M. Illman |

Defendants X Corp. (formerly known as "Twitter"), X Holdings Corp., and Elon Musk (collectively, "Defendants") submit this reply in support of their Administrative Motion To Stay Discovery (Dkt. No. 61).

## I. INTRODUCTION

Defendants' Motion to Dismiss presents a straightforward legal question for Judge Thompson's consideration that, if answered in the negative, will dispense with Plaintiffs' Complaint in its entirety: whether Plaintiffs have adequately pled the existence of an ERISA-governed severance plan. Yet Plaintiffs want to proceed to discovery immediately, identifying more than 25 witnesses, boundless categories of documents and information, and more than the Court's limit of 10 depositions that they want to take in that process. Because the pending motion would potentially dispose of the entire case, and the motion can be decided absent additional discovery, discovery should be stayed pending Judge Thompson's decision on Defendants' Motion to Dismiss. Plaintiffs' attempt to misdirect the Court with irrelevant information about other lawsuits pending against similar defendants, or the relative burden they believe the discovery imposes on Defendants here, does not change those pertinent facts. A straightforward application of the relevant two-factor test mandates that this Court stay discovery until Judge Thompson rules on the Motion to Dismiss. Further, even if the Court were to consider additional factors such as burden or prejudice, those, too, weigh in favor of a temporary stay.

## II. ARGUMENT

### A. Defendants' Motion Complied With The Court's Directive.

Plaintiffs' first argument – that Defendants' instant motion is procedurally improper – is a red herring. *See* Dkt. No. 66 (Plaintiffs' Opposition to Motion to Stay ["Opp'n"] at 1-2. On March 14, 2024, Judge Thompson held the Case Management Conference ("CMC") in this case. Dkt. No. 57 (Minute Entry). In advance of the conference, the parties raised with the Court the instant dispute over whether a temporary stay of discovery would be appropriate. Dkt. No. 56 (Joint Rule 26(f) Case Management Statement) at 11-15. At the CMC, Defendants again raised the question of the requested discovery stay, and the Court instructed the Parties that the issue should be raised with the Magistrate Judge. In accordance with this directive, Defendants filed an Administrative

Motion to Stay ("Motion" or "Mot."). Dkt. No. 61. This is consistent with prior practice of both Judge Thompson and other courts in this District, who regularly grant administrative motions to stay a case during the pendency of a dispositive motion. *See Stebbins v. Google LLC*, 23-cv-00322-TLT, Dkt. No. 47 (N.D. Cal. Apr. 3, 2023); *see also Nat. Res. Def. Council, Inc. v. Perry*, 302 F. Supp. 3d 1094, 1101 (N.D. Cal. 2018), *aff'd*, 940 F.3d 1072 (9th Cir. 2019) (inviting an administrative motion to stay pending an appeal of a motion to dismiss).

Plaintiffs' claim – that Defendants' request for a stay should have been raised via regular motion practice or a joint discovery dispute letter (and only after the Magistrate Judge issued a further ruling) (Opp'n at 2) – ignores the procedure followed in *Stebbins*.[1] Plaintiffs' claim also falls flat because the Parties jointly stipulated to an elongated briefing schedule for this Motion and the Court granted the stipulation without any indication that an administrative motion was inappropriate. Dkt. Nos. 62-63.[2] The Court may appropriately address the Motion on its merits.

### B. Plaintiffs Focus On Irrelevant Information And Fail To Establish That The Two-Factor Test Is Not Met.

In opposition, Plaintiffs largely point to irrelevant facts – such as the existence of other litigation against X Corp.[3] and an order denying a stay in a case where X Corp. only sought a partial motion to dismiss.[4] *See* Opp'n at 1 (citing Exhibits 1-3). But the key inquiry is two-fold: it asks

---

[1]   *Meta Platforms, Inc. v. Voyager Labs LTD.*, 2023 WL 4828007, at *2 (N.D. Cal. July 26, 2023), upon which Plaintiffs rely, is inapplicable and contrary to the procedure followed by Judge Thompson in *Stebbins*. Further, there, the Court found that the complaint deficiencies could be cured by amendment. No such finding is present here where Plaintiffs' ERISA claims are based on a non-existent ERISA plan.

[2]   Plaintiffs' reading of Judge Thompson's Order to require this Court to make a determination of a discovery stay at the outset (*see* Opp'n at 2) also ignores that the parties had not yet fully briefed the issue, and requiring briefing through regular motion practice or a joint letter following a further order from the Court would only cause further delay.

