1  Mark A. Feller (SBN 319789)
   mark.feller@morganlewis.com
2  **MORGAN, LEWIS & BOCKIUS, LLP**
   One Market, Spear Street Tower
3  San Francisco, CA 94105-1596
   Tel: 415.442.1000
4
5  Melissa Hill (*pro hac vice*)
   melissa.hill@morganlewis.com
   **MORGAN, LEWIS & BOCKIUS, LLP**
6  101 Park Avenue
   New York, NY 10178
7  Tel: 212.309.6000

8  Sean K. McMahan (*pro hac vice*)
   sean.mcmahan@morganlewis.com
9  **MORGAN, LEWIS & BOCKIUS, LLP**
   1717 Main Street, Suite 3200
10 Dallas, TX 75201-7347
   Tel: 214.466.4000
11
   Jared R. Killeen (*pro hac vice*)
12 jared.killeen@morganlewis.com
   **MORGAN, LEWIS & BOCKIUS, LLP**
13 2222 Market Street
   Philadelphia, PA 19103
14 Tel: 215.963.5000

15 *Attorneys for Defendants X Corp., f/k/a Twitter, Inc.; X Holdings; Elon Musk; and*
16 *Does*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does,<br><br>Defendants | Case No. 3:23-cv-03461-TLT-RMI<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>Judge: Trina L. Thompson<br>Magistrate Judge: Robert M. Illman<br>Date: June 18, 2024<br>2:00 pm PT |

Plaintiffs' Motion for Leave to File a Sur-Reply in Opposition to Defendants' Motion to Dismiss is untimely, unwarranted, and an abuse of the procedure outlined in Local Rule 7-3(d). For the reasons described below, the Court should deny Plaintiffs' motion.

First, Plaintiffs' request is untimely. Local Rule 7-3(d) provides that a party must seek leave to file a sur-reply "*not more than 7 days after the reply was filed.*" L.R. 7-3(d) (emphasis added). Here, Defendants filed their reply on February 23, 2024, more than *six weeks ago. See* Dkt. 50. Plaintiffs fail to explain why they did not seek leave to file a sur-reply earlier, instead insisting they intended to address Defendants' "new" arguments during the hearing on Defendants' Motion to Dismiss set for April 9, 2024. Dkt. 67, Ps.' Mot. at 3. But this excuse does not help Plaintiffs. Whether they intended to offer a sur-reply during the April 9th hearing or by filing a brief this week does not matter—either way, the sur-reply would be untimely and improper under Local Rule 7-3(d). *See, e.g., Sessoms v. Bright*, 2015 WL 7301821, at *4 (N.D. Cal. Nov. 19, 2015) (denying untimely request to file sur-reply made "eleven days after defendant's reply"). Moreover, Plaintiffs' counsel know that a court may vacate a hearing in order to decide a motion on the papers (as the Court has done here), which is precisely *why* the Local Rules provide parties an opportunity to *file a timely sur-reply* when they believe additional argument is required on a motion. The Local Rules do *not* permit Plaintiffs to file an untimely sur-reply simply because the April 9th hearing was vacated, as doing so would deeply prejudice Defendants. This is especially true here, where the Court has already informed the parties it is preparing to decide Defendants' Motion to Dismiss on the briefing submitted weeks ago. *See* Dkt. 65, Notice of Questions at 1.

Second, a sur-reply is unwarranted because contrary to Plaintiffs' assertions, Defendants' reply did not "raise new arguments that were not raised in the opening papers." Ps.' Mot. at 2. Plaintiffs' contention that Defendants first objected in their reply to Plaintiffs' reliance on the "Severance Matrix" is absurd. As Plaintiffs well know, Defendants raised concerns about the "Severance Matrix" in July 2023, when Plaintiffs attached the document to their original complaint. Defendants informed Plaintiffs that the "Severance Matrix" was privileged and confidential, and Plaintiffs agreed to remove the "Severance Matrix" from the public docket and file it provisionally under seal. Defendants had understood Plaintiffs would not cite the "Severance Matrix" until the

Court made a determination about the document's privilege. Instead, Plaintiffs relied heavily on the "Severance Matrix" in their opposition to Defendants' Motion to Dismiss (*see* Dkt. 45, Ps.' Opp. at 3, 5, 7), thereby requiring Defendants to address the "Severance Matrix" in their reply. Similarly, Plaintiffs assert Defendants' reply first argued the Merger Agreement does not support Plaintiffs' ERISA Section 502(a)(2) claim. Pls.' Mot. at 2-3. This is not true. Defendants' Motion to Dismiss asserts that *nothing under ERISA* requires an employer to fund a severance plan. *See* Dkt. 38, Defs.' Mot. at 8-10. Only after Plaintiffs' Opposition argued that Defendants were obligated under *contract law* to fund the Plan did Defendants address the Merger Agreement in their reply. *See* Dkt. 50, Defs.' Reply at 6-10. If Plaintiffs' position was correct, then a sur-reply would be warranted under Local Rule 7-3(d) every time a moving party responded to a new argument raised in an opposition brief—and that is clearly contrary to the limited circumstances in which a sur-reply is permitted under Local Rule 7-3(d). Because Defendants' reply did not raise new arguments, a sur-reply is unwarranted. *See, e.g., Sanchez-Martinez v. Freitas*, 2024 WL 396594, at *2 (N.D. Cal. Feb. 1, 2024) (denying leave to file sur-reply where defendant's reply did not raise new arguments).

Allowing Plaintiffs to file a sur-reply more than six weeks after the parties finished briefing the Motion to Dismiss—especially when Defendants raised no new arguments in their reply—would violate the spirit of Local Rule 7-3(d) and deeply prejudice Defendants. The Court should deny Plaintiffs' Motion for Leave to File a Sur-Reply.

Dated: April 12, 2024                MORGAN, LEWIS & BOCKIUS LLP


By   /s/ *Melissa Hill*
    Melissa Hill (*pro hac vice*)
    Mark Feller
    Sean McMahan (*pro hac vice*)
    Jared R. Killeen (*pro hac vice*)

Attorneys for Defendants