UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| COURTNEY MCMILLIAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ELON MUSK, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-03461-TLT (RMI)<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO STAY DISCOVERY**<br><br>Re: Dkt. No. 61 |

　　　　Now pending before the court is Defendants' motion seeking a stay of discovery pending the resolution of Defendants' motion to dismiss. *See* Defs.' Mot. (dkt. 61) at 2-6. Plaintiffs have responded (dkt. 66), and Defendants have replied (dkt. 71). Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds the matter suitable for disposition without oral argument.

　　　　In essence, Defendants contend that their motion to dismiss (dkt. 38) Plaintiffs' amended complaint is potentially dispositive of the entire case, and that the dismissal motion can be decided without further discovery – accordingly, Defendants submit that a stay of discovery pending the resolution of that motion would promote judicial economy, prevent undue burden and expense, and that Plaintiffs would not be prejudiced thereby. Defs' Mot. (dkt. 61) at 4-6.

　　　　Plaintiffs oppose the motion on several grounds. First, Plaintiffs contend that the motion should have been noticed as an ordinary motion, rather than an administrative motion; and, further, that Judge Thompson's Order (dkt. 59) referring discovery disputes to the undersigned should have caused Defendants to seek the submission of a jointly-filed discovery dispute letter brief in line with the undersigned's Standing Order, rather than an administrative motion. *See* Pls.'

1  Opp. (dkt. 66) at 4. As to Plaintiffs' contention that "[t]hese failures warrant denial of the Motion"
2  (*id.*), the undersigned finds that places form over substance. In other words, the Parties have
3  adequately presented their arguments regarding the issue of a discovery stay during the pendency
4  of Defendants' motion to dismiss, and making the Parties refile and resubmit all of those
5  arguments in the form of a letter-brief would serve no useful purpose. As to the substance,
6  Plaintiffs suggest that Defendant's dismissal motion may not be dispositive because, *if* granted
7  (Plaintiffs contend that it *may* not be granted), it may be followed by leave to amend. *Id*. at 5-6.
8  Plaintiffs also submit that Defendants have failed to show how they would be burdened by
9  discovery because Defendants reportedly have "offer[ed] nothing more than the traditional
10 burdens of litigation." *Id*. at 6. Plaintiffs conclude by stating that "[i]f the Court feels that full
11 discovery should not proceed," then the court should "at least allow limited discovery on the
12 threshold, narrow issue of ERISA's applicability to the Twitter Severance Plan." *Id*. at 7.
13     "Magistrate judges have been given broad discretion to stay discovery pending decisions
14 on dispositive motions, including motions for summary judgment." *Pac. Lumber Co v. Nat'l*
15 *Union Fire Ins. Co.*, 220 F.R.D. 349, 351 (N.D. Cal. 2003) (citing *Panola Land Buyers Ass'n v.*
16 *Shuman*, 762 F.2d 1550 (11th Cir. 1985)). Courts in this district have applied a two-pronged test to
17 determine whether discovery should be stayed pending resolution of a dispositive motion. *See,*
18 *e.g., Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 U.S. Dist. LEXIS 153689, 2016 WL
19 10807598, at *1 (N.D. Cal. Nov. 4, 2016); *Gibbs v. Carson*, No. C13-0860, 2014 U.S. Dist.
20 LEXIS 5413, 2014 WL172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-
21 0227 RMW (PR), 2011 U.S. Dist. LEXIS 123494, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25,
22 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D.
23 Cal. 2003). First, "a pending motion must be potentially dispositive of the entire case, or at least
24 dispositive on the issue at which discovery is directed." *Pac. Lumber Co.*, 220 F.R.D. at 351.
25 Second, "the court must determine whether the pending motion can be decided absent additional
26 discovery." *Id*. at 352. "If the Court answers these two questions in the affirmative, a protective
27 order may issue. However, if either prong of this test is not established, discovery proceeds." *Id*. In
28 applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending

United States District Court
Northern District of California

1 motion to assess whether a stay is warranted. *Tradebay*, LLC v. eBay, Inc., 278 F.R.D. 597, 602 (D. Nev. 2011).

The court finds Plaintiffs' arguments to be unpersuasive because Defendants' motion is indeed potentially dispositive of the entire case. Plaintiffs' arguments overlook the notion that the dismissal arguments need only be *potentially* (as opposed to definitively) dispositive of the entire case to satisfy that prong. As to the question of whether the dismissal motion can be decided without further discovery, the court will note that the dismissal motion has already been fully briefed and submitted to Judge Thompson for decision. Based on the foregoing, as well as the court's "preliminary peek" at the merits of the pending dismissal motion, the court concludes that a discovery stay is warranted. Accordingly, Defendants' request is **GRANTED** and discovery in this case is **STAYED** pending the resolution of the motion to dismiss. *See, e.g., Nelson v. F. Hoffmann-La Roche, Inc.*, 3:21-cv-10074-TLT, 2022 U.S. Dist. LEXIS 241929, *3-4 (N.D. Cal. Nov. 2, 2022).

**IT IS SO ORDERED.**

Dated: April 16, 2024

ROBERT M. ILLMAN
United States Magistrate Judge