Mark A. Feller (SBN 319789)
mark.feller@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: 415.442.1000

Melissa Hill (*pro hac vice*)
melissa.hill@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000

Sean K. McMahan (*pro hac vice*)
sean.mcmahan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel: 214.466.4000

Jared R. Killeen (*pro hac vice*)
jared.killeen@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000

*Attorneys for Defendants X Corp., f/k/a Twitter, Inc.; X Holdings; Elon Musk; and Does*

Kate Mueting, DC Bar No. 988177*
Dacey Romberg, DC Bar No. 90003767*
Samone Ijoma, MD Bar No. 2012170086*
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave., SE, Suite 300
Washington, DC  20003
Telephone:  (202) 499-5206
kmueting@sanfordheisler.com
dromberg@sanfordheisler.com
sijoma@sanfordheisler.com

Charles Field, SBN 189817
**SANFORD HEISLER SHARP, LLP**
7911 Herschel Ave., Suite 300
LaJolla, CA  92037
Telephone:  (619) 577-4252
cfield@sanfordheisler.com

Kristi Stahnke McGregor, GA Bar No. 674012*
**SANFORD HEISLER SHARP, LLP**
611 Commerce St., Suite 3100
Nashville, TN  37203
Telephone: (615) 434-7008
kmcgregor@sanfordheisler.com

Christopher Owens, MD Bar No. 220280004*
**SANFORD HEISLER SHARP, LLP**
111 S. Calvert St., Suite 1950
Baltimore, MD  21202
Telephone:  (410)834-7422
cowens@sanfordheisler.com

*admitted *pro hac vice*

*Attorneys for Plaintiffs and the Potential Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER, on behalf of themselves and all others similarly situated, | Case No. 3:23-cv-03461-TLT<br><br>STIPULATED PROTECTIVE ORDER |

|   |   |   |
|---|---|---|
| Plaintiffs, | | |
| vs. | | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| X CORP., f/k/a TWITTER, INC., X HOLDINGS, ELON MUSK, DOES , | | Hon. Trina L. Thompson<br>Magistrate Judge Robert M. Illman |
| Defendants. | | |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs Courtney McMillian and Ronald Cooper (together, "Plaintiffs") and Defendants X. Corp., X Holdings Corp., and Elon Musk (together, "Defendants") (collectively, the "Parties") hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the terms of this Order and applicable legal principles. The Parties further acknowledge, that neither this Stipulated Protective Order nor any confidentiality designation pursuant to it constitutes a ruling by this Court that any specific information is, in fact, confidential and/or privileged. Nor does this Stipulated Protective Order entitle the Parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Material: material or information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). This includes material or information that constitutes, reflects, discloses

or contains (i) information protected from disclosure by any applicable statute, regulation, or other applicable law; (ii) research, development, financial, technical, marketing, planning, manufacturing or other commercial information ;and (iii) trade secrets.  Confidential Material shall also include any "Protected Data" (defined below). Nothing in this paragraph is intended to expand the scope of information protected under Federal Rule of Civil Procedure 26(c). For avoidance of all doubt, all medical records produced in this Action shall be designated Confidential.  Certain Protected Data may compel alternative or additional protections beyond those afforded Confidential Material, in which event the Parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

  2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

  2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY."

  2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

  2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

  2.7 <u>"HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things which the parties believe to be highly confidential and is to be shared with attorneys/counsel of record only.  This designation shall be reserved for sensitive and/or confidential business information, which includes but is not limited to trade secrets or proprietary code.

  2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Data: any information that a Party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other regulatory privacy obligations including, but not limited to, Personal Health Information ("PHI") and Personally Identifiable Information ("PII"). Protected Data constitutes highly sensitive materials requiring special protection. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); and the General Data Protection Regulation (GDPR): Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the protection of natural persons with regard to the processing of personal data and on the free movement of such data, and repealing Directive 95/46/EC (General Data Protection Regulation), OJ 2016 L 119/1.

2.15    Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY," unless the confidentiality designation is challenged and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply to the Court for an order holding that the material is entitled to protection within the time period specified below; or (c) the

Designating Party withdraws its confidentiality designation in writing."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of law or this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party may designate Discovery Material under the terms of this Order if the Party or Non-Party in good faith reasonably believes that such Discovery Material contains non-public,

confidential, personal, proprietary, or commercially sensitive information that requires protections provided in this Order.  Any Party as "Designating Party" may designate information or items for protection under this Order by affixing the legend to each document that contains protected material; provided, however, that such materials must qualify for such protection under appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" to the bottom of each page of the document that contains protected material, and must not unreasonably obscure the text of the document.  With respect to documents or materials containing Confidential Material produced in native format (for example, the native format of an Excel workbook is a .xls or .xslx file), the Designating Party shall include the highest level of confidentiality designation in the filename and/or on a slip sheet placeholder produced along with the native document.  A Receiving Party shall exercise good faith efforts to ensure that any copies or print-outs of natively produced documents or data, and any translations, excerpts, summaries, or compilations of such native documents or data, include a confidentiality legend that matches the confidentiality designation the Designating Party applied to the natively produced documents or

data. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" legend at the bottom of each page that contains Protected Material.

