Kate Mueting, DC Bar No. 988177*
Dacey Romberg, DC Bar No. 90003767*
Samone Ijoma, MD Bar No. 2012170086*
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com
dromberg@sanfordheisler.com
sijoma@sanfordheisler.com

Charles Field, SBN 189817
**SANFORD HEISLER SHARP, LLP**
7911 Herschel Avenue, Suite 300
La Jolla, CA 92037
Telephone: (619) 577-4252
cfield@sanfordheisler.com

Kristi Stahnke McGregor, GA Bar No. 674012*
**SANFORD HEISLER SHARP, LLP**
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7008
kmcgregor@sanfordheisler.com

Christopher Owens, MD Bar No. 220280004*
**SANFORD HEISLER SHARP, LLP**
111 S. Calvert Street, Suite 1950
Baltimore, Maryland 21202
Telephone: (410) 834-7422
cowens@sanfordheisler.com

*Attorneys for Plaintiffs
and the Potential Class*

* admitted *pro hac vice*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTHERN CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, DOES,<br><br>Defendants. | Case No. 3:23-cv-03461-TLT-RMI<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING**<br><br>Judge: Trina L. Thompson<br>Magistrate Judge: Robert M. Illman |

Defendants' Administrative Motion for Leave to File Supplemental Briefing in Support of their Motion to Dismiss the Amended Complaint and in response to Plaintiffs' Answers to the Court's Notice of Questions should be denied.

On April 3, 2024, the Court ordered the Parties to respond to eight discrete, factual questions regarding Twitter's ERISA plan, including the effective dates, the plan documents, the fiduciaries, the locations of plan administration, and employer contributions. Dkt. 65. The Court instructed that if a party produced a document in response to the Court's questions, that the party attach the document as an exhibit to a Declaration, and specifically requested that the Parties

"attach to a Declaration of Stipulation all documents that make up the alleged ERISA plan" and asked whether the Severance Matrix is one of the plan documents. *Id.* at 1, 2.

Defendants submitted answers to the factual questions raised by the Court. Dkt. 73. Plaintiffs also submitted answers to the Court's factual questions, explaining in part that Twitter had memorialized its severance policy in the Severance Matrix and had provided a summary of the Severance Matrix to employees via FAQs that the company updated throughout 2022. Dkt. 75 at 3. Per the Court's request, Plaintiffs submitted the FAQ documents and attached them to a Declaration. Dkt. 75-1, Ex. A.

Contrary to Defendants' assertion, the information in Plaintiffs' Answers is not new: it is in Plaintiffs' Amended Complaint. *See* Am. Compl., ¶¶ 27-28, 37, 44-51 (plan documents); 7 (San Francisco headquarters); 11, 57, 91, 108 (DOE Defendants); 30-34, 36, 43, 112-14 (payments to and from Plan). Plaintiffs specifically named, described, and excerpted the Acquisition FAQs in their Amended Complaint and Response to Defendants' Motion to Dismiss.[1] Dkt. 13, Dkt. 45. Defendants have twice responded to Plaintiffs' arguments regarding the Acquisition FAQs: in their Reply to Plaintiffs' Response to Defendants' Motion to Dismiss and in their answers to the Court's questions. Dkt. 73, Dkt. 50. Because the information Plaintiffs provided in response to the Court's questions has already been provided to, and twice addressed by Defendants, supplemental briefing is not warranted. *See Afifeh v. Ahmadabadi*, 2022 WL 3016147, at *1 (C.D. Cal. July 5, 2022) (providing more detail to an argument that has been already raised is not a "new" argument).

In addition, Defendants failed to meet and confer with Plaintiffs regarding their request to file a response to Plaintiffs' answers to the Court's questions.[2] Should the Court grant Defendants'

---

[1] Furthermore, Defendants have possessed the Acquisition FAQs document throughout this litigation. Given Plaintiffs' extensive citation to this document in their Amended Complaint, further discussion of its contents before the Court was to be expected and is not prejudicial.

[2] Defendants' failure to request a stipulation violates Civil Local Rule 7-11(a) and provides an independent basis for this Court to strike Defendants' Administrative Motion. *See Meta Platforms, Inc. v. Voyager Labs LTD.*, 2023 WL 4828007, at *3 n. 2 (stating that filings which fail to comply with the Northern District of California's local rules may be struck).

Case No. 3:23-cv-03461-TLT-RMI
**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION**
3

request, Plaintiffs respectfully request the opportunity to respond to Defendants' Answers and Defendants' additional briefing.[3]

DATED: April 23, 2024

Respectfully submitted,

Sanford Heisler Sharp, LLP

By: */s/ Kate Mueting*
Kate Mueting, DC Bar No. 988177
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com

*Attorney for Plaintiffs
and the Potential Class*

---

[3] Plaintiffs also respectfully submit that the numerous requests for supplemental filings with respect to factual issues highlights the genuine disputes underlying Plaintiffs' claim and the inappropriateness of Defendants' Motion to Dismiss.

# CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy of this filing to all counsel of record.

Mark A. Feller
Melissa D. Hill
Jared R. Killeen
Sara DeStefano
Sean K. McMahan
**MORGAN, LEWIS & BOCKIUS LLP**
mark.feller@morganlewis.com
melissa.hill@morganlewis.com
jared.killeen@morganlewis.com
sara.destefano@morganlewis.com
sean.mcmahan@morganlewis.com

*Attorneys for Defendants X Corp.,*
*X Holdings, and Elon Musk*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: April 23, 2024

/s/ Kate Mueting
Kate Mueting, DC Bar No. 988177
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Ave SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com

*Attorney for Plaintiffs*
*and the Potential Class*