Kate Mueting, DC Bar No. 988177*
Dacey Romberg, DC Bar No. 90003767*
Samone Ijoma, MD Bar No. 2012170086*
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com
dromberg@sanfordheisler.com
sijoma@sanfordheisler.com

Charles Field, SBN 189817
**SANFORD HEISLER SHARP, LLP**
7911 Herschel Avenue, Suite 300
La Jolla, CA 92037
Telephone: (619) 577-4252
cfield@sanfordheisler.com

Kristi Stahnke McGregor, GA Bar No. 674012*
**SANFORD HEISLER SHARP, LLP**
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7008
kmcgregor@sanfordheisler.com

Christopher Owens, MD Bar No. 220280004*
**SANFORD HEISLER SHARP, LLP**
111 S. Calvert Street, Suite 1950
Baltimore, Maryland 21202
Telephone: (410) 834-7422
cowens@sanfordheisler.com

*Attorneys for Plaintiffs
and the Potential Class*

* admitted *pro hac vice*

Case No. 3:23-cv-03461-TLT-RMI

**ADMINISTRATIVE MOTION FOR ORDER REQUIRING DEFENDANTS TO FILE A CERTIFICATION OF CONFLICTS AND INTERESTED ENTITIES OR PERSONS IN COMPLIANCE WITH LOCAL RULE 3-15**

1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTHERN CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, DOES,<br><br>Defendants. | Case No. 3:23-cv-03461-TLT-RMI<br><br>**ADMINISTRATIVE MOTION FOR ORDER REQUIRING DEFENDANTS TO FILE A CERTIFICATION OF CONFLICTS AND INTERESTED ENTITIES OR PERSONS IN COMPLIANCE WITH LOCAL RULE 3-15**<br><br>Judge: Trina L. Thompson<br>Magistrate Judge: Robert M. Illman |

Pursuant to Civil Local Rule 7-11, Plaintiffs request that the Court order Defendants to file a Corporate Disclosure and Certification of Conflicts and Interested Entities or Persons ("Certification") that complies with Civil Local Rule 3-15 by identifying the owners of Defendant X Holdings Corp.

## I. BACKGROUND

On March 7, 2024, Defendants filed their "Rule 7.1 Corporate Disclosure Statement and Civil L.R. 3-15 Certification of Conflicts and Interested Entities or Persons." Dkt. 55. The Certification attests that Defendant X Corp. is wholly owned by Defendant X Holdings Corp. and that no publicly held corporation owns 10% or more of X Corp.'s stock. *Id.* Defendants failed to disclose who owns Defendant X Holdings Corp. *See Id.*

On April 25, 2024, Plaintiffs' counsel informed Defendants' counsel that the Certification was insufficient because it failed to identify the owners of X Holdings Corp. Decl. of Dacey Romberg, ¶ 2. Defendants' counsel refused to file a compliant certification. *Id.* at ¶ 4. Plaintiffs' counsel provided Defendants' counsel with an order from *Anoke v. Twitter*, No. 23-2217, Dkt. 35 (N.D. Cal. June 6, 2023) (attached as Exhibit A), requiring Twitter defendants to identify the owners of X Holdings Corp. to comply with Local Rule 3-15. *Id.* at ¶ 5. Plaintiffs' counsel followed up on May 1 and May 6, but Defendants' counsel did not respond. *Id.*

## II. ARGUMENT

Rule 3-15 states that a party's disclosure "must . . . disclose any persons . . . known by the party to have . . . a financial interest of any kind in the subject matter in controversy or in a party to the proceeding." Civil L.R. 3-15(b)(2). Subsection (b)(3) explains that "financial interest" has the meaning assigned by 28 U.S.C. § 455(d)(4), which provides, "'financial interest' means ownership of a legal or equitable interest, however small."

X Holdings Corp. is a Defendant,[1] so its owners have a financial interest "in a party to the proceeding." Civ. L.R. 3-15(b)(2). Therefore, Rule 3-15(b)(2) requires that their identities be

---

[1] Although the caption of the Amended Complaint lists "X Holdings" instead of "X Holdings Corp." as a defendant, Defendants have acknowledged in numerous court filings that X Holdings Corp. is a defendant in this matter. *See* Dkt. 56, 61, 61-2, 71, 73, 74, 78, 79, and 82-1 (identifying

Case No. 3:23-cv-03461-TLT-RMI
**ADMINISTRATIVE MOTION FOR ORDER REQUIRING DEFENDANTS TO FILE A CERTIFICATION OF CONFLICTS AND INTERESTED ENTITIES OR PERSONS IN COMPLIANCE WITH LOCAL RULE 3-15**
3

disclosed. The court in *Anoke v. Twitter*, another case against X Corp. and X Holdings Corp., held that the owners of X Holdings Corp. must be disclosed. Order Granting Plaintiffs' Ad. Mt. Directing Def's to Supplement Corporate Disclosure Statement, No. 23-cv-02217-SI, Dkt. 35 (N.D. Cal. June 6, 2023).

