# EXHIBIT B

1  J. JONATHAN HAWK (SBN 254350)
   jhawk@whitecase.com
2  WHITE & CASE LLP
   555 South Flower Street, Suite 2700
3  Los Angeles, CA 90071-2433
   Telephone: (213) 620-7700
4  Facsimile: (213) 452-2329

5  Attorneys for Defendant X CORP., as
   successor in interest to second named
6  Defendant Twitter, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Global Data Strategy, Ltd, | No. 3:23-cv-02266-EMC |
| Plaintiff, | |
| | **UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| v. | |
| Twitter, Inc. and X Corp., Inc, | |
| Defendants. | |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5 of the Northern District of California, Defendant X Corp., as successor in interest to second named Defendant Twitter, Inc. ("**Twitter**"), hereby moves the Court to issue an administrative order authorizing the filing under seal of Twitter's Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 ("**Supplemental Corporate Disclosure Statement**"). Twitter's and Global Data Strategy, Ltd's ("**Global Data**") counsel have conferred, and Global Data does not oppose this administrative motion.

On June 1, 2023, Plaintiff's counsel requested that Twitter file a supplemental corporate disclosure statement, and reiterated that request on June 6, 2023 following an order from Judge Illston in a separate proceeding involving Twitter, requiring Twitter "to disclose who owns X Holdings Corporation," as Twitter's parent corporation. *Anoke, et al. v. Twitter, Inc., et al.*, No. 23-cv-02217-SI, ECF 35, Order Granting Plaintiffs' Administrative Motion Directing Defendants to Supplement Corporate Disclosure Statement (N.D. Cal. June 6, 2023). Twitter has now submitted concurrently herewith a Supplemental Corporate Disclosure Statement listing of all shareholders that have an ownership interest in the privately held corporation and parent company to Twitter, X Holdings Corp. ("**X Holdings**").

However, because the identities of these owners constitute private and confidential business information that is not publicly available and the disclosure of which would result in injury, Twitter requests that the Court authorize this filing under seal. In accordance with the Court's Local Rules, a redacted version of the Supplemental Corporate Disclosure Statement has been filed in the public record. Because the sole purpose of the Corporate Disclosure Statement under Local Rule 3-15 is to allow the Judge to determine whether a conflict exists that would necessitate recusal, no legitimate purpose is served by any public-facing filing of this private and confidential information.

Notably, Judge Illston, on June 13, 2023 in the *Anoke* matter cited above, approved this same request by Twitter and X Holdings, based on the same information and evidence provided to the Court here. *Anoke,* ECF 39, Order Granting Administrative Motion to File Under Seal

(N.D. Cal. June 13, 2023).

## II. LEGAL STANDARD

Courts apply a "strong presumption in favor of access" to court records. *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, the presumption of access to court records can be overcome when a party demonstrates important countervailing interests in maintaining the confidentiality of sensitive and private personal or business information. *San Jose News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999). Confidentiality protections are not limited to trade secrets. *See*, *e.g.*, *Pintos v. Pacific Creditors Assoc.*, 504 F.3d 792, 801 (9th Cir. 2007); *Hagestead v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995); *see also* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting protection of "trade secrets" and other "confidential commercial information."). Nor are confidentiality protections limited to a company's sensitive financial information, business forecasts, and intellectual property. "In deciding whether sufficient countervailing interests exist, the court will look to the public interest in understanding the judicial process and whether disclosure of the material could result in improper use . . ." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

In addition, under Article I, section 1 of the California Constitution, persons have a constitutional inalienable right to privacy. This right to privacy includes the privacy of a person's financial information, such as investments and financial holdings. *See Valley Bank of Nevada v. Superior Ct.*, 15 Cal. 3d 652, 656, (1975) (discussing the "inalienable right" of privacy under the California Constitution and finding that courts "may safely assume that the right of privacy extends to one's confidential financial affairs as well as to the details of one's personal life"). The existence of an ownership share and/or interest in a private corporation clearly constitutes a person's private financial information that is protected under the California Constitution.

Courts also draw an important distinction between the standard for the sealing of records attached to dispositive motions versus non-dispositive motions. *See*, *e.g.*, *Best Odds Corp. v. iBus Media Ltd.*, No. 2:14-cv-00932-RCJ-VCF, 2014 WL 5687730, *2 (Nov. 4, 2014) (citing *Kamakana*, 447 F.3d 1172 at 1180). "This distinction is predicated on the fact that different interests are at stake with dispositive and non-dispositive motions." *Best Odds Corp.*, 2014 WL

5687730, at *2.  As a result, "[w]ith non-dispositive motions, *private interests predominate*." *Id.* (emphasis added).  A request to seal records attached to non-dispositive motions "merely requires satisfying Rule 26(c)" and a showing of "good cause," and the district court has "much flexibility in balancing and protecting the interests of private parties" under this standard.  *Id* .  Indeed, "the good cause standard may be satisfied by showing mere embarrassment, incrimination, or exposure to undue litigation expenses."  *Id.* (citing Fed. R. Civ. P. 26(c)).

