Mark A. Feller (SBN 319789)
mark.feller@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: 415.442.1000

Melissa Hill (*pro hac vice*)
melissa.hill@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000

Sean K. McMahan (*pro hac vice*)
sean.mcmahan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel: 214.466.4000

Jared R. Killeen (*pro hac vice*)
jared.killeen@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000

*Attorneys for Defendants X Corp., f/k/a Twitter, Inc.; X Holdings; Elon Musk; and Does*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does,<br><br>Defendants. | Case No. 3:23-cv-03461-TLT<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION SEEKING ADDITIONAL CORPORATE DISCLOSURES**<br><br>Judge:        Trina L. Thompson<br>Magistrate Judge: Robert M. Illman |

## I. INTRODUCTION

Plaintiffs' Administrative Motion (ECF 85, the "Motion") is nothing more than an artifice to conduct irrelevant and harassing discovery regarding X Holdings Corp.'s ownership, even though discovery is stayed. *See* ECF 77 (staying all discovery "because Defendants' motion [to dismiss] is indeed potentially dispositive of the entire case"). This Court should not reward such gamesmanship. Defendants' Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 (the "Disclosure") is compliant with both Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15, and the Court should deny Plaintiffs' Motion.

## II. ARGUMENT

### A. Respondents' Corporate Disclosure Statement Complies with Federal Rule of Civil Procedure Rule 7.1 and Civil Local Rule 3-15.

Rule 7.1 of the Federal Rules of Civil Procedure solicits "information [to] support properly informed disqualification decisions" by the Court. F.R.C.P. 7.1, Committee Notes on Rules – 2002. A corporate party must file a statement with the Court that "identif[ies] any parent corporation and any publicly held corporation owning 10% or more of its stock" or "states that there is no such corporation." F.R.C.P. 7.1(a)(1).[1] Pursuant to Rule 7.1, defendant X Corp., through its counsel, certified that it is wholly owned by defendant X Holdings Corp., a privately held corporation. Defendants further certified that no publicly held corporation owns 10% or more of X Corp.'s stock. Finally, through counsel, Defendants certified that they were unaware of any conflict or interest (other than the named parties) that necessitated reporting. Nothing more is required.

Plaintiffs do not argue that Defendants' Disclosure fails to comply with the Federal Rules of Civil Procedure. Instead, Plaintiffs contend Defendants have not complied with the Court's Civil Local Rule 3-15, which states that a corporate disclosure must disclose persons known to have "a financial interest of any kind in the subject matter in controversy or in a party to the proceeding."

---

[1] Rule 7.1 does not require any further disclosures. Indeed, "[i]t has not been feasible to dictate more detailed disclosure requirements in Rule 7.1(a)." *See* F.R.C.P. 7.1, Committee Notes on Rules – 2002. Not only do "[u]nnecessary disclosure requirements place a burden on the parties and on courts," but "[u]nnecessary disclosure of volumes of information may create a risk that a judge will overlook the one bit of information that might require disqualification." *Id.* Further, "[u]nnecessary disclosure . . . also may create a risk that unnecessary disqualifications will be made." *Id.*

Civil L.R. 3-15(b)(2). Civil Local Rule 3-15 states in relevant part:

> The Certification must also disclose any persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or any other entities, other than the parties themselves, known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Like Rule 7.1, Civil Local Rule 3-15 is intended to aid the Court in determining whether any potential conflicts of interest exist that would lead the assigned Judge to recuse him- or herself. *See* N.D. Cal. Civil L-R 3-15(b)(1) ("The Certification must disclose whether the party is aware of any conflict, financial or otherwise, that the presiding judge may have with the parties to the litigation."). Defendants' Disclosure permits this determination.

The single case that Plaintiffs cite is not to the contrary, and is distinguishable on its facts. In *Stewart v. Screen Gems-EMI Music, Inc.*, No. 14-CV-04805-JSC, 2015 WL 13648928 (N.D. Cal. Jan. 13, 2015), the defendants submitted a corporate disclosure statement that stated that the "Defendants are all partially owned, ***indirect subsidiaries*** of Sony Corporation, a publicly-traded company organized under the laws of Japan." *Id.* at *1 (emphasis added). The plaintiff in *Stewart* claimed the disclosure was inadequate because "it fail[ed] to disclose the Defendants' parent corporations or other corporations with a financial interest in Defendants." *Id.* The plaintiff specifically pointed to e-mails from defense counsel indicating that one of the defendants was "wholly owned by another corporation," which was "wholly owned by another corporation, and that [the] chain of ownership continue[d] for several levels." *Id.* The court found that "Civil Local Rule 3-15 is clear: the disclosure must identify other entities that have "'a financial interest (of any kind) . . . in a party to the proceeding[],'" and that the defendants "admit[ted] that they did not do so." *Id.* Here, by contrast, Defendants have disclosed any and all relevant parent corporations. Unlike the *Stewart* defendants, Defendants do not contend there are any "indirect subsidiaries," but rather that "X Corp. is wholly owned by X Holdings Corp" and that "[n]o publicly held corporation owns 10% or more of X Corp.'s or X Holdings Corp.'s stock." This statement complies with Civil Local Rule 3-15.

Plaintiffs argue that because X Holdings Corp. is a defendant, its owners must have "a

1  financial interest" in the outcome of this lawsuit. Mot. at 3. But they fail to provide any basis for
2  that claim. Plaintiffs have alleged only that X Holdings Corp. "facilitated the merger of X Corp.
3  and Twitter" in 2022 (Am. Compl. ¶ 8), but offer zero well-pled allegations that X Holdings Corp.
4  was in any way involved in making decisions about Twitter's challenged severance practices, or
5  that it was responsible for the alleged denial of "severance benefits," or even that X Holdings Corp.
6  has any employees. Indeed, Plaintiffs' Motion asserts that *X Corp.*—not X Holdings Corp.—
7  purportedly "owes hundreds of millions of dollars in severance benefits" to the putative class
8  members. Mot. at 4. In short, Plaintiffs make no allegations that X Holdings Corp. owes anything,
9  much less that its *owners* have any financial interest in the outcome of the litigation.

10  The Court should deny Plaintiffs' demand that Defendants amend their Disclosure to
11  identify any individual or entity with a "financial interest" in X Holding Corp. per Civil Local Rule
12  3-15(b)(2). This Rule does not serve the interests of Plaintiffs or their counsel; it serves the Court
13  and its interests in avoiding any conflicts of interest. Because Defendants have made disclosures
14  that afford this Court the opportunity to assess whether any conflict of interests exists, it is apparent
15  that Plaintiffs' Motion is simply a tactical maneuver intended to harass Defendants and conduct
16  impermissible discovery regarding X Holdings Corp., all while the Court has stayed discovery.

### III.  **CONCLUSION**

For the foregoing reasons, Defendants request that this Court deny Plaintiffs' Motion for Administrative Relief.

Dated: May 10, 2024

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Melissa Hill*
Melissa Hill (pro hac vice)
Sean McMahan (pro hac vice)
Jared R. Killeen (pro hac vice)
Mark A. Feller

Attorneys for Defendants