Mark A. Feller (SBN 319789)
mark.feller@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: 415.442.1000

Melissa Hill (*pro hac vice*)
melissa.hill@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000

Sean K. McMahan (*pro hac vice*)
sean.mcmahan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel: 214.466.4000

Jared R. Killeen (*pro hac vice*)
jared.killeen@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000

*Attorneys for Defendants X Corp., f/k/a Twitter, Inc.; X Holdings; Elon Musk; and Does*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does,<br><br>Defendants. | Case No. 3:23-cv-03461-TLT<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:   Trina L. Thompson<br>Magistrate Judge: Robert M. Illman<br>Date: August 20, 2024<br>Time: 2:00 pm<br>Courtroom: 9 – 19th Floor |

Defendants oppose Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 87 (the "Motion")), and respectfully ask that the Court deny Plaintiffs' Motion. Not only do Plaintiffs seek to seal material that neither party has designated "confidential," in violation of Local Rule 79-5(f), but Plaintiffs' communication to the Court is completely inappropriate and prejudicial to Defendants.

## I.     THERE ARE NO GROUNDS TO FILE PLAINTIFFS' LETTER UNDER SEAL

To start, Plaintiffs abuse Local Rule 79-5(f), which permits one party to seek to seal a document that another party has designated "confidential." But Plaintiffs do not seek to seal a document Defendants have designated "confidential." Instead, Plaintiffs seek to seal a letter that their counsel drafted to the Court on May 15, 2024 (the "Letter"). The Letter contains no "confidential" information, and merely addresses at a high level two subjects: (1) the timing of a dispute between the parties over Plaintiffs' repeated and improper reliance on a privileged document, the "Severance Matrix," and (2) Plaintiff McMillian's unauthorized retention of multiple sensitive Twitter corporate documents (including the "Severance Matrix") at the time of her departure in violation of her confidentiality agreement with the company.

Plaintiffs' Letter contains no information that is subject to sealing, nor any material that is even conceivably "confidential" or "privileged." And unlike the only other time Plaintiffs filed an administrative motion to seal under Local Rule 79-5(f)—seeking to seal extensive descriptions of the "Severance Matrix" in Plaintiffs' opposition to Defendants' motion to dismiss, which were properly subject to sealing (*see* Dkt. 45)—Plaintiffs this time did not *consult* with Defendants before filing the instant Motion or ask Defendants if they *wanted* the Letter sealed. Had Plaintiffs done so, Defendants would have told them there are no grounds to seal the Letter because it is not "confidential."

Because Plaintiffs seek to seal material that no party has designated as "confidential," "privileged," or that is subject to other protections, their Motion is improper under Local Rule 79-5(f).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1     Case No. 3:23-cv-03461-RMI
DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION

## II. PLAINTIFFS' LETTER IS INAPPROPRIATE AND PREJUDICIAL

Plaintiffs ask the Court to seal a Letter drafted by their counsel that self-servingly addresses Plaintiff McMillian's retention of Twitter's privileged and confidential documents. This Letter is inappropriate and prejudicial to Defendants, and the Court should disregard it.

To start, Plaintiffs cite no basis in the Local Rules or the Court's practices for submitting their Letter to the Court because neither authority permits Plaintiffs to submit a communication about the parties' ongoing efforts to meet and confer about issues not properly before the Court. Even more puzzling is the fact that the Letter apparently seeks no relief from the Court, and thus is not only procedurally inappropriate but wholly unwarranted.

Further, Plaintiffs' Letter grossly mischaracterizes the very issue it purports to explain to the Court. In August 2023, Defendants e-mailed a letter to Plaintiffs' counsel stating that Plaintiff McMillian printed and downloaded numerous sensitive corporate documents before she left Twitter, and requested that she immediately return those documents or else destroy them. Ex. 1. On September 13, 2023, Plaintiffs' counsel stated in a letter that Plaintiff McMillian kept a flash-drive that contained a "Twitter Workday file." Ex. 2. On March 13, 2024, Defendants' counsel e-mailed Plaintiffs' counsel stating that Plaintiff McMillian downloaded and printed highly confidential company documents including the "Twitter Workday file," the attorney-client privileged "Severance Matrix," and other confidential documents related to Twitter's compensation and benefit offerings. Ex. 3. On April 3, 2024, Plaintiffs' counsel asserted in a letter that Plaintiff McMillian took only two documents from Twitter: the "Severance Matrix" and a "Twitter Workday file" containing information related to her own compensation and benefits. Ex. 4. On April 29, 2024, Defendants' counsel stated in a letter to Plaintiffs' counsel that X Corp. performed a forensic analysis showing that on several dates leading up to her departure from Twitter, Plaintiff McMillian engaged in the unauthorized transfer of multiple sensitive documents (not only the two she admitted taking) including through use of an external USB device, by downloading PDFs to a local drive, and by printing from within the company's network to a personal printer. Ex. 5. Defendants' counsel stated in their letter that the transferred materials include the attorney-client privileged "Severance Matrix"—which Plaintiff McMillian indisputably maintains in her possession without

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2   Case No. 3:23-cv-03461-TLT-RMI
DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION

authorization—as well as other sensitive and confidential Twitter materials, including documents relating to employee-wide benefits and compensation, minutes of meetings of the Compensation Committee to the Twitter Board of Directors (which Plaintiff McMillian would not have attended), and documents potentially containing sensitive employee, financial, and strategic planning data. *Id.*  In their letter, Defendants requested that Plaintiff McMillian return the documents, catalog the documents contained in the Workday file, or, at the very least, provide a declaration identifying the documents McMillian took and the status of those documents (*i.e.*, returned, destroyed, or otherwise). *Id.*  On May 20, 2024, Plaintiffs' counsel stated in a letter that Plaintiff McMillian continued to keep in her possession copies of the "Severance Matrix," the "Workday File," and "other documents" following her notice of termination from Twitter (i.e., following her internal Twitter access having been cut off), and that she continues to keep copies of the "Severance Matrix" and "Workday File" to this day. Ex. 6.  To date Plaintiff McMillian has not identified the titles or types of "other documents" she accessed leading up to her departure from Twitter or provided a declaration per Defendants' request.

Plaintiffs' Letter to the Court misrepresents the number and type of documents she took from Twitter without authorization and in violation of her confidentiality agreement, despite Defendants informing her of X Corp.'s forensic analysis on April 29, 2024.  Plaintiffs' attempt to preempt this issue by unilaterally submitting a letter to the Court—but then attempting to protect that letter from disclosure—is pure gamesmanship.  Plaintiffs' unsanctioned Letter is inappropriate and deeply prejudicial.  The Court should disregard it but, at a minimum, there is no basis on which to seal it.

Dated: May 20, 2024                                                 MORGAN, LEWIS & BOCKIUS LLP

By */s/ Melissa Hill*
Melissa Hill (pro hac vice)
Sean McMahan (pro hac vice)
Jared R. Killeen (pro hac vice)
Mark A. Feller

Attorneys for Defendants