# Morgan Lewis

**Melissa D. Hill**
Partner
+1.212.309.6318
melissa.hill@morganlewis.com

April 29, 2024

**VIA E-MAIL**

Kristi Stahnke McGregor
Sanford Heisler Sharp, LLP
611 Commerce Street, Suite 3100
Nashville, TN 37203
kmcgregor@sanfordheisler.com

Re:   *McMillian v. X. Corp., et al.* – N.D. Cal., Case No. 23-cv-03461-TLT

Counsel:

We write in response to your April 3, 2024, letter to clarify and provide further information on Defendants' position regarding Courtney McMillian's ("Plaintiff" or "Ms. McMillian") continued violation of her obligations to Twitter/X Corporation ("X Corp." or "the Company") and to reiterate our concerns regarding your conduct as her counsel in continuing to utilize privileged and confidential information and documents that Ms. McMillian improperly obtained and, upon information and belief, maintains in her possession.

As explained in the Declaration of Mary Hansbury, filed on February 23, 2024 (*see* Dkt. No. 51-1), and reiterated by counsel for Defendants via email on March 13, 2024, Ms. McMillian entered the Employee Invention Assignment and Confidentiality Agreement ("Agreement") with her former employer on October 27, 2022. *See* Exhibit A. This agreement requires Ms. McMillian to hold confidential information of the Company in the strictest of confidence and to take all reasonable precautions to prevent any unauthorized use or disclosure of the confidential information. *See* Agreement ¶ 7(b). The Agreement also explicitly prohibits Ms. McMillian from using confidential information for any purpose other than the benefit of the Company during her employment. *Id.* Confidential information includes non-public business information that Ms. McMillian became aware of during her employment and which the Company wishes to maintain as confidential. *Id.* at ¶ 7(a). Her obligations under the Agreement, as made clear in the Agreement, continue after the end of her employment with the Company. *Id.* at ¶ 7(b). The Agreement further provides that Ms. McMillian is not permitted to disclose the Company's attorney-client privileged communications or attorney work product. *Id.* at ¶ 7(e). As a preliminary matter, it is undisputed that Ms. McMillian violated this agreement by, at a minimum, taking, retaining, and publishing the Severance Matrix, which both contains "Confidential Information" as defined in the Agreement and is privileged.

In addition to these undisputed breaches of her Agreement with the Company, X Corp. is aware that in the days leading up to her separation in 2022, on October 29, November 2, and November 3, Ms. McMillian engaged in the unauthorized transfer of multiple sensitive documents including through

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060      T +1.212.309.6000
United States                 F +1.212.309.6001

April 29, 2024
Page 2

use of an external USB device, by downloading PDFs to a local drive, and by printing from within the Company's network to a personal printer. The transferred materials include the Severance Matrix—which Plaintiff indisputably maintains in her possession—as well as other sensitive and confidential Company materials: documents relating to benefits and compensation, minutes of meetings of the Compensation Committee to the Twitter Board of Directors that Ms. McMillian would not have attended, and documents potentially containing sensitive employee, financial, and strategic planning data.

You assert that Ms. McMillian was required to print and download materials during the course of her employment. That notwithstanding, we are unaware of any circumstances that would have required Ms. McMillian to download or print these materials on the day before her separation from the Company, and the method in which these files were transferred or printed directly circumvented the Company's digital security measures. Moreover, the timing of this conduct—immediately before Plaintiff's separation from the Company—renders Ms. McMillian's conduct highly suspect, especially considering that she made repeated requests to colleagues in the days preceding to be included on the anticipated November 4, 2022, RIF list. The logical conclusion based on these facts is that Ms. McMillian knew she was exiting the Company and ensured she would have continued access to certain confidential documents from the Company after leaving. Her possession of the Severance Matrix is evidence that she did exactly that.[1]

The Company further requests, yet again, that Ms. McMillian immediately return all documents that she took from her employment with Twitter/X, including the alleged WorkDay file you contend she has appropriately retained. If it is not possible to return the WorkDay file as your letter suggests, then we demand that Ms. McMillian catalog all documents contained within the file and immediately produce to Defendants a copy of the image that you claim your vendor took of the file around October/November 2022. Defendants reserve all rights and recourse with respect to Ms. McMillian's breach of her obligations to the Company and counsel's apparent continued facilitation of that breach. Moreover, Defendants remind Ms. McMillian of her obligation to preserve all documents that she took from the Company. Defendants intend to take a full image of all personal devices belonging to Ms. McMillian, including her cellular phone, where such documents may exist as part of discovery in this case should the case proceed.

As a final note, Defendants reiterate their deep concern regarding your office's continued use of a document that the Company has informed you is privileged and which Ms. McMillian took, and published, in direct violation of her Agreement and confidentiality obligations to the Company. While Defendants appreciate that there is a dispute between the parties regarding the document's privilege, it is not permissible for you to continue to use the document while a claim of privilege exists. You have an obligation—both ethically and under the parties' protective order—to refrain from using a document where a claim of privilege exists until the privilege dispute has been resolved. *See Clark v. Superior Ct.*, 196 Cal. App. 4th 37, 42, 125 Cal. Rptr. 3d 361, 365 (2011) (disqualifying plaintiff's counsel where plaintiff took privileged documents from his former employer in violation of a nondisclosure agreement and Plaintiff's counsel used the documents in the litigation); *Gotham City*

---

[1] If Ms. McMillian maintains that she is not in possession of anything other than the Severance Matrix and the Workday file, she should provide a declaration attesting to that fact or to the fact that she deleted or destroyed all of the documents or files printed or downloaded in the week preceding her separation from the Company, including the date, time, and manner of such deletion or destruction. Defendants request that Ms. McMillian provide this declaration as soon as possible, but no later than one week from the date of this letter.

April 29, 2024
Page 3

*Online, LLC v. Art.com, Inc.*, No. C 14-00991 JSW, 2014 WL 1025120, at *3 (N.D. Cal. Mar. 13, 2014) (disqualifying counsel where counsel used privileged materials obtained and provided by client to develop claim against defendant); *Bona Fide Conglomerate, Inc. v. Sourceamerica*, No. 314CV00751GPCDHB, 2016 WL 4361808, at *10 (S.D. Cal. Aug. 16, 2016) (disqualifying counsel after committing ethical violation where counsel was on notice that certain tapes were considered privileged by defendant and continued to use them); *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 817, 171 P.3d 1092, 1099 (2007) (explaining ethical obligation of attorneys to refrain from using confidential and privileged information until a claim of privilege is resolved); *see also* the Parties' Proposed Protective Order, at ¶¶ 11, 13 (Dkt. No. 78). It is violative of these obligations to continue to publicly reference the Severance Matrix as Ms. McMillian did in her declaration filed on April 12, 2024 (*see* Dkt. No 75-1). We again ask that you immediately cease this inappropriate conduct until the issue of privilege as to the Severance Matrix has been resolved by the Court.

Sincerely,

*/s/ Melissa D. Hill*

Melissa D. Hill