Mark A. Feller (SBN 319789)
mark.feller@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: 415.442.1000

Melissa Hill (*pro hac vice*)
melissa.hill@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000

Sean K. McMahan (*pro hac vice*)
sean.mcmahan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel: 214.466.4000

Jared R. Killeen (*pro hac vice*)
jared.killeen@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000

*Attorneys for Defendants X Corp., f/k/a Twitter, Inc.; X Holdings; Elon Musk; and Does*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does,<br><br>Defendants. | Case No. 3:23-cv-03461-TLT<br><br>**DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:    Trina L. Thompson<br>Magistrate Judge: Robert M. Illman<br>Courtroom: 9 – 19th Floor |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5 of the Northern District of California, Respondents X Holdings Corp., on its own behalf and as successor in interest to named Defendant X Holdings I, Inc. ("X Holdings Corp."), X Corp., on its own behalf and as successor in interest to named Defendant Twitter, Inc. ("Twitter"), and Elon Musk (collectively, "Defendants") hereby move the Court to issue an administrative order authorizing the filing under seal of Defendants' Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 ("Supplemental Corporate Disclosure Statement"). Judge Illston recently ordered precisely the same information be filed under seal in a different lawsuit against X Holdings Corp. in this District. Defendants have agreed to provide Plaintiffs with an unredacted version of the Supplemental Corporate Disclosure Statement, and Plaintiffs do not oppose Defendants' motion.

On March 7, 2024, Defendants filed a "Rule 7.1 Corporate Disclosure Statement and Civil L.R. 3-15 Certification of Conflicts and Interested Entities or Persons" (the "Certification"). Dkt. No. 55. The Certification attests that Defendant X Corp. is wholly owned by Defendant X Holdings Corp. and that no publicly held corporation owns 10% or more of X Corp.'s stock. *Id.* On May 6, 2024, Plaintiffs filed an Administrative Motion for Order Requiring Defendants to File a Certification of Conflicts and Interested Entities or Persons in Compliance with Local Rule 3-15 (the "Administrative Motion"), requesting the Court enter an order requiring Defendants to file additional disclosures identifying all owners of X Holdings Corp. Dkt. No. 85. On May 29, 2024, the Court entered an Order granting Plaintiffs' Administrative Motion and providing that "[i]f there is no conflict or interest to be disclosed, then Defendants must file a Certification that shall state: 'Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report,' after which the Signature, Attorney of Record, shall be included" (the May 29 Order"). Dkt. No. 90.

Defendants believe their original Certification satisfied the requirements under Local Rule 3-15. However, in an abundance of caution and in compliance with the Court's May 29 Order, Defendants have submitted concurrently herewith a Supplemental Corporate Disclosure Statement listing all shareholders that have an ownership interest in the privately held corporation and named

1  Defendant X Holdings Corp. However, because the identities of these owners constitute private
2  and confidential business information that is not publicly available and whose disclosure would
3  result in injury, and because Judge Illston ordered the same private and confidential business
4  information be filed under seal in a contemporaneous litigation,[1] Defendants request that the Court
5  authorize this filing under seal. In accordance with the Court's Local Rules, a redacted version of
6  the Supplemental Corporate Disclosure Statement has been filed in the public record. Because the
7  sole purpose of the Corporate Disclosure Statement under Local Rule 3-15 is to allow the judge to
8  determine whether a conflict exists that would necessitate recusal, no legitimate purpose is served
9  by any public-facing filing of this private and confidential information.

## II. LEGAL STANDARD

Courts apply a "strong presumption in favor of access" to court records. *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, the presumption of access to court records can be overcome when a party demonstrates important countervailing interests in maintaining the confidentiality of sensitive and private personal or business information. *San Jose News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999). Confidentiality protections are not limited to trade secrets. *See, e.g., Pintos v. Pac. Creditors Assoc.*, 504 F.3d 792, 801 (9th Cir. 2007); *Hagestead v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995); *see also* Fed. R. Civ. P. 26(c)(1)(G) (permitting protection of "trade secrets" and other "confidential commercial information."). Nor are confidentiality protections limited to a company's sensitive financial information, business forecasts, and intellectual property. "In deciding whether sufficient countervailing interests exist, the court will look to the public interest in understanding the judicial process and whether disclosure of the material could result in improper use . . . ." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

In addition, under Article I, section 1 of the California Constitution, persons have a constitutional inalienable right to privacy. This right to privacy includes the privacy of a person's financial information, such as investments and financial holdings. *See Valley Bank of Nevada v.*

---

[1] On June 13, 2023, Judge Illston ordered the sealing of a supplemental corporate disclosure statement and certification identifying the owners of X Holdings Corp. in another case that named X Holdings Corp. as a defendant. *Anoke v. Twitter, Inc.*, 23-cv-002217-SI, Dkt. No. 39.

*Superior Ct.*, 15 Cal. 3d 652, 656, (1975) (discussing the "inalienable right" of privacy under the California Constitution and finding that courts "may safely assume that the right of privacy extends to one's confidential financial affairs as well as to the details of one's personal life"). The existence of an ownership share and/or interest in a private corporation clearly constitutes a person's private financial information that is protected under the California Constitution.

