Mark A. Feller (SBN 319789)
mark.feller@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: 415.442.1000

Melissa Hill (*pro hac vice*)
melissa.hill@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000

Sean K. McMahan (*pro hac vice*)
sean.mcmahan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel: 214.466.4000

Jared R. Killeen (*pro hac vice*)
jared.killeen@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000

*Attorneys for Defendants X Corp., f/k/a Twitter, Inc.; X Holdings; Elon Musk; and Does*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER,<br><br>    Plaintiffs,<br><br>  v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does,<br><br>    Defendants. | Case No. 3:23-cv-03461-TLT<br><br>**DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING OF JUDICIAL RECORDS**<br><br>Judge:  Trina L. Thompson<br>Magistrate Judge: Robert M. Illman |

Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................................II

II. FACTUAL BACKGROUND .................................................................................................. 2

III. ARGUMENT ............................................................................................................................ 3

    A. The Court Should Deny Silverman's Motion to Intervene ....................................... 3

        1. Silverman Fails to Demonstrate Intervention as a Matter of Right ............ 3

            a. Silverman Fails to Show a Significant Protectable Interest in the Subject of This Action................................................................. 5

            b. Silverman Will Not Be Impaired or Impeded Whatsoever ............. 6

            c. Silverman's Interest Was Adequately Represented ........................ 6

            d. Silverman's Motion Is Untimely..................................................... 6

        2. Silverman Fails to Demonstrate Permissive Intervention........................... 8

    B. The Court Should Not Consider Silverman's Opposition to Defendants' Administrative Motion and Should Grant Defendants' Administrative Motion to Seal Records ............................................................................................ 10

        1. Silverman's Opposition to Defendants' Administrative Motion Is Untimely..................................................................................................... 10

        2. No Federal Common Law Right of Access Exists Here........................... 10

        3. No First Amendment Right of Access Exists Here................................... 13

IV. CONCLUSION ...................................................................................................................... 16

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i      Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Akimenko v. Mayorkas*,
  2022 WL 15523078 (N.D. Cal. Oct. 27, 2022) .................................................................. 10

*Arakaki v. Cayetano*,
  324 F.3d 1078 (9th Cir. 2003) ................................................................................ 3, 4, 5, 6

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) .............................................................................................. 4

*Best Odds Corp. v. iBus Media Ltd.*,
  2014 WL 5687730 (D. Nev. Nov. 4, 2014) ............................................................ 11, 12, 15

*Bohannon v. Facebook, Inc.*,
  2019 WL 188671 (N.D. Cal. Jan. 14, 2019) ..................................................................... 14

*Chamness v. Bowen*,
  722 F.3d 1110 (9th Cir. 2013) ........................................................................................... 7

*Courthouse News Serv. v. Planet*,
  947 F.3d 581 (9th Cir. 2020) ........................................................................................... 13

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
  809 F.3d 1092 (9th Cir. 2016) ......................................................................................... 11

*Donnelly v. Glickman*,
  159 F.3d 405 (9th Cir. 1998) ................................................................................... 3, 5, 8, 9

*Ford v. City of Huntsville*,
  242 F.3d 235 (5th Cir. 2001) ............................................................................................. 5

*League of United Latin Am. Citizens v. Wilson*,
  131 F.3d 1297 (9th Cir. 1997) ................................................................................ 3, 4, 8, 9

*Mayer v. Patriot Pickle Inc.*,
  2024 WL 162881 (W.D.N.Y. Jan. 16, 2024) ............................................................... 12, 13

*McGrath v. DoorDash, Inc.*,
  2020 WL 7227197 (N.D. Cal. Dec. 8, 2020) .................................................................... 10

*Otoski v. Avidyne Corp.*,
  WL 13195530 (D. Or. 2012) .............................................................................................. 4

*Press-Enter. Co. v. Super. Ct.*,
  478 U.S. 1 (1986) ............................................................................................................ 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii   Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.*,
   187 F.3d 1096 (9th Cir. 1999) ................................................................................... 4, 7, 8

*Seattle Times Co. v. Rhinehart*,
   467 U.S. 20 (1983) ................................................................................................................ 11

*Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*,
   312 F.R.D. 673 (S.D. Ga. 2016) ................................................................................. 14, 15

*United States v. Alisal Water Corp.*,
   370 F.3d 915 (9th Cir. 2004) ........................................................................................ 4, 6

*United States v. State of Oregon*,
   745 F.2d 550 (9th Cir. 1984) ................................................................................................ 6

*Valley Bank of Nevada v. Superior Ct.*,
   15 Cal. 3d 652 (1975) ..................................................................................................... 9, 13

