# Exhibit A

Mark A. Feller (SBN 319789)
mark.feller@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: 415.442.1000

Melissa Hill (*pro hac vice*)
melissa.hill@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000

Sean K. McMahan (*pro hac vice*)
sean.mcmahan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel: 214.466.4000

Jared R. Killeen (*pro hac vice*)
jared.killeen@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000

*Attorneys for Defendants X Corp., f/k/a Twitter, Inc.; X Holdings; Elon Musk; and Does*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER, <br><br> Plaintiffs, <br><br> v. <br><br> X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does, <br><br> Defendants. | Case No. 3:23-cv-03461-TLT <br><br> **DEFENDANTS' SURREPLY IN OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE** <br><br> Judge:   Trina L. Thompson <br> Magistrate Judge: Robert M. Illman |

X Corp. (formerly known as "Twitter"), X Holdings Corp., and Elon Musk (collectively, "Defendants") respectfully submit this surreply in opposition to non-party Jacob Silverman's Motion to Intervene and Oppose Sealing Judicial Records (the "Motion to Intervene").  Dkt. No. 96.  Because Plaintiffs Courtney McMillian and Ronald Cooper noticed their appeal of the Court's judgment in favor of Defendants on August 14, 2024 (Dkt. No. 109), this Court lacks jurisdiction to entertain the Motion to Intervene and should deny it.

As courts in the Ninth Circuit recognize, "[t]he basic general rule is that an appeal to a higher court ousts the jurisdiction of the lower courts." *Assoc. Gen. Contractors of Cal. v. Sec'y of Com. of U. S. Dep't of Com.*, 77 F.R.D. 31, 35 (C.D. Cal. 1977) (citing *Hovey v. McDonald*, 109 U.S. 150, 157 (1883); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); (notice of appeal confers jurisdiction on court of appeals and divests district court of jurisdiction) *Bryant v. Crum & Forster Specialty Ins. Co.*, 502 F. App'x 670, 671 (9th Cir. 2012) (same).  "The same general rule applies in the context of a [d]istrict [c]ourt's jurisdiction to grant a motion to intervene after an appeal has been taken." *Assoc. Gen. Contractors*, 77 F.R.D. at 35; *see also Milliner v. Mut. Sec., Inc.,* 2019 WL 5067012, at *4 (N.D. Cal. Oct. 9, 2019) (denying motion to intervene where notice of appeal was filed); *Apple Inc. v. Samsung Elecs. Co.,* 2014 WL 12812431, at *1 (N.D. Cal. July 29, 2014) (similar).  A notice of appeal divests the district court of jurisdiction even where, as here, "the motion to intervene had been filed *before* the notice of appeal." *Stiller v. Costco Wholesale Corp.*, 2015 WL 1612001, at *1 (S.D. Cal. Apr. 9, 2015) (emphasis added); *see also Drywall Tapers & Pointers of Greater N.Y. v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 94 (2d Cir. 2007) (affirming denial of motion to intervene for lack of jurisdiction when intervention motion was not ruled upon before filing of notice of appeal); *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 298–99 (5th Cir. 1984) (same).

Because Plaintiffs' notice of appeal divests this Court of jurisdiction, the Court cannot entertain the Motion to Intervene and should deny it.

Dated: August 19, 2024

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Melissa Hill*
Melissa Hill (pro hac vice)
Sean McMahan (pro hac vice)
Jared R. Killeen (pro hac vice)
Mark A. Feller

Attorneys for Defendants