KATIE TOWNSEND (SBN 254321)
ktownsend@rcfp.org
GRAYSON CLARY (*pro hac vice*)
gclary@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, D.C. 20005
Telephone: (202) 795-9300
Facsimile: (202) 795-9310

JEAN-PAUL JASSY (SBN 205513)
  jpjassy@jassyvick.com
JASSY VICK CAROLAN LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone:     310-870-7048
Facsimile:     310-870-7010

NICHOLAS R. HARTMANN (SBN 301049)
  nhartmann@jassyvick.com
JASSY VICK CAROLAN LLP
601 Montgomery Street, Suite 850
San Francisco, California 94111
Telephone:     415-539-3399
Facsimile:     415-539-3394

*Counsel for Non-Party Intervenor*
JACOB SILVERMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER,<br><br>    Plaintiffs,<br><br>  v.<br><br>X CORP., f/k/a TWITTER, INC., X HOLDINGS, ELON MUSK, DOES.<br><br>    Defendants. | Case No. 3:23-cv-03461-TLT<br><br>**OPPOSITION OF NON-PARTY JACOB SILVERMAN TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY AND RESPONSE TO PROPOSED SUR-REPLY**<br><br>DATE: October 1, 2024<br>TIME: 2:00PM<br><br>Judge: Hon. Trina L. Thompson |

Pursuant to Local Rule 7-11(b), proposed intervenor Jacob Silverman ("Mr. Silverman") respectfully submits this opposition to Defendants' motion for leave to file a sur-reply and response to the arguments set forth in Defendants' proposed sur-reply.

Additional briefing is unnecessary and unwarranted because the jurisdictional effect of an appeal is irrelevant to this Court's power to grant Mr. Silverman's motion. As Defendants' opposition already recognized, under Ninth Circuit precedent, adjudicating a motion to intervene for the limited purpose of unsealing judicial records does not require "an independent basis for jurisdiction." Defs.' Opp. at 8 (ECF No. 105) (quoting *Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998)). And for good reason: "Every court has supervisory power over its own records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Mr. Silverman—"[a] third party seeking permissive intervention purely to unseal a court record"—"does not need to demonstrate independent jurisdiction." *Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) (same).

A notice of appeal does nothing to change that analysis. Its jurisdictional effect is limited to "those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), and it has no impact on issues "collateral" to the merits, *Ashker v. Cate*, No. 09-cv-05796, 2019 WL 1558932, at *3 (N.D Cal. Apr. 10, 2019); *see In re Midland Nat'l Life Ins. Co. Annuity Sales Practice Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (order on motion to unseal is a collateral order). A district court is therefore "permitted to consider whether to unseal [a] record despite [the] filing of a notice of appeal," *FutureFuel Chemical Co. v. Lonza*, 756 F.3d 641, 648 (8th Cir. 2014), and the same is true of "a motion to intervene for the limited purpose of unsealing records," *CRST Expedited, Inc. v. TransAm Trucking Inc.*, No. 16-cv-0052, 2018 WL 9880439, at *2 (N.D. Iowa Oct. 9, 2018) (collecting cases). Defendants' contrary argument is meritless.

In the sole case Defendants cite that dealt with a motion to intervene and unseal, intervention was denied because the very issue on appeal was the enforceability of the protective order in question, *see Milliner v. Mut. Secs., Inc.*, No. 15-cv-03354, 2019 WL 5067012, at *1–3 (N.D. Cal. Oct. 9, 2019); in other words, the motion to unseal in *Milliner* was "directly related to a

matter currently before the Ninth Circuit," *id.* at 4. But *Milliner* simultaneously reaffirmed the familiar rule—applicable here—that "[t]he court is not divested of jurisdiction over matters collateral to a determination of the merits of the case." *Id.* at 4. Here, the question whether Defendants' corporate-disclosure statement should be sealed is in no way before the Ninth Circuit: This Court has not even acted on that motion to seal yet, and the dismissal order that Plaintiffs *did* appeal has no relationship to that question. Defendants' suggestion that Mr. Silverman should nevertheless ask the Ninth Circuit for relief it cannot grant—to unseal records in this Court's file that the Ninth Circuit does not have access to, *see* L.R. 79-2 —does not pass the laugh test.

