UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, et al.,<br><br>Petitioners,<br><br>v.<br><br>TWITTER, INC., et al.,<br><br>Respondents. | Case No. 23-cv-02217-SI<br><br>**ORDER GRANTING MOTION TO INTERVENE AND UNSEAL CORPORATE DISCLOSURE STATEMENT**<br><br>Re: Dkt. No. 44 |

Non-party Jacob Silverman, a journalist who covers the technology industry, seeks to intervene in this action for the limited purpose of obtaining an order unsealing respondent X Holdings Corp.'s supplemental corporate disclosure statement filed in redacted form at Dkt. No. 36-3. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for August 23, 2024. For the reasons set forth below, the Court GRANTS Silverman's motion.

**BACKGROUND**

On May 5, 2023, respondents removed this action from state to federal court, asserting this Court had original jurisdiction over the underlying claims that petitioners, former Twitter employees, sought to arbitrate. Dkt. No. 1-1. Respondents are Twitter, Inc.; X Holdings I, Inc.; X Holdings Corp.; X Corp.; and Elon Musk. *Id.* On June 27, 2023, the Court remanded this case to state court, finding federal-question jurisdiction was lacking, and terminated the action. Dkt. No. 41.

While the action was still pending, respondents filed a corporate disclosure statement in accordance with Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15. Dkt. No. 4. The

statement explained that respondent X Corp. is wholly owned by X Holdings Corp., and that no publicly held corporation owns 10% or more of X Corp.'s or X Holdings Corp.'s stock. *Id.* at 2. Petitioners then filed an administrative motion for respondents to identify the individuals or entities that own X Holdings Corp., a privately held corporation, arguing that the disclosure statement did not comply with this district's Civil Local Rule 3-15.[1] The Court granted petitioners' administrative motion, over respondents' objection. Dkt. Nos. 25, 35. Respondents then filed their supplemental corporate disclosures in redacted form, along with a motion to seal. Dkt. No. 36. Petitioners opposed the sealing motion. Dkt. No. 37. On June 13, 2023, the Court granted respondents' motion to file the supplemental disclosure statement under seal but ordered "that the unredacted statement be shared with petitioners' counsel subject to the condition that petitioners and their counsel shall maintain the confidentiality of the statement." Dkt. No. 39.

On July 3, 2024, Silverman moved to intervene and to unseal respondents' supplemental corporate disclosure statement. Dkt. No. 44 ("Mot."). Respondents oppose, and Silverman has filed a reply brief. Dkt. Nos. 47 ("Opp'n"), 52 ("Reply"). According to Silverman, petitioners do not oppose his motion. *See* Dkt. No. 44, Notice of Mot. at 3.

## DISCUSSION

Respondents and Silverman dispute whether the Court has jurisdiction to decide Silverman's motion, whether Silverman should be allowed to intervene, and whether respondents' corporate disclosure statement should remain sealed.

---

[1] Civil Local Rule 3-15 requires disclosure of:

> any persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or any other entities, other than the parties themselves, known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Civ. L.R. 3-15(b)(2).

2

## I. Jurisdiction

The Court rejects respondents' threshold argument that, once this action was remanded to state court, this Court lost jurisdiction to decide any further motions. Although remand typically divests the federal court of jurisdiction, *Seedman v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988), the district court retains jurisdiction after remand to, for instance, entertain a collateral motion for attorney's fees. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992). District courts also have inherent supervisory authority over their own records and files. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 5989 (1978)). In that vein, the Ninth Circuit has held that a district court retains the power to modify a protective order after a case is settled and dismissed, explaining that "an independent jurisdictional basis is not required [where] intervenors do not seek to litigate a claim on the merits" because "[t]hey ask the court only to exercise that power which it already has, *i.e.*, the power to modify the protective order." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).[2] Respondents attempt to distinguish *Beckman* only on the grounds that this motion involves unsealing a corporate disclosure statement, where *Beckman* addressed unsealing deposition transcripts. *See* Opp'n at 8-9 n.3. When it comes to jurisdiction, the Court finds this to be a distinction without a difference.

