1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

COURTNEY MCMILLIAN, et al.,

8

Plaintiffs,

Case No.  23-cv-03461-TLT

9

v.

==TENTATIVE== ORDER DENYING MOTION TO SEAL
OCTOBER 1, 2024, 2PM
Re: ECF 95, 96

10

ELON MUSK, et al.,

11

Defendants.

12        On June 26, 2024, Defendants filed an Unopposed Administrative Motion to File Under

13   Seal ("Administrative Motion to Seal").  ECF 95.  No opposition was timely filed.

14        The Court acknowledges that a Motion to Intervene and Oppose Sealing Judicial Records

15   was filed about two weeks after the Administrative Motion to Seal was filed.  ECF 95, ECF 96.

16   "Any opposition to or support for a Motion for Administrative Relief may not exceed 5 pages (not

17   counting declarations and exhibits), must set forth succinctly the reasons in opposition or support,

18   must be accompanied by a proposed order, and must be filed no later than 4 days after the motion

19   has been filed."  Civil L. R. 7-11(b).  Under the local rule, the opposition in ECF 96 was untimely

20   filed.  (Although the Court acknowledges the arguments made in the Motion to Intervene and

21   Oppose Sealing Judicial Records for which the movant will have an opportunity to present to the

22   Court on October 1, 2024 during the hearing on that motion).

23        After review of the motion and related filings, for the reasons stated below, the Court

24   **DENIES** the Administrative Motion to Seal.

25   **I.      BACKGROUND**

26        Plaintiffs Courtney McMillian and Ronald Cooper brought a putative class action under

27   the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*  Plaintiffs claim that

28   their former employer, Twitter, Inc., now X Corp, provided insufficient severance payments under

a post-termination benefits plan that applies to former Twitter employees due to Twitter's takeover in October 2022.

Twitter was purchased by Elon Musk on October 27, 2022.  ECF 13 (First Amended Complaint ("FAC")) ¶ 54.  In March 2023 Twitter and X Corp merged.  ECF 38 (Motion to Dismiss FAC), at 8:26.  This Order will use the terms "Twitter" and "X Corp" interchangeably to mean the same entity unless otherwise indicated.

Plaintiffs claim that after the takeover they were only offered one months' worth of severance pay but are entitled to a higher amount under the plan.  As a result, Plaintiffs seek relief for (1) wrongful denial of benefits under an ERISA plan; (2) breach of fiduciary duties imposed by ERISA for failure to fund plan; and (3) failure to provide complete and accurate information about an ERISA plan.  The class is defined as "[a]ll participants and beneficiaries of the Plan who were terminated from Twitter since the date of Defendant Musk's takeover, October 27, 2022, through the date of judgment."  ECF 13 (FAC) ¶ 82. McMillian's class action is one of multiple lawsuits filed by former Twitter employees relating to the 2022 restructuring of Twitter and subsequent layoffs.

On January 9, 2024, Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint, ECF 38, which Plaintiffs opposed. ECF 45.  On July 9, 2024, the Court granted Defendants' Motion to Dismiss.  ECF 97.  As a result, Plaintiffs filed Notice of Appeal to the Ninth Circuit Court of Appeals on August 14, 2024.  ECF 109.  The action is therefore stayed pending a decision from the Ninth Circuit.  *See docket generally.*

On June 26, 2024, before the Notice of Appeal was filed, however, Defendants X Holdings I, Inc., X Corp. (on its own behalf and as successor in interest to Twitter) and Elon Musk moved the Court to issue an administrative order.  ECF 95.  Defendants sought the authorization from the Court to file Defendants' Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 under seal.  *Id.*

The Administrative Motion to Seal was filed in an abundance of caution in response to the Court's May 29, 2024 Order granting Plaintiffs' Administrative Motion and providing that "[i]f there is no conflict or interest to be disclosed, then Defendants must file a Certification that shall

United States District Court
Northern District of California

1    state: 'Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict
2    or interest (other than the named parties) to report,' after which the Signature, Attorney of Record,
3    shall be included."  ECF 90.

4        Plaintiffs did not oppose the Administrative Motion to Seal.  However, Jacob Silverman, a
5    non-party journalist who covers the technology industry, seeks to intervene, and oppose the
6    motion to seal.  Mr. Silverman filed his Motion to Intervene and Oppose Sealing Judicial Records
7    about two weeks after the Administrative Motion to Seal was filed.  ECF 96.

