Mark A. Feller (SBN 319789)
mark.feller@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: 415.442.1000

Melissa Hill (*pro hac vice*)
melissa.hill@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000

Sean K. McMahan (*pro hac vice*)
sean.mcmahan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel: 214.466.4000

Jared R. Killeen (*pro hac vice*)
jared.killeen@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000

*Attorneys for Defendants X Corp., f/k/a Twitter, Inc.; X Holdings; Elon Musk; and Does*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, Does,<br><br>Defendants. | Case No. 3:23-cv-03461-TLT<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO STAY PROCEEDINGS PENDING APPEAL IN OTHER MATTER**<br><br>Judge: Trina L. Thompson<br>Magistrate Judge: Robert M. Illman |

X Corp. (formerly known as "Twitter"), X Holdings Corp., and Elon Musk (collectively, "Defendants") respectfully ask this Court to stay enforcement of its Tentative Order Denying Motion to Seal (the "Tentative Order") (Dkt. No. 119) and all proceedings related to Intervenor Jacob Silverman's ("Silverman") Motion to Intervene and Oppose Sealing Judicial Records (Dkt. No. 96). Silverman has asked this Court to unseal Defendants' Supplemental Corporate Disclosure Statement (the "Statement") filed under Local Rule 3-15, which lists all shareholders that have an ownership interest in the privately held corporation and named Defendant X Holdings Corp. But the question of whether the Statement should be unsealed is currently before the Ninth Circuit in another case also naming X Holdings Corp. as a defendant, *Anoke v. Twitter, Inc.*, 23-cv-002217-SI (N.D. Cal.). The Ninth Circuit's decision regarding whether X Holdings Corp., which is a privately held corporation, must publicly disclose its shareholders will be wholly dispositive as to Silverman's motion to unseal. Staying the proceedings until the Ninth Circuit issues its decision in *Anoke* will ensure consistency with pending guidance that will clarify whether this Court should grant Silverman's request, and will spare X Holdings Corp. further prejudice.

I.   **BACKGROUND**

On March 7, 2024, Defendants filed a "Rule 7.1 Corporate Disclosure Statement and Civil L.R. 3-15 Certification of Conflicts and Interested Entities or Persons" (the "Certification"). Dkt. No. 55. The Certification attested that Defendant X Corp. is wholly owned by Defendant X Holdings Corp. and that no publicly held corporation owns 10% or more of X Corp.'s stock. *Id*.

On May 6, 2024, Plaintiffs filed an Administrative Motion for Order Requiring Defendants to File a Certification of Conflicts and Interested Entities or Persons in Compliance with Local Rule 3-15, requesting the Court enter an order requiring Defendants to file additional disclosures identifying all owners of X Holdings Corp. Dkt. No. 85. On May 29, 2024, the Court entered an Order granting Plaintiffs' motion. Dkt. No. 90.

While Defendants continue to believe their original Certification satisfied the requirements under Local Rule 3-15, Defendants filed their Supplemental Corporate Disclosure Statement listing all shareholders that have an ownership interest in the privately held corporation X Holdings Corp. However, because the identities of those shareholders constitute private and confidential business

information that is not publicly available and whose disclosure would result in injury,[1] Defendants filed their Unopposed Administrative Motion to File Under Seal on June 26, 2024.

On July 9, 2024, Silverman filed his motion seeking to intervene in this case and to oppose sealing Defendants' Statement. Dkt. No. 96. On July 30, 2024, Defendants opposed Silverman's motion to intervene and unseal the Statement. Dkt. Nos. 105 & 117. On September 25, 2024, the Court entered its Tentative Order denying Defendants' motion to seal the Statement. Dkt. No. 119. The Court scheduled a hearing on the motion for December 3, 2024. Dkt. No. 122.

Silverman filed a nearly identical motion to unseal a supplemental corporate disclosure statement in another case that named X Holdings Corp. as a defendant, *Anoke v. Twitter, Inc.*. As this Court noted, the Statement at issue in this case and the supplemental corporate disclosure statement in *Anoke* are "nearly identical, if not identical[.]" Dkt. No. 119, Tentative Order, at 5. Both corporate disclosure statements contain the same list of private shareholders that have an ownership interest in X Holdings Corp. On August 20, 2024, the *Anoke* court granted Silverman's motion to unseal the supplemental corporate disclosure statement.

