1  KATIE TOWNSEND (SBN 254321)
   ktownsend@rcfp.org
2  GRAYSON CLARY (*pro hac vice*)
   gclary@rcfp.org
3  REPORTERS COMMITTEE FOR
   FREEDOM OF THE PRESS
4
   1156 15th Street NW, Suite 1020
5  Washington, D.C. 20005
   Telephone: (202) 795-9300
6  Facsimile: (202) 795-9310
7
   JEAN-PAUL JASSY (SBN 205513)
8     jpjassy@jassyvick.com
   JASSY VICK CAROLAN LLP
9  355 South Grand Avenue, Suite 2450
   Los Angeles, California 90071
10 Telephone:     310-870-7048
   Facsimile:     310-870-7010
11
12 NICHOLAS R. HARTMANN (SBN 301049)
      nhartmann@jassyvick.com
13 JASSY VICK CAROLAN LLP
   601 Montgomery Street, Suite 850
14 San Francisco, California 94111
   Telephone:     415-539-3399
15 Facsimile:     415-539-3394
16
   *Counsel for Non-Party Intervenor*
17 JACOB SILVERMAN
18                  UNITED STATES DISTRICT COURT
19                 NORTHERN DISTRICT OF CALIFORNIA
20
21 COURTNEY MCMILLIAN and RONALD        | Case No. 3:23-cv-03461-TLT
   COOPER,                              |
22                                      | **OPPOSITION OF NON-PARTY JACOB
                                        | SILVERMAN TO DEFENDANTS'
23                Plaintiffs,           | ADMINISTRATIVE MOTION TO STAY
                                        | PROCEEDINGS PENDING APPEAL IN
24        v.                            | OTHER MATTER**
25 X CORP., f/k/a TWITTER, INC.,        |
   X HOLDINGS, ELON MUSK, DOES.         | DATE: December 3, 2024
26                                      | TIME: 2:00PM
                  Defendants.           |
27                                      | Judge: Hon. Trina L. Thompson
28

1    Defendants' motion to stay further proceedings—and thus delay a final ruling from this

2 Court on non-party Jacob Silverman's opposition to sealing—is frivolous.  A party seeking a stay

3 "must make out a clear case of hardship or inequity in being required to go forward, if there is even

4 a fair possibility that the stay for which he prays will work damage to someone else," *Landis v.*

5 *North American Co.*, 299 U.S. 248, 255 (1936), and stays that terminate only "upon the resolution

6 of an appeal"—like the one sought by Defendants—are especially suspect because their length is

7 necessarily "indefinite," *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059,

8 1066–67 (9th Cir. 2007).  That rule has even greater force in the right-of-access context, where "a

9 necessarily corollary of the right to access [judicial records] is a right to *timely* access," *Courthouse*

10 *News Serv. v. Planet*, 947 F.3d 581, 594 (9th Cir. 2020) (emphasis added); "[e]ach passing day" that

11 judicial records are wrongfully sealed "may constitute a separate and cognizable infringement of the

12 First Amendment," *Grove Fresh Distributors, Inc. v. Grove Fresh Juice Co.*, 24 F.3d 893, 898 (7th

13 Cir. 1994) (citation omitted).  In the teeth of those principles, Defendants cannot justify a stay here.

14 Their theory that a stay would promote judicial economy makes no sense, and their arguments

15 regarding prejudice only recycle the merits theories this Court's Tentative Order already rejected.

16    Start with judicial economy.  This Court's Tentative Order turned on the fact that "the public

17 already has access to the information sought to be sealed" here—a development that post-dates the

18 decision under review in *Anoke v. Twitter*.  Tentative Order at 5 (ECF No. 119).  As a result, even

19 assuming Defendants could prevail in *Anoke* and win a ruling that their corporate disclosure

20 statement should not have been unsealed by *that* district court, that decision would be irrelevant to

21 this Court's analysis because "[s]ecrecy is a one-way street: Once information is published, it

22 cannot be made secret again."  *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).[1]  The

23

24    [1]    As Defendants concede, "[b]oth corporate disclosure statements contain the same list of
   private shareholders that have an ownership interest in X Holdings Corp."  Defs. Admin. Mot. to
25 Stay at 2.  In other words, the same information they continued to defend sealing here is currently
   available in full to the public on the docket of the U.S. District Court for the Northern District of
26 California, where Defendants voluntarily filed it; on the docket of the U.S. Court of Appeals for the
27 Ninth Circuit, where it is part of the public record on appeal; and on any number of news websites.