[3]   Plaintiffs reference 17 other cases and arbitrations against X Corp. In addition to staying discovery in light of the Motion to Dismiss, the Court may also stay this case in its entirety pending the resolution of other class actions filed before it that seek materially identical relief on behalf of a materially identical putative class. *See Murillo v. Target Corp.*, 2023 WL 4553597, at *12 (C.D. Cal. July 14, 2023) ("it is hardly surprising or unfair that [one] case will have to wait in line for an earlier-filed class action brought by a substantially similar putative class asserting substantially similar claims."). The *Cornet*, *Justice* and *Woodfield* Actions, (*see* Opp'n, Ex. 1), for example, seek the payment of severance benefits allegedly owed to former Twitter employees. The only difference between Plaintiffs' Amended Complaint and those cases is that Plaintiffs style their claims under ERISA, instead of under state law theories of breach of contract and promissory estoppel. Thus, a stay of this case in its entirety would be appropriate.

[4]   *See* Opp'n at 1 (citing *Arnold et al. v. X Corp. et al.*, 1:23-cv-00528 (D. Del.)), Oral Order, Dkt. 49 (Oct. 16, 2023) and Ex. 3. Because the motion to dismiss in that case was only a ***partial*** motion to dismiss, it would not have

(1) whether the pending motion would possibly be dispositive of the entire case, and (2) whether the motion can be decided absent additional discovery. *Nelson v. F. Hoffman LaRoche*, 2022 WL 19765995, at *1 (N.D. Cal. Nov. 2, 2022) (Thompson, J.); *see also Onuoha v. Facebook, Inc.*, 2017 WL 11681325, at *1 (N.D. Cal. Apr. 7, 2017) (collecting cases). Mot. at 2; Opp'n at 2. The answer to both questions is yes.

First, Plaintiffs do not dispute (and thus concede) that, if granted, Defendants' Motion to Dismiss would be dispositive of the entire case. *See* Opp'n at *passim*. While Plaintiffs assert that if the Court grants leave to amend, the Motion would not be dispositive (*see* Opp'n at 2), this speculative consideration is not relevant. The two-factor test does not invite the Court to speculate as to whether leave to amend might be granted – it only examines whether "it is *possible* that defendants' motion to dismiss could be dispositive of the entire case." *Nelson*, 2022 WL 19765995 at *1 (emphasis in original). The answer is unquestionably yes. Speculating as to whether the Court **may** grant Plaintiffs leave to amend and whether Plaintiffs **may** be able to cure the defects in a (second) amended complaint with some unidentified, new allegations is inappropriate.[5] This is especially true where, as here, Plaintiffs have already amended the complaint once and do not identify any allegations they would add to cure the defects in their Amended Complaint. *See* Opp'n *passim*.

The second factor is also satisfied because no discovery is needed to decide the Motion to Dismiss, which does not rely on facts, documents, or declarations outside of the Amended Complaint. Mot at 2. Plaintiffs vaguely claim that it "will require discovery to resolve" the

---

disposed of the case in its entirety – unlike the motion to dismiss in this case. Thus, the order denying a stay in *Arnold* is distinguishable.

[5]   Plaintiffs rely on two opinions from Judge Davila for the proposition that the Court should consider the potential that Plaintiffs may be permitted to amend their complaint. *See* Opp'n (citing *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018) and *Barrett v. Apple Inc.*, 2020 WL 13815568, at *1–2 (N.D. Cal. Oct. 22, 2020)). These cases place an undue emphasis on the potential for amendment and whether discovery would be unduly burdensome, to the exclusion of the *Nelson* test. At any rate, Defendants have made a particularized showing of the potential burden. Mot. at 4 (noting Plaintiffs' disclosures list 25 witnesses). The other cases Plaintiffs rely on are also distinguishable. *See, e.g., Garcia v. Enter. Holdings, Inc.*, 2014 WL 4623007, at *3 (N.D. Cal. Sep. 15, 2014) (denying stay because moving party failed to convince the Court that their motion would be potentially dispositive of the entire case and the complaint could not be cured by amendment); *San Francisco Tech. v. Kraco Enter. LLC*, 2011 WL 2193397, at *3 (N.D. Cal. June 6, 2011) (case was already pending for over a year and motion to dismiss was unlikely to succeed). No additional allegations can cure the key defect in Plaintiffs' Amended Complaint – there is no ERISA plan on which they can base ERISA claims.