      (b)    for testimony given in deposition or in other pretrial or trial proceedings, confidential treatment must be invoked on the record (before the deposition or proceeding is concluded) or by a letter to all counsel of record within 30 business days after receipt of the transcript by identifying the specific portions of the testimony as to which protection is sought. Irrespective of when the right is invoked, the Designating Party must identify by page and line number the portions of the deposition or transcript that include Confidential Material within 30 business days of receipt of the transcript. Only those portions of the transcript that are appropriately designated for protection within 30 business days shall be treated as Confidential Material , pending objection under the terms of this Stipulated Order.

      (c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL"" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).  In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription or printout shall take reasonable steps to maintain the confidentiality of such materials and properly identify and stamp each page of such material as "Confidential" consistent with the original designation by the Producing Party.

5.3     Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  Any disclosure of such documents or material prior to the Producing Party designating it as Confidential shall not be considered a violation of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time after the receipt of any document designated as Confidential Material or of the refusal to produce a document on the ground of such designation, up until 30 days before trial, by serving upon the designating Party an objection to the designation. The objection shall specify the material to which the objection is directed and shall set forth the reasons for the objection.  A Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge at the time the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court

1  intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil
2  Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of the
3  parties agreeing that the meet and confer process will not resolve their dispute. Each such motion
4  must be accompanied by a competent declaration affirming that the movant has complied with the
5  meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party
6  to make such a motion including the required declaration within 14 days shall automatically waive
7  the confidentiality designation for each challenged designation. In addition, the Challenging Party
8  may file a motion challenging a confidentiality designation at any time if there is good cause for
9  doing so, including a challenge to the designation of a deposition transcript or any portions thereof.
10  Any motion brought pursuant to this provision, including any motion filed by the Challenging
11  Party, must be accompanied by a competent declaration affirming that the movant has complied
12  with the meet and confer requirements imposed by the preceding paragraph.

13  The burden of persuasion in any such challenge proceeding shall be on the Designating
14  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose
15  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.
16  Unless the Designating Party has waived the confidentiality designation by failing to file a motion
17  to retain confidentiality as described above, all parties shall continue to afford the material in
18  question the level of protection to which it is entitled under the Producing Party's designation until
19  the court rules on the challenge.

20  7.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

21  7.1  <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or
22  produced by another Party or by a Non-Party in connection with this case only for prosecuting,
23  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to
24  the categories of persons and under the conditions described in this Order. When the litigation has
25  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL
26  DISPOSITION).

27  Protected Material must be stored and maintained by a Receiving Party at a location and in
28  a secure manner that ensures that access is limited to the persons authorized under this Order.

This Order shall have no effect upon a Designating Party's use of its own lawfully obtained Confidential Material.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation

(b)     the current officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)     any mediator appointed by the Court or jointly selected by the parties; and

(i)     other persons only by written consent of the Designating Party or upon order

of the Court and on such conditions as may be agreed or ordered.

      7.3     Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" solely for purposes of this action only to:

      (a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

      (b)     the Receiving Party's House Counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d)     the Court and its personnel;

      (e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (not including a person who received the document in the course of the litigation);

      (g)     any mediator appointed by the Court or jointly selected by the parties; and

      (h)     other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some

or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

(a) If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

(b) If the Receiving Party discovers a breach of security, including any known unauthorized access, relating to Confidential Information or Highly Confidential – Attorneys Eyes Only Information, the Receiving Party shall (1) promptly provide written notice to the Producing Party, through its counsel, of such breach; (2) provide written notice to the Producing Party, through its counsel, of the unauthorized disclosures; and (3) cooperate and work with the Producing Party and law enforcement to investigate the breach.