Furthermore, Defendants would be required to disclose the owners of X Holdings Corp. even if it was not a defendant. Rule 3-15 is broad and requires the disclosure of any person with "a financial interest of *any kind* in the subject matter in controversy," Civil L.R. 3-15(b)(2) (emphasis added). Plaintiffs allege that X Holding Corp.'s subsidiary, X Corp., owes former employees hundreds of millions of dollars in severance benefits, and thus owners of X Corp.'s parent company have a financial interest in this litigation. Indeed, in *Global Data Strategy, Ltd. v. Twitter, Inc. and X Corp., Inc.*, Defendants Twitter and X Corp. included the owners of X Holdings Corp. in their corporate disclosure upon request from plaintiffs' counsel, even though X Holding Corp. was not a defendant. Unopposed Ad. Mt. to File Under Seal, No. 3:23-cv-02266-EMC, Dkt. 19 (N.D. Cal. June 26, 2023) (Attached as Exhibit B).

Because the requirements of Rule 3-15 are "mandatory," *Anoke* is not the only time the Northern District of California has ordered the filing of a second, compliant certification where the first was deficient. *See Stewart v. Screen Gems-EMI Music, Inc.*, No. 14-cv-04805-JSC, 2015 WL 13648928, at *2 (N.D. Cal. Jan. 13, 2015) (ordering defendants to file a second disclosure

---

X Holdings Corp. as Defendant); Dkt. 61-1 (Declaration of Jared Killeen identifying himself as counsel for Defendant X Holdings Corp); Dkt. 82-2 (Declaration of Melissa Hill identifying herself as counsel for Defendant X Corp. Holdings). *See Tiffany v. Hometown Buffett, Inc.*, No. C 06-2524 SBA, 2006 WL 1749557, at *7 (N.D. Cal. June 22, 2006) (citing *Mayberry v. Coca Cola Bottling Co. of Sacramento*, 244 Cal.App.2d 350, 353 (Cal. Ct. App. 1966) (noting that a minor error in the corporate designation of a defendant is "an excusable mistake," not a "change of identities")) and *Prince v. Jensen Motors, Inc.*, 139 Cal.App.3d 653, 655 (Cal. Ct. App. 1983) (explaining that plaintiffs naming Jensen Motors, Ltd. rather than Jensen Motors, Inc. was "an excusable mistake")).

Case No. 3:23-cv-03461-TLT-RMI
**ADMINISTRATIVE MOTION FOR ORDER REQUIRING DEFENDANTS TO FILE A CERTIFICATION OF CONFLICTS AND INTERESTED ENTITIES OR PERSONS IN COMPLIANCE WITH LOCAL RULE 3-15**
4

identifying defendants' parent corporations and any other entity with a financial interest in defendants). Here, Plaintiffs seek only "to require Defendants to comply with the same Rules with which every litigant that appears in the Northern District of California has to comply." *Id*.

## III. CONCLUSION

Because Defendants' Certification does not comply with Local Rule 3-15, Plaintiffs respectfully request that the Court order Defendants to file a Certification of Conflicts and Interested Entities or Persons that lists the identities of owners of X Holdings Corp.

DATED: May 6, 2024

Respectfully submitted,

Sanford Heisler Sharp, LLP

By: */s/ Kate Mueting*
Kate Mueting, DC Bar No. 988177
(admitted *pro hac vice*)
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com

*Attorney for Plaintiffs
and the Potential Class*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy of this filing to all counsel of record.

    Mark A. Feller
    Melissa D. Hill
    Jared R. Killeen
    Sara DeStefano
    Sean K. McMahan
    **MORGAN, LEWIS & BOCKIUS LLP**
    mark.feller@morganlewis.com
    melissa.hill@morganlewis.com
    jared.killeen@morganlewis.com
    sara.destefano@morganlewis.com
    sean.mcmahan@morganlewis.com

    *Attorneys for Defendants X Corp.,*
    *X Holdings Corp., and Elon Musk*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: May 6, 2024            By: */s/ Kate Mueting*
                                              Kate Mueting, DC Bar No. 988177
                                              (admitted *pro hac vice*)
                                              **SANFORD HEISLER SHARP, LLP**
                                              700 Pennsylvania Avenue SE, Suite 300
                                              Washington, DC 20003
                                              Telephone: (202) 499-5206
                                              kmueting@sanfordheisler.com

Case No. 3:23-cv-03461-TLT-RMI
**ADMINISTRATIVE MOTION FOR ORDER REQUIRING DEFENDANTS TO FILE A CERTIFICATION OF CONFLICTS AND INTERESTED ENTITIES OR PERSONS IN COMPLIANCE WITH LOCAL RULE 3-15**