**III.    ARGUMENT**

The Court should grant Twitter's Unopposed Motion for Administrative Relief to authorize the filing under seal of its Supplemental Corporate Disclosure Statement.  The Supplemental Corporate Disclosure Statement is not a motion, let alone a dispositive motion, but rather a document the sole purpose of which is for the assigned judge to consider whether any conflict exists that would require recusal.  Here, good cause exists to seal the portions of the filing that reveal the identies of X Holdings' owners/shareholders due to the countervailing interests in maintaining the confidentiality of this sensitive confidential and private business information.  The owners/shareholders of X Holdings include various individual persons, private family and other trusts, and other private entities (such as funds, LLCs and corporations).  Batura Decl. ¶ 3.  As a matter of routine practice and policy, X Holdings does not publish or make publicly available information regarding its owners/shareholders and treats such information as confidential.  *Id.*  Individuals and entities investing and taking an ownership interest in a private corporation such as X Holdings expect that such information will remain private.  *Id.*  The disclosure of such information violates this expectation of privacy. Also, in certain cases, X Holdings is contractually bound to keep such information confidential.  *Id.*

Denying Twitter's request for sealing here will cause injury to the owners/shareholders whose identities would be disclosed in a public court filing, and to X Holdings by revealing its confidential business information.  The wholesale disclosure of information regarding its owners/shareholders potentially could enable X Holdings' competitors to undermine X Holdings' competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of X Holdings in negotiations or other business affairs, or

3

UNOPPOSED ADMINISTRATIVE MOTION TO
FILE UNDER SEAL; NO. 3:23-CV-02266-EMC

1  otherwise prejudice X Holdings' business interests.  To that end, X Holdings has policies that
2  prohibit employees from accessing information beyond what is reasonably necessary to perform
3  their duties, limiting access to certain non-public information, permitting access to documents and
4  data on a need-to-know basis, and requiring employees to sign confidentiality agreements.  Batura
5  Decl. ¶ 4.  The act of disclosing (and making public) financial information protected by a right of
6  privacy itself constitutes an injury to owners' privacy interests.

7  No less restrictive alternative exists to sealing this information that be sufficient to protect
8  the interests at stake here.

9  The disclosure of X Holdings' shareholders to the Court *under seal* would fully comply
10  with and promote the purposes underlying Rule 7.1 and Civil Local Rule 3-15.  Rule 7.1 of the
11  Federal Rules of Civil Procedure serves to "support properly informed disqualification decisions"
12  by the Court. F.R.C.P. 7.1, Committee Notes on Rules – 2002.  Similarly, Civil Local Rule 3-15
13  is intended to aid the Court in determining whether any potential conflicts of interest exist that
14  would lead the assigned Judge to recuse him or herself. *See* N.D. Cal. Civil L-R 3-15(b)(1) ("The
15  Certification must disclose whether the party is aware of any conflict, financial or otherwise, that
16  the presiding judge may have with the parties to the litigation.").  As a result, Twitter's filing of
17  the Supplemental Corporate Disclosure Statement under seal to the Court and redacting the
18  identities of X Holdings' shareholders/owners from the publicly filed document fully satisfies all
19  competing interests -- allowing the Court to determine whether a conflict exists while
20  simultaneously safeguarding confidential and private business and financial information and
21  preventing potential misuse of this information.  *See Best Odds Corp.*, 2014 WL 5687730, at *2
22  (granting the defendant's motion to file a redacted certificate of interested parties and noting that
23  sealing the disclosure will "(1) satisfy Rule 7.1's purpose, by enabling the court to determine
24  whether a conflict of interest exists, and (2) act as a prophylactic against potential[] litigation
25  abuses that will needlessly increase the cost of litigation.").

26  Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15 do not serve Plaintiff's
27  interests; rather, they serve the Court and its interests in avoiding potential conflicts of interest.
28  Twitter has made compliant disclosures that afford this Court the opportunity to assess whether

any conflict of interest exists.

Indeed, Judge Illston just recently considered and agreed with these very arguments and supporting materials in connection with a request by Twitter and X Holdings, among others, to seal the same information that is set forth in Twitter's Supplemental Corporate Disclosure Statement here.  *Anoke,* ECF 36-39.

### IV. CONCLUSION

For the foregoing reasons, Twitter respectfully moves this Court to grant its Unopposed Motion for Administrative Relief to keep sealed the Supplemental Corporate.

Dated:  June 26, 2023

WHITE & CASE LLP

By: /s/ J. Jonathan Hawk
J. Jonathan Hawk

Attorneys for Defendant X CORP., as successor in interest to second named defendant Twitter, Inc.