Courts also draw an important distinction between the standard for the sealing of records attached to dispositive motions versus non-dispositive motions. *See, e.g., Best Odds Corp. v. iBus Media Ltd.*, 2014 WL 5687730, *2 (Nov. 4, 2014) (citing *Kamakana*, 447 F.3d 1172 at 1180). "This distinction is predicated on the fact that different interests are at stake with dispositive and non-dispositive motions." *Best Odds Corp.*, 2014 WL 5687730, at *2. As a result, "[w]ith non-dispositive motions*, private interests predominate*." *Id*. (emphasis added). A request to seal records attached to non-dispositive motions "merely requires satisfying Rule 26(c)" and a showing of "good cause," and the district court has "much flexibility in balancing and protecting the interests of private parties" under this standard. *Id*. Indeed, "the good cause standard may be satisfied by showing mere embarrassment, incrimination, or exposure to undue litigation expenses." *Id*. (citing Fed. R. Civ. P. 26(c)).

**III.   ARGUMENT**

The Court should grant Defendants' unopposed motion to authorize the filing under seal of Defendants' Supplemental Corporate Disclosure Statement. The Supplemental Corporate Disclosure Statement is not a motion, let alone a dispositive motion, but rather a document whose sole purpose is for the assigned judge to consider whether any conflict exists that would require recusal. Here, good cause exists to seal the portions of the filing that reveal the identifies of X Holdings Corp.'s owners/shareholders due to the countervailing interests in maintaining the confidentiality of this sensitive and private business information. The owners/shareholders of X Holdings Corp. include various individual persons, private family and other trusts, and other private entities (such as funds, LLCs and corporations). [Batura] Decl. ¶ 3. As a matter of routine practice and policy, X Holdings Corp. does not publish or make publicly available information regarding its owners/shareholders and treats such information as confidential. *Id*. Individuals and entities

investing and taking an ownership interest in a private corporation such as X Holdings Corp. expect that such information will remain private. *Id.* The disclosure of such information violates this expectation of privacy. Also, in certain cases, X Holdings Corp. is contractually bound to keep such information confidential. *Id.* For these reasons, Judge Illston recently ordered the sealing of such confidential information in another lawsuit against X Holdings Corp. *See supra* at 3, n.1.

Denying Defendants' request for sealing here will cause injury to the owners/shareholders whose identities would be disclosed in a public court filing, and to X Holdings Corp. by revealing its confidential business information. The wholesale disclosure of information regarding its owners/shareholders potentially could enable X Holdings Corp.'s competitors to undermine X Holdings Corp.'s competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of X Holdings Corp. in negotiations or other business affairs, or otherwise prejudice X Holdings Corp.'s business interests. To that end, X Holdings Corp. has policies that prohibit employees from accessing information beyond what is reasonably necessary to perform their duties, limiting access to certain non-public information, permitting access to documents and data on a need-to-know basis, and requiring employees to sign confidentiality agreements. Batura Decl. ¶ 4. The act of disclosing (and making public) financial information protected by a right of privacy itself constitutes an injury to owners' privacy interests. No less restrictive alternative exists to sealing this information that be sufficient to protect the interests at stake here.

The disclosure of X Holdings Corp.'s shareholders to the Court under seal would fully comply with and promote the purposes underlying Rule 7.1 and Civil Local Rule 3-15. Rule 7.1 of the Federal Rules of Civil Procedure serves to "support properly informed disqualification decisions" by the Court. F.R.C.P. 7.1, Committee Notes on Rules – 2002. Similarly, Civil Local Rule 3-15 is intended to aid the Court in determining whether any potential conflicts of interest exist that would lead the assigned Judge to recuse him or herself. *See* N.D. Cal. Civil L-R 3-15(b)(1) ("The Certification must disclose whether the party is aware of any conflict, financial or otherwise, that the presiding judge may have with the parties to the litigation."). As a result, Defendants' filing of the Supplemental Corporate Disclosure Statement under seal to the Court and

redacting the identities of X Holdings Corp.'s shareholders/owners from the publicly filed document fully satisfies all competing interests – allowing the Court to determine whether a conflict exists while simultaneously safeguarding confidential and private business and financial information and preventing potential misuse of this information. *See Best Odds Corp.*, 2014 WL 5687730, at *2 (granting the defendant's motion to file a redacted certificate of interested parties and noting that sealing the disclosure will "(1) satisfy Rule 7.1's purpose, by enabling the court to determine whether a conflict of interest exists, and (2) act as a prophylactic against potential[] litigation abuses that will needlessly increase the cost of litigation."); *see also Anoke,* 23-cv-002217-SI, Dkt. No. 39 (granting Twitter's motion to file the same confidential information under seal).

Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15 do not serve Plaintiffs' interests; rather, they serve the Court and its interests in avoiding potential conflicts of interest. Filing these additional disclosures under seal accomplishes those interests while protecting the interest of X Holding Corp. and its shareholders.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully move this Court to grant Defendants' unopposed administrative motion to keep sealed the Supplemental Corporate Disclosure Statement.

Dated: June 26, 2024                              MORGAN, LEWIS & BOCKIUS LLP

By */s/ Melissa Hill*
Melissa Hill (pro hac vice)
Sean McMahan (pro hac vice)
Jared R. Killeen (pro hac vice)
Mark A. Feller

Attorneys for Defendants