**Statutes**

Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461
   ("ERISA") ......................................................................................................................... 5, 6, 7

**Other Authorities**

Cal. Const., Art. I § 1 ............................................................................................................. 9, 13

Civil L.R. 3-15 ................................................................................................................... 1, 2, 3, 16

Civ. L.R. 7-11(b) ........................................................................................................................ 1, 10

Civ. L.R. 79-5 ................................................................................................................................. 15

Fed. R. Civ. P. 7.1 ................................................................................................................. *passim*

Fed. R. Civ. P. 24 ................................................................................................................. *passim*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii                           Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
OPPOSE SEALING JUDICIAL RECORDS

## I. INTRODUCTION

Non-party and putative intervenor Jacob Silverman's ("Silverman") Motion to Intervene and Oppose Sealing Judicial Records (the "Motion") should be denied. Silverman has failed to demonstrate a legitimate basis for intervention. And even if he were able to intervene, his opposition to sealing a purely administrative corporate disclosure statement is untimely and lacks merit. The Court should deny Silverman's Motion, and grant Defendants' Administrative Motion to File Under Seal (the "Administrative Motion").

First, Silverman has failed to establish entitlement to intervention, either as of right under Federal Rule of Civil Procedure 24(a) or via permissive intervention under Rule 24(b). As the putative intervenor, Silverman bears the burden of proving each of the requisite elements for intervention. Silverman's cursory and conclusory arguments that he is entitled to intervene both as a matter of right and permissively fall woefully short of meeting his burden. Further, Silverman seeks to intervene when this Court has already dismissed Plaintiffs' claims. And because Plaintiffs have stated that they will *not* be amending their complaint and will instead seek to appeal dismissal in the Ninth Circuit (Dkt. No. 100), this matter is all but closed. Silverman should not be permitted to intervene in a case that is no longer being litigated in this Court. His Motion to intervene should be denied.

Second, Silverman's opposition to Defendants' motion to seal their Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 (the "Statement") is untimely. Defendants filed their unopposed Administrative Motion on June 26, 2024. Under Civil Local Rule 7-11, any opposition to an administrative motion "must be filed no later than 4 days after the motion has been filed." Civ. L.R. 7-11(b). But Silverman did not file his Motion until July 9, 2024, thirteen days after Defendants filed the Administrative Motion and nine days *after the deadline* imposed by Civil Local Rule 7-11. Because Silverman's opposition to Defendants' Administrative Motion is untimely, the Court should decline to consider it.

Third, Silverman's opposition to the Administrative Motion fails on the merits. Even if the Court were to ignore Silverman's delay in filing the opposition, neither the federal common law nor the First Amendment justifies public access to the Statement. A corporate disclosure statement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

Case No. 3:23-cv-03461-TLT

DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

is simply an administrative document for the benefit of the judge—not the public—to reference in determining whether recusal may be appropriate. The Statement was not part of any dispositive motion and was not tangentially or even remotely related in any way to the merits of this action—which the Court dismissed on totally distinct grounds on the same day Silverman filed his Motion. *See* Dkt. No. 97. Unsealing the Statement now is completely unwarranted and highly prejudicial to Defendants, and would severely violate the right of privacy of the shareholders identified in the redacted Statement. Indeed, if Silverman's position were adopted, then any plaintiff could make public the entire confidential list of any private company's shareholders through the simple mechanism of filing an unmeritorious (even frivolous) lawsuit against the company, thereby triggering an obligation to submit a corporate disclosure statement at the outset of the case for recusal purposes. Moreover, any person could make public such a list of private company shareholders simply by intervening in any existing lawsuit—even one the Court has dismissed—for no other purpose. That has never been the law. The Court should grant Defendants' Administrative Motion to seal the Statement.

## II.  FACTUAL BACKGROUND

On March 7, 2024, Defendants filed a "Rule 7.1 Corporate Disclosure Statement and Civil L.R. 3-15 Certification of Conflicts and Interested Entities or Persons" (the "Certification"). Dkt. No. 55. The Certification attested that Defendant X Corp. is wholly owned by Defendant X Holdings Corp. and that no publicly held corporation owns 10% or more of X Corp.'s stock. *Id*.

On May 6, 2024, Plaintiffs filed an Administrative Motion for Order Requiring Defendants to File a Certification of Conflicts and Interested Entities or Persons in Compliance with Local Rule 3-15, requesting the Court enter an order requiring Defendants to file additional disclosures identifying all owners of X Holdings Corp. Dkt. No. 85.