Defendants' other citations are similarly unhelpful because they all involved efforts to intervene on the merits, which Defendants know full well are governed by different jurisdictional rules. *See* Defs.' Opp. at 8 (acknowledging that a motion "to intervene for the limited purpose of unsealing court records" is an "exception" to the need to show "an independent basis for jurisdiction" (citation omitted)).[1] Ninth Circuit law makes patently clear that this Court's jurisdiction over the underlying case or controversy has no relationship to its jurisdiction over its own records. *See Beckman*, 966 F.2d at 473. Plaintiffs' filing of a notice of appeal is irrelevant.

It bears underlining that any other rule would have absurd results. The jurisdictional effect of a notice of appeal "is a judge-made rule originally devised in the context of civil appeals to avoid confusion or waste of time from having the same issues before two courts at the same time," *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984), and "the rule should not be employed to defeat its purpose or to induce needless paper shuffling," *id.* (quoting 9 J. Moore, Fed. Prac. ¶ 203.11 at 3-44 n. 1 (1980)). Here, because Mr. Silverman cannot ask the Ninth Circuit to unseal *this Court's* "own records" in the first instance, *Nixon*, 435 U.S. at 598, Defendants' position in

---

[1]    *See Assoc. Gen. Contractors of Cal. v. Sec'y of Com. of U. S. Dep't of Com.*, 77 F.R.D. 31, 33–34 (C.D. Cal. 1977) (motion to intervene to be joined as defendants); *Apple Inc. v. Samsung Elecs. Co.*, 2014 WL 12812431, at *1 (N.D. Cal. July 29, 2014) (motion to intervene to introduce "new evidence in support of Apple"); *Stiller v. Costco Wholesale Corp.*, 2015 WL 1612001, at *1 (S.D. Cal. Apr. 9, 2015) (motion to intervene to seek an appeal); *Drywall Tapers & Pointers of Greater N.Y. v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 90–93 (2d Cir. 2007) (motion to intervene to oppose preliminary injunction); *Bryant v. Crum & Forster Specialty Ins. Co.*, 502 F. App'x 670, 671 (9th Cir. 2012) (motion to intervene to assert interest in fees awarded in connection with final judgment); *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 298–99 (5th Cir. 1984) (same).

1  practice is that *no* court has jurisdiction to consider whether to unseal their disclosure statement.

2  But jurisdiction "cannot float in the air," stranded somewhere between this Court and the Ninth

3  Circuit.  *Ruby v. U.S. Sec'y of Navy*, 365 F.2d 385, 389 (9th Cir. 1966); *see also Webster v. Doe*,

4  486 U.S. 592, 603 (1988) (noting the "serious constitutional question that would arise if a federal

5  statute were construed to deny any judicial forum for a colorable constitutional claim" (citation

6  omitted)).  And, indeed, it does not.  In this and every other jurisdiction, the law is clear:  "The

7  court's supervisory power does not disappear because jurisdiction over the relevant controversy has

8  been lost.  The records and files are not in limbo."  *Gambale v. Deutsche Bank AG*, 377 F.3d 133,

9  141 (2d Cir. 2004).  Defendants' motion for leave to file a sur-reply to introduce an argument that

10  their own opposition already recognized is incompatible with Ninth Circuit precedent "induce[s]

11  needless paper shuffling" and should be denied.  *Claiborne*, 727 F.2d at 850 (citation omitted).  In

12  the event the Court grants Defendants' motion for leave to file a sur-reply, however, Mr. Silverman

13  asks that the Court consider the arguments herein as his response to the sur-reply on the merits.

**CONCLUSION**

14

15         For the foregoing reasons, the Court should deny Defendants' motion for leave to file a sur-

16  reply.  In the event the Court permits the filing of Defendants' sur-reply, Mr. Silverman respectfully

17  requests that the Court consider the arguments herein in response to that proposed sur-reply when

18  ruling on Mr. Silverman's motion.

19  Dated: August 20, 2024

20                                                                   s/ *Katie Townsend*
                                                                     Katie Townsend
21                                                                   REPORTERS COMMITTEE FOR FREEDOM
                                                                     OF THE PRESS
22

23                                                                   s/ *Nicholas Ryan Hartmann*
                                                                     Nicholas Ryan Hartmann
24                                                                   JASSY VICK CAROLAN LLP
                                                                     *Counsel for Non-Party Intervenor*
25                                                                   JACOB SILVERMAN

26

27

28