Accordingly, under the district court's inherent supervisory power over its records, and because Silverman does not intervene to litigate the underlying claim on the merits, the Court finds that it retains jurisdiction over this action for the limited purpose of addressing the sealing request.

## II. Intervention

Respondents next argue that Silverman has not met the requirements either for intervention as of right or permissive intervention, under Federal Rule of Civil Procedure 24(a) or (b), respectively. The Court finds permissive intervention appropriate.[3] Where a non-party seeks to

---

[2] As here, *Beckman* dealt with a request for permissive intervention under Federal Rule of Civil Procedure 24(b).

[3] Because permissive intervention is appropriate, the Court does not address separate

3

intervene to litigate a claim on the merits, "Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman*, 966 F.2d at 473 (citation omitted). However, "[a] third party seeking permissive intervention purely to unseal a court record does not need to demonstrate independent jurisdiction or a common question of law or fact." *Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019) (citing *Beckman*, 966 F.2d at 473). Respondents concede as much, challenging Silverman's ability to intervene only on timeliness grounds, arguing he brings his motion too late because this case was closed more than a year ago. *See* Opp'n at 14-15. Respondents argue that they are prejudiced by this late-filed motion because they must now relitigate an already-litigated issue in this closed action. *Id.* at 14.

Courts analyze the same three factors for timeliness for both mandatory and permissive intervention: "(1) the stage of the proceeding; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. State of Or.*, 745 F.2d 550, 552 (9th Cir. 1984); *see also League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (citing *Cnty. of Orange v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986)). "In the context of permissive intervention, however, [courts] analyze the timeliness element more strictly than . . . with intervention as of right." *Wilson*, 131 F.3d at 1308 (citing *State of Or.*, 745 F.2d at 552). "Mere lapse of time alone is not determinative." *State of Or.*, 745 F.2d at 552 (citation omitted).

Here, the Court finds that the lapse of roughly 12.5 months between the initial court order sealing the supplemental disclosure statement and the filing of Silverman's motion is not enough delay to deny intervention under Federal Rule of Civil Procedure 24(b). As the Ninth Circuit has observed, "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records." *San Jose Mercury News, Inc., v. U.S. Dist. Ct.—N. Dist. (San Jose)*, 187 F.3d 1096, 1101 (9th Cir. 1999) (citing *Beckman,* 966 F.2d at 471 (affirming intervention 2 years after settlement); *Public Citizen v. Liggett Grp.,* 858 F.2d 775, 785 (1st Cir. 1988) (collecting cases)). Nor is the Court persuaded that respondents' re-litigation of this single issue creates enough

arguments both sides raise regarding intervention as of right.

1    prejudice to deny intervention. Indeed, respondents take the viewpoint that Silverman is raising

2    nothing new that petitioners did not already raise in the first go-round. *See* Opp'n at 10-11 (arguing

3    Silverman's interests were adequately represented by petitioners' opposition to the sealing motion).

4    Thus, the burden on respondents is not onerous.

5        The Court GRANTS Silverman's motion for permissive intervention under Federal Rule of

6    Civil Procedure 24(b).

### III. Public Access to Judicial Records

Finally, the Court turns to whether the supplemental corporate disclosure statement is properly subject to sealing.[4] With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, or a motion "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotation marks omitted). Generally, however, when a party seeks to seal documents attached to a non-dispositive motion only tangentially related to the merits of a case, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *Ctr. for Auto Safety*, 809 F.3d at 1099; Fed. R. Civ. P. 26(c).

Here, respondents and Silverman dispute whether a corporate disclosure statement is more than tangentially related to the merits of the case. Silverman argues that such disclosures are "central

---

[4] As Silverman notes, courts routinely revisit sealing orders upon a request by an intervenor. *See, e.g., Cosgrove*, 770 F. App'x at 795 (where a third party seeks permissive intervention purely to unseal a court record, the district court "must evaluate whether the countervailing interests opposing public disclosure can overcome the presumption in favor of it").

1  to the performance of the judicial function" and are a mandatory prerequisite before the Court knows
2  whether it can adjudicate the case at all. Reply at 9 (quoting *Mayer v. Patriot Pickle, Inc.*, No. 23-
3  cv-1299-LJV, 2024 WL 162881, at *5 (W.D.N.Y. Jan. 16, 2024)).