8        Now before the Court is Defendants' Administrative Motion to File Under Seal.

9    **II.    LEGAL STANDARD**

10       District Courts have inherent supervisory authority over their own records and files.
11   *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995) ("Every court has supervisory
12   power over its own records and files, and access has been denied where court files might have
13   become a vehicle for improper purposes.") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.
14   589, 598 (1978).  The public has a right to access these records.  *Globe Newspaper Co. v. Sup. Ct.*,
15   457 U.S. 596, 606-07 (1982); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1211 n.1 (9th
16   Cir. 1989).  Indeed, there is a "strong presumption in favor of access" to court records.  *Kamakana*
17   *v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Therefore, in submitting a
18   motion to seal, the party filing must overcome this strong presumption by showing there are
19   "compelling reasons supported by specific factual findings." *Id.* at 1178-82.  The Court must
20   "balance[] the competing interests of the public and the party who seeks to keep certain judicial
21   records secret." *Id.*  at 1179.

22       There is, however, no presumption in favor of access to judicial records for sealed
23   discovery documents attached to a non-dispositive motion or for non-dispositive materials.  *Id.* at
24   1179-80.  This is because there is less of a need for the public to access court records because such
25   documents are "unrelated, or only tangentially related, to the underlying cause of action." *Id.*  at
26   1179.  Accordingly, for non-dispositive materials, the Court applies a different standard: the good
27   cause standard. *Id.* at 1180.

28       In addition, any party seeking to file a document under seal must carefully review and

United States District Court
Northern District of California

3

comply with Civil Local Rule 79-5 along with Judge Thompson's standing order.  For instance, the filing party must make a specific showing explaining why each document that it seeks to seal may justifiably be sealed.  The filing party must also show why any proposed redactions are as narrowly tailored as possible.  The filing party may not just make blanket statements about the grounds for sealing.  Any proposed order under Civil Local Rule 79-5(c)(3) must include in the table for each item sought to be sealed: (1) the docket numbers of the public and provisionally sealed versions of the documents sought to be filed under seal; (2) the name of the document; (3) the specific portions of the document sought to be filed under seal; and (4) the filer's reasons for seeking sealing of the material, along with citations to the relevant declarations and any supporting legal authority.

III.    **DISCUSSION**

A.    **The Court Has Jurisdiction to Rule on Defendants' Administrative Motion to Seal Notwithstanding the Judgment this Court Entered Resulting in Termination of the Action and the Pending Appeal in the Ninth Circuit.**

The parties do not dispute that the Court has jurisdiction to resolve the pending Administrative Motion to Seal.  Nonetheless, the Court will briefly address this issue.  The Court has jurisdiction to rule on Defendants' Administrative Motion to Seal due to its inherent supervisory authority over its own records and files.  *Hagestad*, 49 F.3d 1433-34.  This inherent power is not affected by an appeal.  Within the context of access to information after the termination of a case, case law supports such access.  *See Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1354 (9th Cir. 2013) (citing cases in the third circuit, tenth circuit, first circuit, and ninth circuit together supporting the general proposition that confidentiality orders, protective orders, and access to discovery materials may be challenged after the underlying dispute between the parties has been resolved).  Given the foregoing, the Court has jurisdiction to resolve Defendants' Administrative Motion to Seal.

B.    **Because the Supplemental Corporate Disclosure Statement is Non-Dispositive, the Good Cause Standard Applies.**

For the Court to grant the Administrative Motion to Seal, the filing party must demonstrate

that the good cause standard is met.  The good cause standard is proper because the Supplemental

Corporate Disclosure Statement is non-dispositive.  *See Kamakana*, 447 F.3d at 1180. The

disclosure serves the purpose of allowing the Court to consider whether there is a conflict of

interest that would require recusal.  Given this purpose, the public's access to the information in a

disclosure does not apply with the same force.  Due to the above, the good cause standard applies.

### C.    Defendants Have Not Shown the Owners/Shareholders Had An Expectation of Privacy That Was Violated To Support Good Cause to Seal.

Defendants argue good cause exists to seal the portions of the filing that reveal the

identities of X Holdings Corp.'s owners/shareholders due to the countervailing interests in

maintaining the confidentiality of this sensitive and private business information.  ECF 95, at 4.