On September 19, 2024, X Corp. filed a notice of appeal of the *Anoke* court's unsealing order. Dkt. No. 55. On appeal, X Corp. will argue that (1) the district court erred in requiring X Holdings Corp. to file a supplemental corporate disclosure statement because Local Rule 3-15 does not require the disclosure of investors in a privately held company and such disclosure does not assist the district court judge in determining whether recusal is appropriate; and (2) the district court erred in requiring X Holdings Corp. to unseal the supplemental corporate disclosure statement because the court had previously found good cause existed to justify the sealing and good cause warrants the corporate disclosure remaining sealed.[2]

## II.  LEGAL STANDARD

A district court has the "inherent power to stay its proceedings." *Rivers v. Walt Disney Co.*,

---

[1] X Holdings Corp.'s investor list is not a static document, and requiring it to publicly update the list per Local Rule 3-15 could limit X Holdings Corp.'s right to maintain the confidentiality of its current and future investors, and could even affect potential investors' decision to invest in the company.

[2] On October 8, 2024, Silverman filed a motion to dismiss the X Corp.'s appeal. The parties are currently briefing that motion.

2                         Case No. 3:23-cv-03461-TLT-RMI
DEFENDANTS' ADMINISTRATIVE MOTION TO STAY PROCEEDINGS PENDING APPEAL IN OTHER MATTER

980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see also CMAX, Inc. v. Hall*, 300 F. 2d 265, 268 (9th Cir. 1962). To determine the suitability of a stay, courts consider: (1) the possible damage which may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues and questions of law which could be expected to result from a stay. *Bankwitz v. Ecolab, Inc.*, 2017 WL 4642284, at *4 (N.D. Cal. Oct. 17, 2017). All factors weigh in favor of a stay here.

### III.  ARGUMENT

#### A.  The Ninth Circuit's Decision in *Anoke* Will Simplify Issues and Promote the Orderly Course of Justice.

In determining whether a stay will promote the orderly course of justice or simply issues, "considerations of judicial economy are highly relevant." *Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014). As a general principle, courts have consistently held that staying litigation is appropriate where the Circuit Court's decision may have a dispositive effect on the issue. Indeed, courts typically stay cases when the outcome of an appeal in another proceeding will have preclusive effect on the pending issues. *See Safari Club Int'l v. Bonta*, 2023 WL 3505373, at *1 (E.D. Cal. May 17, 2023); *Andrade Rico v. Beard*, 2019 WL 4127206, at *5, 8 (E.D. Cal. Aug. 30, 2019).

That is precisely the circumstance here. The Ninth Circuit's decision in *Anoke* will clarify whether Defendant X Holdings Corp. must unseal and publicly disclose its private shareholders. If this Court were to finalize its Tentative Order and unseal the Statement before the Ninth Circuit resolves the same issue in *Anoke* in favor of X Holdings Corp., it could lead to conflicting outcomes and judicial inefficiencies. For similar reasons, other courts in this Circuit have granted limited stays and declined to unseal documents where an appeal is pending. *See, e.g., Align Tech., Inc. v. SmileDirectClub, LLC*, 2023 WL 2347431, at *1 (N.D. Cal. Mar. 3, 2023); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 3536800, at *1 (N.D. Cal. Aug. 15, 2012). This Court should do the same.

#### B.  A Stay Will Not Prejudice Silverman.

Any possible damage that a stay of the Court's Tentative Order would cause Silverman is

minimal because the requested stay is of limited duration. In *Anoke,* X Corp. filed its notice of appeal on September 19, 2024, and the parties will soon brief the issue. While the public interest favors disclosure, it is not unduly harmed by a limited stay. *Apple, Inc.*, 2012 WL 3536800, at *1; *see also Bankwitz*, 2017 WL 4642284 at *5 ("The forthcoming Supreme Court ruling [] minimizes the potential damage because the stay would be short and not indefinite."); *Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (similar).

Further, a stay of the Court's Tentative Order unsealing X Holdings Corp.'s Statement will not injure anyone, including the public. The purpose of a corporate disclosure statement is to "enable[e] the court to determine whether a conflict of interest exists." *Best Odds Corp. v. iBus Media Ltd.*, 2014 WL 5687730, at *2 (D. Nev. Nov. 4, 2014). Thus, the information in a disclosure statement is provided so the assigned judge may evaluate whether she should recuse herself—it is not provided for the public's benefit. Moreover, a stay merely would maintain the status quo for the limited period necessary to permit full consideration of X Corp.'s appeal in *Anoke*. *See Nken v. Holder*, 556 U.S. 418, 429 (2009) ("A stay 'simply suspend[s] judicial alteration of the status quo[.]'") (citations omitted). Indeed, this Court has not even entered a final order requiring the unsealing and public disclosure of the Statement yet, meaning that if the Ninth Circuit ultimately rejects X Corp.'s appeal in *Anoke*, the public and the media will be in the same position as they would have been absent a stay.