28

1   question would remain—as this Court's Tentative Ruling already explains—whether Defendants

2   can carry their burden *now* to justify sealing information that is already public and will remain so no

3   matter what happens in *Anoke*.  And no surprise, then, that Defendants' examples of cases where

4   "other courts in this Circuit have granted limited stays and declined to unseal documents where an

5   appeal is pending," Defs.' Admin. Mot. to Stay at 3 (ECF No. 123), are all cases in which the

6   documents were not yet public, *see Align Technology, Inc. v. SmileDirectClub, LLC*, No. 23-cv-

7   00023, 2023 WL 2347431, at *1 (N.D. Cal. Mar. 3, 2023); *Apple, Inc. v. Samsung Electronics Co.,*

8   *Ltd.*, No. 11-cv-01846, 2012 WL 3536800, at *1 (N.D. Cal. Aug. 15, 2012).  Indeed, these same

9   cases recognize that a stay—to say nothing of an appeal—would be pointless if the information

10   sought to be sealed had already been "publicly filed."  *Apple, Inc.*, 2012 WL 3536800, at *1; *Align*

11   *Technology, Inc*, 2023 WL 2347431, at *1 (prior public disclosure would "gut [the] appeal").[2]

12          For much the same reasons, Defendants cannot demonstrate any prejudice from proceeding.

13   For one, it bears highlighting that several of the same Defendants who claim they would "benefit

14   from a stay pending the *Anoke* appeal," Defs.' Admin. Mot. to Stay at 5, have represented to the

15   Ninth Circuit in *Anoke* that they "no longer had a colorable basis to seek a stay pending appeal"

16   after the statement's public disclosure because "[X Corp.] could not demonstrate that a stay was

17   necessary to prevent irreparable harm."  Opp. to Intervenor's Mot. to Dismiss Appeal at 6, *Anoke v.*

18   *Twitter*, No. 24-5936 (9th Cir. Oct. 18, 2024) (Dkt. 10.1).  That concession forecloses a stay here as

19   well, and this Court should not humor Defendants' "use of intentional self-contradiction as a means

20   of obtaining unfair advantage."  *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001) (citation and

21   internal alteration omitted).  Even setting that point aside, however, Defendants' arguments as to

22   prejudice are jot-for-jot and cite-for-cite identical to the ones they advanced in their underlying

23   motion to seal.  This Court already rejected those theories in its Tentative Order.  *Compare, e.g.*,

24   Defs. Admin. Mot. to Stay at 4 (denying a stay "would violate the right of privacy of the

25

---

26   [2]        The same rule renders it doubtful the *Anoke* appeal will ever reach the merits, as Mr.
Silverman's motion to dismiss that appeal explains.  *See Doe No. 1. v. Reed*, 697 F.3d 125, 1239
27   (9th Cir. 2011) (stressing that the Ninth Circuit has "held" that an appeal of an unsealing order
"would become moot once the documents were unsealed, because 'the unsealing [order] cannot be
28   reversed'" (quoting *Islamic Shura Council of S. Cal. v. FBI*, 635 F.3d 1160, 1164 (9th Cir. 2011)).

1  shareholders identified in the sealed Statement"), *with* Tentative Order at 6 ("Defendants have not

2  shown the owner/shareholders had an expectation of privacy that was violated to show good cause

3  to grant the motion to seal.").  They are no more persuasive when repackaged as a case for a stay.

4       Mr. Silverman and the public, on the other hand, would unquestionably be prejudiced by the

5  "ossification of rights which attends inordinate delay."  *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir.

6  2000) (citation omitted).  "Both [the Ninth Circuit] and the Supreme Court have repeatedly held that

7  the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes

8  irreparable injury."  *Klein v. City of San Clemente*, 584 F.3d 1196, 1207–08 (9th Cir. 2009) (internal

9  alteration and quotation marks omitted).  For that reason, where the right of access to judicial

10  records is at stake, "access should be immediate and contemporaneous," because "[t]o delay or

11  postpone public disclosure undermines the benefit of public scrutiny" that the right guarantees.

12  *Grove Fresh*, 24 F.3d at 897.  If a stay were granted here, the press and public would be denied

13  access indefinitely to a record this Court has already determined cannot lawfully be sealed in this

14  proceeding—exactly because its contents have already been made available to the public in *Anoke*.

15       That result would make no sense.  Defendants' motion is a frivolous effort to delay a final

16  adverse ruling in this case now that their merits arguments have run out; this Court should deny it.

17                              **CONCLUSION**

18       For the foregoing reasons, Mr. Silverman respectfully urges that Defendants' motion to stay

19  be denied.

20  Dated: October 28, 2024

21                                        s/ *Katie Townsend*
                                          Katie Townsend
22                                        REPORTERS COMMITTEE FOR FREEDOM
                                          OF THE PRESS
23

24                                        s/ *Nicholas Ryan Hartmann*
                                          Nicholas Ryan Hartmann
25                                        JASSY VICK CAROLAN LLP
                                          *Counsel for Non-Party Intervenor*
26                                        JACOB SILVERMAN

27

28