Amended Complaint's deficiencies raised by Defendants in the Motion To Dismiss. *See* Opp'n at 3. Putting aside Plaintiffs' failure to identify what discovery they might actually need to "resolve" such deficiencies, this argument sidesteps the threshold question presented by Defendants' Motion to Dismiss: whether Plaintiffs have pled enough facts to plausibly state the existence of an ERISA-governed plan and thus, proceed with claims against Defendants for alleged ERISA violations. This is a straightforward question of whether the Complaint is legally sufficient on its face (it is not). Plaintiffs should not be permitted to fish for discovery in hopes that something might salvage their otherwise deficient allegations with yet another amendment to their pleading.

Plaintiffs' reference to factual issues miss the mark and, in any event, are not enough to overcome the need for a stay of discovery. Opp'n at 3. Plaintiffs misconstrue Defendants' arguments for dismissal as ones that hinge on "the factual issue of when changes to the Severance Plan were under serious consideration," but the cited text (Dkt. No. 38, at 13-14) plainly challenges the facial plausibility of the Complaint's factual allegations and concludes they fall short. No factual determination is necessary. Likewise misguided is Plaintiffs' suggestion that because Defendants' Motion cited a non-controversial proposition from publicly available sources (noting, for example, that Defendant Musk is no longer the CEO of X Corp. and was succeeded by Linda Yaccarino in June 2023, Dkt. No. 38, at 3, n.3), the entire Motion is somehow inherently factual and will be denied. Neither argument has merit, and neither justifies denying a stay.

Because the Motion to Dismiss will possibly dispose of the entire case and no additional discovery is needed to decide it, a stay is appropriate.

### C. Additional Factors (Avoidance Of Undue Burden and Lack Of Prejudice) Weigh In Favor Of A Stay.

Despite Plaintiffs' contentions to the contrary, the additional factors which the Court may consider (after applying the two-factor test) all point in favor of a stay. The Court *may* consider "(i) whether a stay will promote judicial economy and prevent undue burden and expense; (ii) whether any party will be prejudiced by a stay; and (iii) whether a 'preliminary peek' at the pending motion suggests that it has merit." *See* Mot. at 4 (citing *Arcell v. Google LLC*, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) and *Yamasaki v. Zicam LLC*, 2021 WL 3675214 (N.D. Cal. Aug.

19, 2021)).  Consideration of these additional factors also supports a stay of discovery.

Other than the vague claim that former Twitter employees are waiting for severance benefits (Opp'n at 4), Plaintiffs do not assert that a brief stay of discovery will meaningfully cause prejudice to them.  Nor could they.  The Motion to Dismiss is fully briefed, the parties will be responding to the Court's Notice of Questions (Dkt. No. 65) today, and there is no indication that the Court will issue a significantly delayed ruling on the Motion to Dismiss.  The lack of prejudice to Plaintiffs provides an additional reason for a stay of discovery.  *See* Mot. at 4 (citing cases).

Lastly, Plaintiffs incorrectly claim that the discovery burden on Defendants is speculative because Plaintiffs have yet to serve discovery.  *Id.*, n.9.  The threat of expansive discovery is clear.  Plaintiffs do not dispute that ERISA breach of fiduciary duty claims involve "probing and costly inquiries and document requests."  *See* Mot. at 4 (quoting *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ret. Plan*, 712 F.3d 705, 719 (2d Cir. 2013).  Plaintiffs also do not suggest that they intend to seek a discrete amount of discovery.  Plaintiffs' initial disclosures – which identify 25 individuals and broad categories of documents they may use to support their claims – reveal their intentions are the opposite.  Further, in the Joint Case Management Statement, Plaintiffs sought to expand "the number of depositions, the hours of 30(b)(6) testimony, and number of interrogatories" in excess of the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rules.  Dkt. No. 56 at 16-19. Allowing discovery to proceed while the dispositive motion remains pending will all but ensure Defendants will be faced immediately with broad reaching and highly burdensome discovery demands that may all be moot if the Motion to Dismiss is decided in Defendants' favor.

Such a result would be inefficient and premature given the present posture of this case; thus, a stay of discovery is appropriate.

III.  **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court stay discovery pending a disposition on Defendants' Motion to Dismiss.

Dated: April 12, 2024									MORGAN, LEWIS & BOCKIUS LLP

							By	/s/ Melissa Hill
								Melissa Hill (*pro hac vice*)
								Mark Feller
								Sean McMahan (*pro hac vice*)
								Jared R. Killeen (*pro hac vice*)

								Attorneys for Defendants