11. <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain produced material is

subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANEOUS

    12.1   Right to Further Relief. Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court. Nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

    12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13. <u>NONWAIVER OF PRIVILEGE OR OTHER PROTECTIVE DOCTRINE BY DISCLOSURE.</u>

13.1   This Order shall be governed by and interpreted in accordance with Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a Party or subpoenaed Non-Party ("Disclosing Party") discloses information in connection with the Action that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work-product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state litigation or action, any arbitration, or any other proceeding—of any claim of privilege or work-product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter (i.e., irrespective of any such disclosure).  The Disclosing Party must promptly notify the Receiving Party, in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work-product protection in accordance with and subject to the protections of Paragraph 13.2 below—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or, in the case of ESI, delete) the Protected Information and any reasonably accessible copies it has, and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information.

13.2   If the Receiving Party contests the claim of attorney-client privilege or work-product protection, the Receiving Party must—within seven (7) days of receipt of the notice of disclosure—notify the Disclosing Party that it contests the claim of attorney-client privilege or work-produce protection. Within seven (7) days of receipt of the foregoing notification that the Receiving Party contests the claim of attorney-client privilege or work-product protection, the Disclosing Party must explain with reasonable specificity why the Protected Information is privileged. If the Receiving Party no longer contests the claim of attorney-client privilege or work-product protection, the Receiving Party must promptly provide the certification outlined in paragraph 13.1 above. If the Receiving Party continues to contest the claim of attorney-client privilege or work-product

protection, the Parties shall meet and confer regarding the assertion of attorney-client privilege or work-product protection. If, after the conferral, the Receiving Party no longer contests the claim of attorney-client privilege or work-product protection, the Receiving Party must promptly provide the certification outlined in paragraph 13.1 above. If the Receiving Party continues to contest the assertion, the Parties shall submit the dispute to the magistrate judge pursuant to the process for submission of discovery disputes set forth in the magistrate judge's process for resolving discovery disputes. The submission to the magistrate judge must be maintained as "Attorney's Eyes Only Material" and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

13.3    The Parties may stipulate to extend the periods set forth in Paragraphs 13.1 and 13.2 above, or request an extension of time from the Court.

13.4    Nothing in this Agreement overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

13.5    The Disclosing Party retains the burden of establishing the privileged or protected nature of the Protected Information.

13.6    Nothing in this Order limits the right of any Party to petition the Court for an in-camera review of the Protected Information.

13.7    This Order does not preclude a Party from voluntarily waiving the attorney-client privilege or work-product protection by express written statement affirming such waiver. The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

13.8    This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  The provisions of 502(b) are inapplicable.

13.9    Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance,

1  responsiveness and/or segregation of privileged information and/or Protected Information before
2  production. Further nothing contained herein is intended to reduce the time frame provided to the
3  Disclosing Party to complete its review should it choose to do so.

4      13.10  Nothing contained herein is intended to limit a Party's proportionality and burden
5  arguments related to the costs and burdens to conduct a review of documents, ESI or information
6  (including metadata) for relevance, responsiveness and/or segregation of privileged information
7  and/or Protected Information before production.

8  14.  **FINAL DISPOSITION**

9      Within sixty (60) days after final conclusion of all aspects of the Action, including all
10 vacatur/confirmation proceedings and appeals therefrom, the Parties and all persons to whom
11 Confidential Material has been disclosed shall, upon request of the Producing Party, return or
12 destroy all documents or copies containing any of the Confidential Material to the Producing
13 Party's attorneys, and, if destroyed, provide a declaration to the Producing Party's attorneys
14 advising of the date, place and method of destruction; (b) secure the return or destruction of all
15 copies, notes, abstracts, summaries or other materials reflecting such Confidential Material in the
16 possession of any nonparties to whom access has been provided pursuant to Sections 7.2 or 7.3
17 above; and (c) make certification of compliance with "(a)" and "(b)" above and deliver said
18 certification to counsel for the Producing Party. The obligation to return and/or destroy Confidential
19 Material does not extend to Confidential Material that has been offered into evidence or filed
20 without restriction as to disclosure. Notwithstanding the above requirements to return or destroy
21 documents, counsel may retain attorney work product, including an index that refers or relates to
22 information designated as Confidential Material. This work product shall continue to be
23 Confidential Material under this Agreement. Notwithstanding the foregoing, counsel for the Parties
24 is permitted to keep an archival copy of all pleadings, motion papers, trial, deposition, and hearing
25 transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
26 work product, and consultant and expert work product, even if such materials contain Protected
27 Material. The archived records may only be used for the purposes of defending a claim asserted
28 against Party's counsel, or for any other purpose relating to the Action or as permitted by applicable

law. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 19, 2024

*/s/ Kristi Stahnke McGregor*
Kristi Stahnke McGregor

Attorney for Plaintiff

DATED: April 19, 2024

*/s/ Melissa Hill*
Melissa Hill (*pro hac vice*)

Attorney for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: _____

_____
United States District/Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____