On May 29, 2024, the Court entered an Order granting Plaintiffs' motion and providing that "[i]f there is no conflict or interest to be disclosed, then Defendants must file a Certification that shall state: 'Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report,' after which the Signature, Attorney of Record, shall be included." Dkt. No. 90.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

2   Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

While Defendants believed their original Certification satisfied the requirements under Local Rule 3-15, in an abundance of caution and in compliance with the Court's May 29 Order, Defendants filed their Supplemental Corporate Disclosure Statement listing all shareholders that have an ownership interest in the privately held corporation and named Defendant X Holdings Corp. However, because the identities of those shareholders constitute private and confidential business information that is not publicly available and whose disclosure would result in injury, Defendants filed their Unopposed Administrative Motion to File Under Seal on June 26, 2024. Plaintiffs did not oppose the Administrative Motion.

On July 9, 2024, Silverman filed his Motion seeking to intervene in this case and to oppose sealing Defendants' Statement. Dkt. No. 96. On the same day, the Court entered an order granting Defendants' motion to dismiss Plaintiffs' Amended Complaint. Dkt. No. 97. The Court allowed Plaintiffs 21 days to amend their complaint. *Id.* On July 30, Plaintiffs filed a Notice of Intent to Stand on the Complaint, asking the Court to "enter an appealable final judgment so Plaintiffs may pursue an appeal to the United States Court of Appeals for the Ninth Circuit." Dkt. No. 100. In other words, Plaintiffs are no longer litigating their claims in this Court. Silverman's Motion in this case came six days after he filed a nearly identical motion to intervene and unseal a supplemental corporate disclosure statement in another case that named X Holdings Corp. as a defendant, *Anoke v. Twitter, Inc.*, 23-cv-002217-SI (N.D. Cal.), Dkt. No. 96.

### III. ARGUMENT

#### A. The Court Should Deny Silverman's Motion to Intervene

##### 1. Silverman Fails to Demonstrate Intervention as a Matter of Right

Intervention as a matter of right under Federal Rule of Civil Procedure 24(a) is permitted only when the moving party demonstrates that: (1) they have a significant protectable interest relating to the property or transaction that is the subject of the action; (2) they are situated such that the disposition of the action may impair or impede their ability to protect their interest; (3) their interest is not adequately represented by the existing parties; and (4) they have timely moved to intervene. *See, e.g., Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) *as amended* (May 13, 2003); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *League of United Latin Am.*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3   Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

*Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). The party seeking intervention bears the burden of demonstrating that *each* of these elements has been satisfied. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Failure to satisfy any one of these four requirements is fatal to the attempt to intervene. *See, e.g., Arakaki*, 324 F.3d at 1083 ("Each of these four requirements must be satisfied to support a right to intervene."); *League of United Latin American Citizens*, 131 F.3d at 1302 ("[F]our elements, each of which must be demonstrated in order to provide a non-party with a right to intervene[.]").

Here, Silverman does not even attempt to meet this burden and has failed to establish each of the requisite elements for intervention as a matter of right under Rule 24(a). *See* Mot. at 5-6. Silverman simply glosses over these elements (and fails to address the second element at all), making the conclusory assertion that he is "entitled to intervene as of right" based on a non-binding, entirely distinguishable decision from the Fifth Circuit. Notably, Silverman fails to cite a single Ninth Circuit decision supporting his intervention as a matter of right under Rule 24(a). Based on Defendants' review of the relevant authority, no Ninth Circuit case has ever held that intervention as a matter of right under Rule 24(a) is proper where a party seeks to intervene for the limited purpose of unsealing judicial records.[1] In fact, the lone case within the Ninth Circuit addressing this issue denied intervention as of right and found that "the public's common law right of access to the courts is *not* the type of interest that Rule 24(a) is designed to protect." *Otoski v. Avidyne Corp.*, WL 13195530 (D. Or. 2012) (emphasis added) (further noting that intervention as of right under Rule 24(a) "is designed to allow non-parties to intervene in order to influence the outcome of the litigation in some way"). For these reasons, and as discussed in further detail *infra*, Silverman

---

[1] Notably, the only Ninth Circuit cases cited by Silverman involved *permissive* intervention under FRCP 24(b). *See, e.g.*, Mot. at 5-6 (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096 (9th Cir. 1999) and *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992)). And neither *San Jose Mercury News* nor *Beckman Industries* supports permissive intervention here, as the facts in those cases are entirely distinguishable. Indeed, neither of these cases involved a putative intervenor's request to intervene and unseal a corporate disclosure statement. *See, e.g.*, *San Jose Mercury News, Inc.*, 187 F.3d at 1098 (putative intervenor seeking access to an investigatory report commissioned by the City of Mountain View in connection with a sexual harassment suit brought by two female police officers against Mountain View and its police department); *Beckman Indus., Inc.*, 966 F.2d at 471 (putative intervenor seeking access to six deposition transcripts taken in an earlier action).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4   Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

has not met and cannot meet his burden to intervene as a matter of right under Rule 24(a).