4  The Court need not resolve this question because respondents have not met their burden even
5  under the lower "good cause" standard. Respondents have filed no new evidence but refer back to
6  the declaration originally filed in support of their sealing motion. *See* Opp'n (citing Dkt. No. 36-1
7  ("Batura Decl.")). That declaration states, in relevant part:

> 3. The owners/shareholders of X Holdings include various individual persons, private family and other trusts, and other private entities (such as funds, LLCs and corporations). As a matter of routine practice and policy, X Holdings does not publish or make publicly available information regarding its owners/shareholders and treats such information as confidential. Individuals and entities investing and taking an ownership interest in a private corporation such as X Holdings expect that such information will remain private. The disclosure of such information violates this expectation of privacy. Also, in certain cases, X Holdings is contractually bound to keep such information confidential.
>
> 4. The wholesale disclosure of information regarding its owners/shareholders potentially could enable X Holdings' competitors to undermine X Holdings' competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of X Holdings in negotiations or other business affairs, or otherwise prejudice X Holdings' business interests. . . .

Batura Decl. ¶¶ 3-4. In essence, the declaration states that the corporate disclosure statement should be sealed from the public eye because X Holdings Corp. has a policy of not revealing this information, its investors expect it will not reveal this information, and revealing this information may harm its competitive position in the marketplace.

In the Ninth Circuit, the common law right of access to records in civil proceedings "may be overcome 'only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture.'" *Hagestad*, 49 F.3d at 1434 (quoting *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1293 (9th Cir. 1986)). Here, respondents have presented little more than conjecture in support of their position. The disclosure statement does not contain any scandalous information or trade secrets. *See id.* ("The factors relevant to a determination of whether the strong presumption of access is overcome include the 'public interest in

understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'") (citations omitted). In considering whether the presumption of access has been overcome, and "[a]fter taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citation omitted). On the record before it, the Court is unable to discern a factual basis for sealing the disclosure.

The Court reiterates that respondents are the ones who invoked federal jurisdiction by removing this action from state court. When they removed the case, respondents agreed to abide by federal procedures and this district's local rules, which include the rule requiring disclosure of any persons or entities "known by the party to have . . . a financial interest of any kind in the subject matter in controversy or in a party to the proceeding[.]" *See* Civ. L.R. 3-15(b)(2); *see also* Fed. R. Civ. P. 7.1 advisory committee's note to 2002 amendment ("Rule 7.1 does not prohibit local rules that require disclosures in addition to those required by Rule 7.1."). This is not, for instance, a case in which respondents have been unwillingly haled into federal court by a party with "a history of filing baseless 'strike' suits alleging copyright violations" for the ulterior motive of discovering the identity of defendants' parent corporations. *See Best Odds Corp. v. iBus Media Ltd.*, No. 14-cv-00932-RCJ-VCF, 2014 WL 5687730, at *1 (D. Nev. Nov. 4, 2014). When pressed, respondents did not show good cause to maintain their supplemental corporate disclosure statement under seal.

The Court sees no remedy other than the full unsealing of the statement. The corporate disclosures required by Federal Rule of Civil Procedure 7.1 and this district's Civil Local Rule 3-15 "support properly informed disqualification decisions in situations that call for automatic disqualification under Canon 3C(1)(c)" of the Code of Conduct for United States Judges. *See* Fed. R. Civ. P. 7.1 advisory committee's note to 2002 amendment. Judicial conflicts of interest are not matters that can be resolved among the Court and the parties alone; the public has an independent interest in overseeing this process.

For these reasons, the Court GRANTS Silverman's motion to unseal respondents' supplemental corporate disclosure statement.

7

**CONCLUSION**

The Court GRANTS the motion to intervene and to unseal the supplemental corporate disclosure statement filed at Dkt. No. 36. Respondents shall file an unredacted version of the supplemental corporate disclosure statement on the public docket **no later than September 4, 2024.**

**IT IS SO ORDERED**.

Dated: August 20, 2024

SUSAN ILLSTON
United States District Judge