Defendants explain that the owners/shareholders of X Holdings Corp. include various individual

persons, private family and other trusts, and other private entities (such as funds, LLCs, and

corporations).  *Id.* (citing ECF 95-1 (Declaration of Dhruv Batura) ¶ 3).  As a matter of routine

practice, Defendants explain, X Holdings Corp. does not publish or otherwise make publicly

available information regarding its owners/shareholders.  *Id.*  It treats that information as

confidential.  *Id.*  Further, Defendants state that the owners/shareholders have an expectation that

such information will remain private.  *Id.* at 4-5.  Because of that expectation, Defendant contends,

the expectation of privacy of the owners/shareholders would be violated if the Court denies the

motion to seal.  *Id.* at 5.

There is a nearly identical, if not identical, disclosure filed in another case in the Northern

District.  *See* ECF 36-4 (filed under seal) *filed in Anoke et al v. Twitter, Inc. et al*, No. 23-cv-

02217-SI (filed May 5, 2023).  The disclosure filed in *Anoke* contains the same exact list of

owners/shareholders that are listed in the disclosure filed in this action.  This action was filed

against some of the same defendants as those in *Anoke*.  Additionally, this action was filed a

couple months after *Anoke*.  Both actions arose from layoffs at Twitter.  *See* ECF 95-4 (filed under

seal).  As such, the public already has access to the information sought to be sealed in a case

involving the Twitter layoffs.  More importantly, Defendants have not shown how "specific

prejudice or harm will result if no protective order is granted."  *Phillips ex rel. Estate v. Gen.*

1    *Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

2        For instance, Defendants could have discussed the expectation of privacy held by the

3 specific entities, individuals or families listed in the disclosure and how they would be prejudiced

4 or harmed if their information is publicly available (or remains publicly available via the *Anoke*

5 docket).  Defendants could cite case law in support.  Defendants could also give specific examples

6 of any harm or prejudice that already occurred to some of the owners/shareholders listed from

7 having their information public in similar contexts, or from having it public in *Anoke*.  The Court

8 realizes that Defendants may not have known that the information in *Anoke* that was initially

9 sealed would later be publicly available until after Defendants filed its Opposition in this action.

10 *See* ECF 105 (showing July 30, 2024, is the date Defendants filed their Opposition to Non-Party

11 Silverman's Motion to Intervene and Oppose Sealing).  After all, Non-Party Silverman filed his

12 Second Statement of Recent Decision on September 5, 2024, which was after Defendants'

13 Opposition.  *See* ECF 116.  Yet Defendants did have the opportunity to file a Sur-Reply on

14 September 9, 2024.  ECF 117.  That Sur-Reply could have addressed how making the

15 owners/shareholders information public could harm or prejudice all of them, or a portion of them.

16 Given the above, the Court finds that Defendants have not shown the owners/shareholders had an

17 expectation of privacy that was violated to show good cause to grant the motion to seal.

18      **D.**    **Defendants Have Not Shown How the Supplemental Corporate Disclosure**

19           **Statement Being Publicly Available Would Affect Defendants' Competitive**

20           **Position in the Marketplace To Support Good Cause to Seal.**

21        Defendants make a blanket statement regarding their position in the marketplace being

22 adversely affected by disclosure.  Defendants state: "The wholesale disclosure of information

23 regarding its owners/shareholders potentially could enable X Holdings Corp.'s competitors to

24 undermine X Holding Corp.'s competitive position in the marketplace, allow current or

25 prospective business partners or counterparties to take unfair advantage of X Holdings Corp. in

26 negotiations or other business affairs, or otherwise prejudice X Holdings Corp.'s business

27 interests."  ECF 95, at 5.  They have not made a specific showing as to how and why Defendants'

28 competitive position would be adversely affected by a disclosure.  *See id.* at 1211 ("[B]road

United States District Court<br>Northern District of California

allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.")  (internal quotation marks and citation omitted); *see also* Civil Local Rule 79-5 and Judge Thompson's standing order.

Defendants must make a specific showing explaining why each document that they seek to seal may justifiably be sealed.  They must also make a specific showing that any proposed redactions are as narrowly tailored as possible.  Defendants have not made the requisite showings.

## IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** the Administrative Motion to File Under Seal without prejudice.

Because the Court denies the Administrative Motion to Seal (and because the opposition was untimely filed), the Court need not address the issues raised by the Motion to Intervene and Oppose Sealing Judicial Records, including whether the stay affects the ability to intervene.

This Order resolves ECF 95.  ECF 96 is therefore MOOT.

IT IS SO ORDERED.

Dated: September 25, 2024.

TRINA L. THOMPSON
United States District Judge