### C. Denying a Stay Would Harm X Holdings Corp. and Its Shareholders.

Denying a stay and unsealing the Statement now, before the Ninth Circuit resolves the appeal in *Anoke,* would be highly prejudicial to Defendants and would violate the right of privacy of the shareholders identified in the sealed Statement. *See* Cal. Const., Art. I § 1 (describing inalienable right to privacy); *see also Valley Bank of Nev. v. Superior Ct.*, 15 Cal. 3d 652, 656, (1975) (courts "may safely assume that the right of privacy extends to one's confidential financial affairs"). If Silverman's position were adopted, then any plaintiff could make public the entire confidential list of any private company's shareholders through the simple mechanism of filing an unmeritorious (even frivolous) lawsuit against the company, thereby triggering an obligation to submit a corporate disclosure statement at the outset of the case for recusal purposes. Moreover,

Case 3:23-cv-03461-TLT   Document 123   Filed 10/28/24   Page 6 of 7

any person could make public such a list of private company shareholders simply by intervening in any existing lawsuit—even one the Court has dismissed, as it did here—for no other purpose.[3]

Further, X Holdings Corp. and its investors face substantial prejudice because "[w]hen the information is publicly filed, what once may have been [confidential information] no longer will be." *Align Tech., Inc.*, 2023 WL 2347431, at *1; *see also Apple, Inc.*, 2012 WL 3536800, at *1. In other words, if the Court were to finalize its Tentative Order and unseal the Statement before the Ninth Circuit resolves the issue, the private list of X Holdings Corp. shareholders would be made public, so that X Holdings Corp. and its investors "may be irreparably injured absent a stay." *Apple, Inc.*, 2012 WL 3536800, at *1. And while the same list of investors already was disclosed in *Anoke*, that does not mean Defendants would suffer no harm here should this Court also make the list public, nor does it mean that Defendants would not benefit from a stay pending the *Anoke* appeal. While no court can make the investor list secret again, the Ninth Circuit may still provide some relief by ruling that the *Anoke* court never should have required X Holdings Corp. to file its investor list in the first place, never should have decided to make the list publicly accessible, and may not continue to maintain the investor list on its public docket. Such relief is not fully satisfactory, but it is better than no relief because it would end the *Anoke* court's ongoing compelled publication of X Holdings Corp's information. Defendants would be deprived of that relief should this Court also require the publication of the investor list before the Ninth Circuit has ruled on the issue.[4]

### IV. CONCLUSION

The Court should enter an order staying its Tentative Order and all proceedings related to Silverman's motion to unseal the X Holdings Corp. investor list until the Ninth Circuit issues an order in *Anoke*.

---

[3] The prejudice to Defendants is magnified by the fact that Silverman seeks the public disclosure of private information in a case where the Court determined Plaintiffs failed to state viable claims. Dkt. No. 97. Because the Court dismissed Plaintiffs' claims in their entirety and Plaintiffs have appealed dismissal in the Ninth Circuit, this matter is all but closed.

[4] Defendants already suffered significant harm and prejudice in this case when Plaintiffs filed a privileged and confidential document (i.e., the "Severance Matrix") on the public docket. Although the Court ultimately removed the Severance Matrix from the docket, numerous third parties accessed the document when it was still publicly available, and made it accessible to the public even after the Court's sealing, requiring Defendants to expend considerable time and money in attempting to retrieve the document and ensure that it was not further publicized. Defendants will face the same harm if the Statement is made public. *See* Decl. of Melissa D. Hill at ¶ 5.

Attorneys at Law

5                Case No. 3:23-cv-03461-TLT-RMI
DEFENDANTS' ADMINISTRATIVE MOTION TO STAY PROCEEDINGS PENDING APPEAL IN OTHER MATTER

| | | |
|---|---|---|
| 1 | Dated: October 28, 2024 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | By */s/ Melissa Hill* |
| 3 | | Melissa Hill (pro hac vice)<br>Sean McMahan (pro hac vice) |
| 4 | | Jared R. Killeen (pro hac vice)<br>Mark A. Feller |
| 5 | | Attorneys for Defendants |