### a. *Silverman Fails to Show a Significant Protectable Interest in the Subject of This Action*

"The requirement of a significantly protectable interest is generally satisfied when 'the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue.'" *Arakaki*, 324 F.3d at 1084. "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant. *Donnelly*, 159 F.3d at 410.

Here, there is no relationship between Silverman's alleged protected interest (*i.e.*, the public's access to judicial records) and the claims at issue (*i.e.*, Plaintiffs' claims that they are entitled to severance benefits under ERISA), which the Court has dismissed. Grasping at straws to meet this element, Silverman argues that he is "entitled to intervention as of right" because, as a journalist, he has a legal interest in challenging a confidentiality order. Mot. at 6:1-5. However, this purported "interest" is not at all related to Plaintiffs' claims, which sought severance benefits under an ERISA-governed severance plan which this Court found does not exist.

Silverman's reliance on a Fifth Circuit decision is misplaced. *See* Mot. at 6 (citing *Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001)). In *Ford*, the appellant sought to unseal a settlement agreement that was executed with the City. 242 F.3d at 240. The Fifth Circuit found that the appellant had a legally protected interest in the subject matter of the action, which stemmed from a *specific* Texas statute providing that "a settlement agreement to which a governmental body is a party," is "public information and [is] not excepted from required disclosure under this chapter unless [it is] expressly confidential under other law." *Id.* Here, in contrast, no similar statute supports any legal interest that Silverman claims to have in making public a corporate disclosure statement that Defendants seek to seal (and whose sealing Plaintiffs do not oppose). Unlike in *Ford,* no government entity is involved here, and Defendants filed the Statement under seal to protect the identities of *private* individuals and entities that are shareholders of a *privately* held company. Silverman cannot show that he has a significant protectable interest relating to Plaintiffs' claims in a lawsuit that has been dismissed, and thus no basis for intervention as a matter of right

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

5   Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

1  exists.

### b. *Silverman Will Not Be Impaired or Impeded Whatsoever*

Silverman's Motion is utterly silent as to the second requisite element – *i.e.*, how he would be impaired or impeded in his ability to protect his interest without intervention. Of course, Silverman will not be impaired or impeded in any way without intervention, because the resolution of Plaintiffs' claims—which the Court already dismissed once, while holding that Plaintiffs may not reassert the same claims under ERISA in an amended complaint—will have no bearing on Silverman whatsoever. Further, as the party seeking intervention, *Silverman bears the burden* to show how the requisite elements are satisfied. *See Alisal Water Corp.*, 370 F.3d at 919. Because Silverman has failed to address this element at all, his attempt at intervention as of right must be rejected. *See, e.g., Arakaki*, 324 F.3d at 1083.

### c. *Silverman's Interest Was Adequately Represented*

The Ninth Circuit considers the following three factors in determining the adequacy of representation element: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086. Here, Silverman does *not argue* that Plaintiffs were not capable of opposing Defendants' Administrative Motion to seal the Statement. Indeed, after seeking to require Defendants to supplement their original Certification, Plaintiffs were presented an opportunity to oppose the Administrative Motion, but chose not to do so. Because Silverman does not even attempt to explain why his interests were not adequately represented when the Administrative Motion to seal was put before the Court, he fails to satisfy this element.

### d. *Silverman's Motion Is Untimely*

In determining timeliness, courts weigh the following three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). Further, "[i]n analyzing timeliness, [courts] focus on the date the person attempting to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6    Case No. 3:23-cv-03461-TLT

DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

1  intervene should have been aware his interest[s] would no longer be protected adequately by the
2  parties […] ." *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013).  Here, these three factors
3  all weigh in favor of the Court finding that his Motion was untimely.

4  To start, Silverman filed his Motion on the same day this Court granted Defendants' Motion to Dismiss the Amended Complaint.  Dkt. No. 97.  In its Order, the Court dismissed Plaintiffs' ERISA claims in their entirety.  *Id.*  The Court held that "[a]mendment as to any of the ERISA claims would be futile," and permitted Plaintiffs leave to amend their complaint only to the extent they alleged "non-ERISA claims for breach of contract, promissory estoppel, etc." *Id.* at 22.  The Court also noted that if Plaintiffs choose to file an amended complaint, the Court "will consider issuing an Order finding this case related to one of the cases currently pending, such as *Cornet,* No. 23-cv-00441-JLH[,] *Arnold*, No. 23-cv-00528-JLH-CJB and *Woodfield*, No. 23-cv-0780-JLH[.]" *Id.* at 23.  Plaintiffs have stated they will not amend their complaint, meaning the matter is all but closed. Dkt. No. 100.  Silverman's request to intervene in a case where Plaintiffs' claims have been dismissed cannot be construed as timely, and he should not be allowed to intervene where the parties are no longer litigating their claims and defenses simply to seek the disclosure of private information that should be kept under seal.

Next, Defendants will be highly prejudiced if Silverman intervenes and succeeds in opposing the sealing of the Statement.  The private individuals and entities who have an ownership interest in the privately held corporation, X Holdings Corp., have privacy rights that weigh in favor of keeping their identities confidential.  Defendants will be prejudiced if the privacy rights of X Holdings Corp.'s owners are violated by Silverman's request to disclose their identities.  The prejudice to Defendants if intervention is permitted weighs against Silverman's Motion being timely.

Finally, the inquiry into any delay "looks to when the intervenor first became aware that its interests would no longer be adequately protected by the parties." *San Jose Mercury News*, 187 F.3d at 1100–01.  While Defendants dispute that Silverman's interests were not adequately protected by the parties, if there were a point when Silverman should have determined his interests were arguably no longer protected by the parties, it would have been when Defendants filed their

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7   Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

1  unopposed Administrative Motion on June 26, 2024.  Instead, Silverman waited to file his Motion
2  more than *two weeks* later, on the eve of dismissal of Plaintiffs' claims.  Silverman filed a nearly
3  identical motion to unseal the supplemental corporate disclosure in *Anoke* on July 3, 2024, nearly
4  a week before he sought to intervene here, and might have easily filed the same motion in this case
5  on the same day (or even earlier).  Silverman's Motion makes no effort to justify his unwarranted
6  delay in bringing this Motion.  Because he failed even to address this issue, Silverman cannot
7  demonstrate that his Motion was timely filed.

### 2. Silverman Fails to Demonstrate Permissive Intervention

Unlike intervention as a matter of right under Federal Rule of Civil Procedure 24(a), permissive intervention under Rule 24(b) is entirely discretionary.  Generally, under Rule 24(b)(2), an applicant seeking permissive intervention must establish that: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, 159 F.3d at 412.  A narrow exception to a non-party's obligation to establish all three of these elements is when a non-party seeks to intervene for the limited purpose of unsealing court records, in which case the proposed intervenor is required only to satisfy the timeliness factor for permissive intervention. *See San Jose Mercury News*, 187 F.3d at 1100.

Courts analyze the same three factors for timeliness for both mandatory and permissive intervention. *See supra* at 7-8; *see also San Jose Mercury News*, 187 F.3d at 1100-01 ("In determining whether a motion for intervention is timely, a court must consider three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.") (internal quotation marks and citation omitted).  However, "[i]n the context of permissive intervention . . . [courts] analyze the timeliness element more strictly" than for intervention as a matter of right. *Wilson*, 131 F.3d at 1308.  And, even if an applicant meets the requisite elements for permissive intervention, "[a] district court has discretion to deny permissive intervention" if "intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Donnely*, 159 F.3d at 412; Fed. R. Civ. P. 24(b)(3).

Timeliness is construed even *more strictly* with respect to Silverman's request for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8                                   Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

permissive intervention than it is for mandatory intervention. *Wilson*, 131 F.3d at 1308. Because Silverman failed to meet his burden of showing timeliness for his claim for mandatory intervention under Rule 24(a) (*see supra* at 7-8), he clearly has not met the timeliness standard for permissive intervention. In addition, the Court still possesses discretion to deny the Motion based on unfair prejudice the intervention would cause to the existing parties. *Donnely*, 159 F.3d at 412; Fed. R. Civ. P. 24(b)(3). Here, Silverman's request to intervene at the very moment that the Court has dismissed Plaintiffs' claims and is an unjustified and costly intrusion on both Defendants and the Court. Moreover, Plaintiffs are not amending their complaint, meaning that the matter is effectively closed in this Court. That Defendants should now be required to unseal highly sensitive and private information after a hard-fought litigation and at the very moment of their vindication would be unfair and highly prejudicial. It also prejudices Defendants to litigate the sealing of the Statement when the parties had already agreed that Plaintiffs would not oppose such a sealing. And, of course, it prejudices Defendants because the Motion seeks to violate the rights to privacy and confidentiality that individuals have with respect to their private investments in privately held companies. *See* Cal. Const., Art. I § 1 ("All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and **privacy**.") (emphasis added); *see also Valley Bank of Nevada v. Superior Ct.*, 15 Cal. 3d 652, 656, (1975) (discussing the "inalienable right" of privacy under the California Constitution and finding that courts "may safely assume that the right of privacy extends to one's confidential financial affairs as well as to the details of one's personal life").

The Court should deny permissive intervention on the grounds that the Motion is untimely or, alternatively, the Court should exercise its discretion to deny permissive intervention based on the prejudice that would result if intervention were granted.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9   Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

**B.  The Court Should Not Consider Silverman's Opposition to Defendants' Administrative Motion and Should Grant Defendants' Administrative Motion to Seal Records**

**1.  Silverman's Opposition to Defendants' Administrative Motion Is Untimely**

Silverman's opposition to Defendants' Administrative Motion to seal the Statement is untimely. Civil Local Rule 7-11 requires any opposition to an administrative motion "be filed no later than 4 days after the motion has been filed." Civ. L.R. 7-11(b). Here, Defendants filed their Administrative Motion on June 26, 2024. But Silverman did not file his Motion in opposition until July 9, 2024, thirteen days after Defendants filed the Administrative Motion and nine days *after the deadline* imposed by Civil Local Rule 7-11. Because Silverman "failed to timely oppose" Defendants' Administrative Motion, his arguments are waived. *McGrath v. DoorDash, Inc.*, 2020 WL 7227197, at *2 (N.D. Cal. Dec. 8, 2020); *see also Akimenko v. Mayorkas*, 2022 WL 15523078, at *1 (N.D. Cal. Oct. 27, 2022) (granting administrative motion where party "did not timely oppose").

Silverman's untimely opposition is especially inexplicable here, given that he claims he has "written repeatedly on Elon Musk's purchase of Twitter" and has been keenly tracking Elon Musk and/or Twitter's activities for the last two years now. Mot. at 2-3. If this is true, Silverman should have been aware that the plaintiffs in *Anoke* filed a motion opposing the sealing of the same list of private individuals and entities with an ownership interest in X Holdings Corp. back in *June 2023*, as the motion was a publicly available document. Silverman does not explain why he waited *more than a year* after that filing to assert his right to access the list of individuals and entities, or why he was able to file a motion to unseal the list in *Anoke* nearly a week before seeking to intervene in this case. As a result, the Court should deny Silverman's opposition as untimely and grant Defendants' Administrative Motion.

**2.  No Federal Common Law Right of Access Exists Here**

Even putting aside its untimeliness, Silverman's opposition fails on the merits. To start, Silverman has no common law right to access the Statement. The Ninth Circuit has held that the presumption of the public's right of access does *not apply* to sealed documents attached to non-

dispositive motions. *Phillips*, 307 F.3d at 1213 (holding that "the federal common law right of access does not apply to documents filed under seal."). In *Phillips*, the court was cognizant of the "public policy reasons behind a presumption of access to judicial documents (judicial accountability, education about the judicial process etc.)," however, the court ultimately found that it would make "little sense" to render a district court's protective order useless simply because the sealed document was attached to a nondispositive motion filed with the court." *Id.* (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1983) ("Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.")). As a result, in the Ninth Circuit, the presumption of the public's right of access to judicial records is rebutted where those sealed documents are attached to non-dispositive motions. *Phillips*, 307 F.3d at 1213. Under those circumstances, the party seeking disclosure of the sealed document (*i.e.*, Silverman) must present "sufficiently compelling reasons" why the sealed document should be released. *Id.*

Despite Silverman's suggestion otherwise, *Phillips* and the case law adopting its reasoning, including specifically *Best Odds Corp. v. iBus Media Ltd.*, 2014 WL 5687730, at *2 (D. Nev. Nov. 4, 2014), have not been overruled. *See* Mot. at 10 n.3 (falsely asserting that *Best Odds* is "no longer good law"). After *Phillips*, the Ninth Circuit only clarified that the focus of the non-dispositive versus dispositive inquiry articulated in *Phillips* and various other Ninth Circuit cases is "whether the motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) (collecting authorities). The court recognized that "nondispositive motions are sometimes not related, or only tangentially related, to the merits of a case, as in *Phillips*," but that some nondispositive motions, such as motions in limine, could be "strongly correlative to the merits of a case" and would then justify the application of the compelling reasons standard. *Id.*

Here, the corporate disclosure statement that Silverman seeks to unsealed is, perhaps, as far removed from a dispositive motion as possible. It is undisputed that the Statement is not "strongly correlative to the merits of a case," and not even remotely, tangentially, or in any way at all related

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

to the merits of Plaintiffs' Amended Complaint, which the Court dismissed without any reference to the Statement. Silverman fails to point to a single Ninth Circuit decision or case within this circuit finding that the common law presumption of access to judicial records should apply to corporate disclosure statements. In fact, the only case that Silverman cites on this issue *found the exact opposite*.[2] *See Best Odds Corp.*, 2014 WL 5687730, at *2 (granting the defendant's motion to file a redacted certificate of interested parties and noting that sealing the disclosure will "(1) satisfy Rule 7.1's purpose, by enabling the court to determine whether a conflict of interest exists, and (2) act as a prophylactic against potential[] litigation abuses that will needlessly increase the cost of litigation.").

In *Best Odds*, the court discussed the distinction between the standard for sealing of records attached to dispositive versus non-dispositive motions, and correctly explained that "[t]his distinction is predicated on the fact that different interests are at stake with dispositive and non-dispositive motions." *Best Odds Corp.*, 2014 WL 5687730, at *2. As a result, it is generally the case that "[w]ith non-dispositive motions, **private interests predominate**." *Id.* (emphasis added). Because the corporate disclosure statement was non-dispositive, the district court in *Best Odds* found that a showing of "good cause" was the proper standard for sealing the statement. *Id.* The court in *Best Odds* further emphasized that a district court has "much flexibility in balancing and protecting the interests of private parties" under this standard. *Id.* ("[T]he good cause standard may be satisfied by showing mere embarrassment, incrimination, or exposure to undue litigation expenses.") (citing Fed. R. Civ. P. 26(c)).

Faced with no binding or persuasive authority in support of his position, Silverman relies on a non-binding district court decision from the Western District of New York to argue that the common law right of access applies to Defendants' corporate disclosure statement and warrants unsealing. *See* Mot. at 8, 10, 11 (citing *Mayer v. Patriot Pickle Inc.*, 2024 WL 162881 (W.D.N.Y. Jan. 16, 2024)). Putting aside the fact that the *Mayer* decision is neither binding nor persuasive

---

[2] Other than *Best Odds*, every single decision cited in footnote 3 in Silverman's Motion is out of circuit, non-binding and non-persuasive authority. *See* Mot. at fn. 3. Silverman's unsupported statement that *Best Odds* is "no longer good law" is contradicted by the absence of any authorities negatively citing *Best Odds* in Westlaw or any precedential authority contradicting its holding.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

12    Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

authority, the facts in that case are also entirely distinguishable. Indeed, in *Mayer*, the court found the defendant had "not provided good reason why its Rule 7.1 statement should remain confidential" and as a result, that the defendant had "not overcome the presumption of access that attaches to that document." *Id.*, at *5. Here, by contrast, Defendants submitted evidentiary support for their Administrative Motion to seal, and Plaintiffs did not oppose. *See* Dkt. No. 95. While Defendants dispute that the compelling reasons standard applies, they maintain that they have nonetheless shown compelling reasons for the non-disclosure of the sealed information in the Statement. Article I, section 1 of the California Constitution provides a constitutional inalienable right to privacy, which includes the privacy of a person's financial information, such as investments and financial holdings. *See* Cal. Const., Art. I § 1 (providing that a person's privacy is an "inalienable right"); *see also Valley Bank of Nevada v. Superior Ct.*, 15 Cal. 3d 652, 656, (1975) (emphasizing that the "inalienable right" of privacy under the California Constitution "extends to one's confidential financial affairs"). The existence of an ownership share and/or interest in a privately corporation constitutes private financial information that is protected under the California Constitution.

In contrast, as the party seeking disclosure of the sealed document, Silverman bears the burden to present "sufficiently compelling reasons" for why the sealed document should be disclosed. *Phillips*, 307 F.3d at 1213. Silverman has failed to present sufficient countervailing interests that outweigh the significant private interests warranting the sealing of the Statement here. His opposition fails, and Defendants' Administrative Motion should be granted.

### 3. No First Amendment Right of Access Exists Here

Silverman argues that the First Amendment right of access supports the unsealing of the Statement. Courts apply an "experience and logic" test to evaluate "the institutional value of public access to judicial proceedings and records to determine whether the First Amendment provides a presumption of access." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 590 (9th Cir. 2020). "To determine whether a First Amendment right of access attaches to a type of judicial proceeding or record, [courts] consider (1) whether that proceeding or record 'ha[s] historically been open to the press and general public' and (2) 'whether public access plays a significant positive role in the

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

13   Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

functioning of the particular [governmental] process in question.' " *Id.* (quoting *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 8 (1986)). Thus, to prevail on his First Amendment right of access claim, Silverman must show that corporate disclosure statements (1) have historically been open to the press and general public, and (2) play a significant positive role in the functioning of the particular governmental process in question. *Id.* He cannot do either.

As an initial matter, Defendants are not aware of a single Ninth Circuit decision granting a request to unseal a corporate disclosure statement based on a First Amendment right-of-access theory (nor are Defendants aware of any Ninth Circuit decision granting such a request based on a common law right-of-access theory). Silverman cites no such Ninth Circuit cases.[3] Instead, throughout his Motion, Silverman heavily relies on a non-binding, district court decision from the Southern District of Georgia. *Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 675 (S.D. Ga. 2016). Silverman's reliance on *Steel Erectors* is misplaced and inapposite.

In *Steel Erectors*, the defendant, a foreign company, filed a motion to seal its corporate disclosure statement to prevent the naming of its parent company, also a foreign company. *Id.* The court emphasized that the Federal Rules of Civil Procedure "specifically mandates disclosure of '*any* parent corporation'" – whether domestic or foreign. *Id.* (citing Fed. R. Civ. P. 7.1(a)(1)) (emphasis in original). The court ultimately denied the defendant's motion to seal and ordered the defendant to file an unredacted corporate disclosure statement that lists "any parent corporation," whether foreign or domestic. *Id.* Significantly, the court in *Steel Erectors* relied on the Southern District of Georgia's particularized local rules for sealing documents in concluding that a party needs to show that their "interest is more important than the public's interest in disclosure" in order to "receive sealing consideration." *Id.*

Here, unlike the defendant in *Steel Erectors*, Defendants never sought to seal the identity of a parent company. Rather, Defendants sought to seal – and Plaintiffs did not oppose sealing – the

---

[3] In fact, a court within this district questioned whether the First Amendment standard even applied to access to civil proceedings as opposed to access to just criminal proceedings. *See Bohannon v. Facebook, Inc.*, 2019 WL 188671, at *2 (N.D. Cal. Jan. 14, 2019) ("The Ninth Circuit has not squarely addressed whether the First Amendment standard also applies to access to civil proceedings as opposed to access to criminal judicial records and documents.")

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

14                    Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

identities of all the private shareholders of X Corp.'s privately-held parent company, X Holdings Corp. *Steel Erectors* did not apply Ninth Circuit law or the Northern District of California's local rules regarding sealing. Rather, the court in *Steel Erectors* applied the local rules specific to the Southern District of Georgia, which differ from the Northern District of California's rules.

The Southern District of Georgia's standard for sealing documents specifically requires the following: "The party seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment by showing that closure is *essential to preserve some higher interest and is narrowly tailored to serve that interest*." Southern District of Georgia Civil Local Rule 79.7(d) (emphasis added). That standard appears to be akin to strict scrutiny. In contrast, the Northern District of California's local rules provide for a less stringent standard, instead requiring that a party moving to seal a document must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Northern District of California Civil Local Rule 79-5(c). A party can also provide "evidentiary support from declarations where necessary." *Id*. The strict scrutiny standard advanced by Silverman is entirely absent from the Northern District of California's local rules regarding sealing and is not applicable to this matter. Simply put, this Court is not subject to the heightened standard articulated in the *Steel Erectors* decision.

While corporate disclosure statements are generally publicly available on court dockets, the information regarding the identities of privately held companies' shareholders is not publicly available information. Further, it is not the public that plays a significant role in the functioning of the corporate disclosure statement process – it is the judge. *See Best Odds Corp.*, 2014 WL 5687730, at *2 (noting "Rule 7.1's purpose" which is to "enable[e] the court to determine whether a conflict of interest exists"). The information in the corporate disclosure statements is provided in order for the assigned judge to evaluate whether she should recuse herself – it is not being provided for the public's own benefit.

Finally, and with due respect for this Court, Defendants contend that the shareholder

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

15   Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS

identities provided in the sealed Statement were not required to be provided under the text of either Federal Rule of Civil Procedure 7.1 or Northern District of California Civil Local Rule 3-15. To be clear, Plaintiffs requested this specific information, Defendants opposed providing it, and Defendants provided the information only in response to the Court's order. *See* Dkt. No. 90. Defendants did not volunteer this information and in fact dispute that the information provided in the Statement is required in a corporate disclosure statement, all of which further underscores how Defendants will be severely prejudiced if this information is unsealed.

## IV.  CONCLUSION

For the reasons explained, the Court should deny Silverman's Motion to intervene, and grant Defendants' Administrative Motion to File Under Seal.

Dated: July 30, 2024                    MORGAN, LEWIS & BOCKIUS LLP

By */s/ Melissa Hill*
Melissa Hill (pro hac vice)
Sean McMahan (pro hac vice)
Jared R. Killeen (pro hac vice)
Mark A. Feller

Attorneys for Defendants

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

16                                  Case No. 3:23-cv-03461-TLT
DEFENDANTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING JUDICIAL RECORDS