UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY MCMILLIAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ELON MUSK, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-03461-TLT<br><br>**ORDER DENYING DEFENDANTS' MOTION TO FILE UNDER SEAL; DENYING NON-PARTY SILVERMAN'S MOTION TO INTERVENE AND OPPOSE SEALING RECORDS; AND DENYING DEFENDANTS' MOTION TO STAY**<br><br>Re: Dkt. Nos. ECF 95, 96, 123 |

The instant case is currently pending notice of appeal of judgment to the Ninth Circuit Court of Appeals. ECF 109, 110. Before the Court are three administrative motions: (1) Defendants' Administrative Motion to File Under Seal, (2) non-party Jacob Silverman's ("Silverman") Motion to Intervene and Oppose Sealing Judicial Records, and (3) Defendants' Motion to Stay Proceedings pending resolution of appeal in another matter. *See* ECF 95, 96, 123.

Ahead of the scheduled motion hearing, the Court provided a tentative ruling which denied the Administrative Motion to Seal and denied as moot Silverman's Motion to Intervene and Oppose Sealing Judicial Records. ECF 119. The pending administrative motions were heard in person on December 3, 2024. *See* ECF 123.

Having considered the motion briefing, the arguments of counsel, and the other matters on file in this action, the Court **DENIES** without prejudice Defendants' Administrative Motion to File Under Seal, **DENIES** as moot Silverman's Motion to Intervene and Oppose Sealing Judicial Records, and **DENIES** Defendants' Motion to Stay Proceedings pending resolution of appeal in another matter.

//

//

## I. BACKGROUND

Plaintiffs Courtney McMillian and Ronald Cooper brought a putative class action under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq. against Defendants X Holdings I, Inc., X Corp. (on its own behalf and as successor in interest to Twitter) and Elon Musk. ECF 13 (First Amended Complaint ("FAC")), ¶ 1. Plaintiffs contend that their former employer, Twitter, Inc., now X Corp, provided insufficient severance payments under a post-termination benefits plan that applies to former Twitter employees due to Twitter's takeover in October 2022. *Id.* ¶ 71. Plaintiffs claim that after the takeover they were only offered one months' worth of severance pay but are entitled to a higher amount under the plan. *Id.* ¶¶ 72-79.

As a result, Plaintiffs seek relief for (1) wrongful denial of benefits under an ERISA plan; (2) breach of fiduciary duties imposed by ERISA for failure to fund plan; and (3) failure to provide complete and accurate information about an ERISA plan. The class is defined as "[a]ll participants and beneficiaries of the Plan who were terminated from Twitter since the date of Defendant Musk's takeover, October 27, 2022, through the date of judgment." *Id.* ¶ 82. The instant class action is one of multiple actions filed by former Twitter employees relating to the 2022 restructuring of Twitter and subsequent layoffs.

On January 9, 2024, Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint. ECF 38. On July 9, 2024, the Court granted Defendants' Motion to Dismiss. ECF 97. Plaintiffs subsequently filed a Notice of Appeal to the Ninth Circuit Court of Appeals on August 14, 2024. ECF 109. The action is stayed pending a decision from the Ninth Circuit. *Id.*

On June 26, 2024, before the Notice of Appeal was filed, Defendants moved the Court to issue an administrative order. ECF 95. Pursuant to Local Rule 3-15, Defendants sought to file under seal Defendants' Supplemental Rule 7.1 Corporate Disclosure and Certification Statement (the "Corporate Disclosure Statement"). *Id.*

On May 28, 2024, the Court ordered that "[i]f there is no conflict or interest to be disclosed, then Defendants must file a Certification that shall state: 'Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report,' after which the Signature, Attorney of Record, shall be included." ECF 90.

In response to the Court's order, on June 26, 2024, Defendants filed Administrative Motion to File Under Seal Defendants' Supplemental Rule 7.1 Corporate Disclosure Statement. ECF 95. Plaintiffs did not oppose the Administrative Motion. However, Jacob Silverman, a non-party journalist, sought to intervene and oppose the motion to seal. ECF 96. Silverman filed his Motion to Intervene and Oppose Sealing Judicial Records thirteen (13) days after the Administrative Motion to Seal was filed. ECF 96. Defendants filed an opposition, Silverman filed a reply, and Defendants filed a surreply after Court approval. ECF 105, 108, 117.

On October 28, 2024, Defendants filed a Motion to Stay Proceedings Pending Appeal in Another Matter. ECF 123. Silverman filed an opposition. ECF 124. After several objections, the Court maintained in-person hearing to hear the parties' and Silverman's arguments regarding the pending administrative motions. *See* ECF 120 (motion to continue October 1 hearing), 125 (motion to adjourn hearing), 129 (motion to appear by videoconference or telephone). The Court heard oral argument regarding the pending motions on December 3, 2024.

## II.   LEGAL STANDARD

### A.   Motion to Seal Court Records

District Courts have inherent supervisory authority over their own records and files. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The public has a right to access court records. *Globe Newspaper Co. v. Sup. Ct.*, 457 U.S. 596, 606-07 (1982); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1211 n.1 (9th Cir. 1989). There is a "strong presumption in favor of access" to court records. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Therefore, in submitting a motion to seal, the party filing must overcome this strong presumption by showing there are "compelling reasons supported by specific factual findings." *Id.* at 1178-82.

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179. There is, however, no presumption in favor of access to judicial records for sealed discovery documents attached to a non-dispositive motion or

3

for non-dispositive materials. *Id.* at 1179-80; *San Jose News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999) (The presumption of access to court records can be overcome when a party demonstrates important countervailing interests in maintaining the confidentiality of sensitive and private personal or business information). This lack of presumption is because there is less of a need for the public to access court records because such documents are "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179. Accordingly, for such materials, the Court applies the good cause standard. *Id.* at 1180.

In addition, any party seeking to file a document under seal must carefully review and comply with Civil Local Rule 79-5 and Judge Thompson's Standing Order. The filing party must make a specific showing explaining why each document that it seeks to seal may justifiably be sealed. The filing party must also show why any proposed redactions are as narrowly tailored as possible. The filing party may not just make blanket statements about the grounds for sealing. Any proposed order under Civil Local Rule 79-5(c)(3) must include in the table for each item sought to be sealed: (1) the docket numbers of the public and provisionally sealed versions of the documents sought to be filed under seal; (2) the name of the document; (3) the specific portions of the document sought to be filed under seal; and (4) the filer's reasons for seeking sealing of the material, along with citations to the relevant declarations and any supporting legal authority.

**B.     Motion to Intervene**

"Non-parties seeking permissive intervention in a civil case under Federal Rule of Civil Procedure 24(b) generally must show: (1) 'an independent ground for jurisdiction; (2) a timely motion; (3) a common question of law and fact between the movant's claim or defense and the main action.' *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). "Rule 24(b)(3) specifically instructs that '[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.' Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 794-95 (9th Cir. 2019) (citing *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998)). "In the context of a postjudgment motion to intervene, however, federal cases interpreting the timeliness requirement of

[R]ule 24 have traditionally held, even in cases of intervention of right, that such motions will be granted only in very unusual circumstances." *Associated Gen. Contractors of Cal. v. Sec'y of Com. of U. S. Dep't of Com.*, 77 F.R.D. 31, 37 (C.D. Cal. 1977).

### C. Motion to Stay Proceedings Pending Appeal

In the Ninth Circuit, a Court has the discretion to stay proceedings pending an appeal. The Ninth Circuit has held that:

> A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *See Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936).

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citations cleaned up).

## III. DISCUSSION

### A. Defendants' Administrative Motion to File Under Seal

#### 1. The Court Has Jurisdiction to Rule on the Motion to Seal Notwithstanding the Judgment Order and Pending Appeal in the Ninth Circuit.

This Court has jurisdiction to rule on Defendants' Administrative Motion to Seal due to the inherent supervisory authority over its own records and files. *Hagestad*, 49 F.3d 1433-34. This inherent power is not affected by the pending appeal. *See Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1354 (9th Cir. 2013) (collecting cases in the Third Circuit, Tenth Circuit, First Circuit, and Ninth Circuit which support the general proposition that confidentiality orders, protective orders, and access to discovery materials may be challenged after the underlying dispute between the parties has been resolved). Further, the parties do not dispute that the Court's jurisdiction. Given the foregoing, the Court has jurisdiction to resolve Defendants' Administrative Motion to Seal.

### 2. Because the Corporate Disclosure Statement is Unrelated to the Underlying Cause of Action, the Good Cause Standard Applies.

For the Court to grant the Administrative Motion to Seal, the filing party must demonstrate that the good cause standard is met. The good cause standard is proper because the Corporate Disclosure Statement is non-dispositive. *See Kamakana*, 447 F.3d at 1180. The Corporate Disclosure Statement serves the purpose of allowing the Court to consider whether there is a conflict of interest that would require recusal. Given this purpose, the public's access to the information in the Corporate Disclosure Statement does not apply with the same force as a filing that is "more than tangentially related to related to the merits." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, the Court finds that the good cause standard applies to the sealing of the Corporate Disclosure Statement.

### 3. Good Cause Does Not Exist to Seal the Corporate Disclosure Statement.

In their briefing, Defendants make two arguments in support of their motion to seal: (a) owners/shareholders' expectation of privacy and (b) Defendants' competitive position in the marketplace. The Court will address each argument in turn.

Because Defendants have not shown that owners/shareholders' expectation of privacy nor Defendants' competitive position in the marketplace constitute good cause, the Court **DENIES** Defendants' motion to seal without prejudice.

While the Court denies the motion to seal, the Court acknowledges that the appeal in *Anoke et al v. Twitter, Inc. et al* may have an impact on this Court's ruling. *Anoke et al v. Twitter, Inc. et al*, No. 23-cv-02217-SI (N.D. Cal. filed May 5, 2023). Thus, Defendants are **ORDERED** the following after the resolution of the appeal in *Anoke*:

1. If the Ninth Circuit issues a ruling in favor of Plaintiffs regarding sealing, Defendants must file an unredacted Corporate Disclosure Statement within fourteen (14) days of the ruling.

2. If the Ninth Circuit issues a ruling in favor of Defendants regarding sealing, Defendants may alert the Court by filing a Statement of Recent Decision and file a Motion for Reconsideration of the Motion to Seal or related filing within fourteen (14) days of the ruling.

### a. The Possibility of Owners/Shareholders' Expectation of Privacy Being Violated Does Not Constitute Good Cause.

Defendants argue good cause exists to seal the portions of the filing that reveal the identities of X Holdings Corp.'s owners/shareholders due to the countervailing interests in maintaining the confidentiality of this sensitive and private business information. ECF 95, at 4. Defendants explain that the owners/shareholders of X Holdings Corp. include various individual persons, private family and other trusts, and other private entities (such as funds, LLCs and corporations). *Id.* (citing ECF 95-1 ("Declaration of Dhruv Batura") ¶ 3). As a matter of routine practice, Defendants explain, X Holdings Corp. does not publish or otherwise make publicly available information regarding its owners/shareholders and treats such information as confidential. *Id.* Defendants further contend that because the owners/shareholders expect such information to remain private, this expectation will be violated if the Court denies the motion to seal. *Id.* at 4-5.

In their motion, Defendants cite to *Best Odds Corp. v. iBus Media Ltd.*, No. 14-cv-00932, 2014 WL 5687730 (D.Nev. Nov. 4, 2014). However, Silverman argues that *Best Odds* was decided under a dispositive or non-dispositive standard that was rejected by the Ninth Circuit. *See Ctr. for Auto Safety*, 809 F.3d at 1101. In *Ctr. for Auto Safety*, the Ninth Circuit held that "that public access to filed motions and their attachments does not merely depend on whether the motion is technically dispositive. . . [r]ather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id.* Additionally, Silverman argues that *Best Odds* appears to never have been cited by any other court for its analysis of sealing. ECF 108, at 13.

Silverman also argues that *Best Odds* can be distinguished from the instant case. In *Best Odds*, the statement was sealed "as a prophylactic against potential litigation abuses that will needlessly increase the cost of litigation." *Best Odds*, 2014 WL 5687730, at *3. Silverman contends that the abuse at issue in *Best Odds* is not at issue here.

In *Anoke¸* Defendants filed under seal a nearly identical Corporate Disclosure Statement as the instant case. *Cf. Anoke*, No. 23-cv-02217-SI, ECF 36-4 *with* ECF 95-4. The instant case and *Anoke* contain several similarities in that both actions contain some of the same defendants and arose

7

due to layoffs at Twitter. The Corporate Disclosure Statement filed in *Anoke* contains the same exact list of owners/shareholders that are listed in the filing in this action. Because the Court in *Anoke* unsealed the Corporate Disclosure Statement, the public already has access to the information sought to be sealed in the instant case. *Anoke*, No. 23-cv-02217-SI, ECF 53 (Order Granting Motion to Intervene and Unseal Corporate Disclosure Statement). Because the information sought to be sealed is already available to the public, Defendants have not shown how "specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estate v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Defendants have not shown how each of the specific individuals or families listed in the Corporate Disclosure Statement would be prejudiced or harmed if their information is publicly available (or remains publicly available via the *Anoke* docket). Defendants have not given any specific examples of any harm or prejudice that already occurred to some of the owners/shareholders listed from having their information public in similar contexts, or from having it public in *Anoke*.

The Court notes that Defendants may not have known that the information in *Anoke* that was initially sealed would later be publicly available until after Defendants filed its Opposition in this action. Defendants filed their Opposition to Silverman's Motion to Intervene and Oppose Sealing on July 30, 3024 while Silverman subsequently filed his Second Statement of Recent Decision on September 5, 2024. *See* ECF 105, 116. However, Defendants filed a surreply on September 9, 2024 which could have addressed further harm or prejudice. ECF 117.

Given the above, the Court finds that Defendants have not shown the owners/shareholders' expectation of privacy being violated is good cause to grant the motion to seal.

### b. Defendants Have Not Established Good Cause Regarding Defendants' Competitive Position in the Marketplace.

Defendants also blanketly contend that "[t]he wholesale disclosure of information regarding its owners/shareholders potentially could enable X Holdings Corp.'s competitors to undermine X Holding Corp.'s competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of X Holdings Corp. in negotiations or other business affairs, or otherwise prejudice X Holdings Corp.'s business interests." ECF 95, at 5.

The Court finds that Defendants have not made a specific showing as to how and why their competitive position would be adversely affected by a disclosure. *See Beckman Indus.*, 966 F.2d at 476 ("[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (citation omitted); *see also* Civil Local Rule 79-5 and Judge Thompson's standing order. Defendants must make a specific showing explaining why each document that they seek to seal may justifiably be sealed. They must also make a specific showing that any proposed redactions are as narrowly tailored as possible. The Court finds Defendants have not shown Defendants' position in the marketplace constitutes good cause.

### B. Non-Party Silverman's Motion to Intervene

Silverman's Motion to Intervene and Oppose Sealing Judicial Records was filed on July 9, 2024, thirteen (13) days after the Defendants filed their administrative motion. *See* ECF 95, 96. Silverman, a non-party, argues that his motion to intervene is timely, citing to Civil L.R. 79-5(g)(3) which states that: "non-parties may, at any time, file a motion requesting that the Court unseal a document," including "after the case is closed."

Silverman also argues that "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records." *San Jose Mercury News*, 187 F.3d at 1101. "In determining whether a motion for intervention is timely, a court must consider three factors: (1) the stage of the proceeding at which the applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id.* at 1100-01 (internal quotation marks and citation omitted).

Defendants argue that because Plaintiffs' notice of appeal divests this Court of jurisdiction, the Court cannot entertain the Motion to Intervene. ECF 117, at 2. Courts in the Ninth Circuit recognize that "[t]he basic general rule is that an appeal to a higher court ousts the jurisdiction of the lower courts." *Assoc. Gen. Contractors of Cal. v. Sec'y of Com. Of U.S. Dep't of Com.*, 77 F.R.D. 31, 35 (C.D. Cal. 1977); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "The same general rule applies in the context of a [d]istrict [c]ourt's jurisdiction to grant a motion to intervene after an appeal has been taken." *Assoc. Gen. Contractors*, 77 F.R.D. at 35. A notice of appeal divests the district court of jurisdiction even where, as here, "the motion to intervene had

9

1  been filed before the notice of appeal." *Stiller v. Costco Wholesale Corp.*, 2015 WL 1612002, at *1
2  (S.D. Cal. Apr. 9, 2015); *Drywall Tapers & Pointers of Greater N.Y. v. Nastasi & Assocs. Inc.*, 488
3  F.3d 88, 94 (2d Cir. 2007) (affirming denial of motion to intervene for lack of jurisdiction when
4  intervention motion was not ruled upon before filing notice of appeal).

5  The Court finds Defendants' arguments to be unpersuasive. While district courts lack
6  jurisdiction after an appeal, district courts retain their inherent supervisory authority over their own
7  records and files. *Hagestad*, 49 F.3d at 1433-34 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.
8  589, 598 (1978). The Court interprets the Motion to Intervene and Oppose Sealing Records as an
9  Opposition to the Administrative Motion to Seal. The Opposition relates to an issue involving the
10 Court's own records and files which the Court has jurisdiction over.

11 As to timeliness, the Court agrees with Silverman that for motions to intervene seeking to
12 oppose sealing records may be filed later than motions filed in opposition of sealing records.
13 However, regardless of the parties' arguments regarding jurisdiction and timeliness, the Court
14 **DENIES** as moot Silverman's motion to intervene and unseal given the Court's denial of
15 Defendants' motion to seal. *See supra* Section III.A.3.

16 **C.   Defendants' Motion to Stay Proceedings Pending Appeal in *Anoke***

17 In the Ninth Circuit, a Court has the discretion to stay proceedings pending an appeal.
18 *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Defendants argue that the Court should
19 exercise its discretion and stay the matter because the question of whether the Corporate Disclosure
20 Statement should be unsealed in *Anoke et al v. Twitter, Inc. et al*, No. 23-cv-02217-SI (N.D. Cal.
21 filed May 5, 2023) is currently before the Ninth Circuit in another case also naming the same
22 Defendant (X Holdings Corp.). ECF 123, at 2.

23 The Corporate Disclosure Statement was filed under Local Rule 3-15, which lists all
24 shareholders that have an ownership interest in Defendant X Holdings Corp., a privately held
25 corporation. *Id.* Defendants argue that Corporate Disclosure Statement at issue in *Anoke* is identical
26 to the Corporate Disclosure Statement filed in this action. *Id.* at 4. Because they are identical,
27 Defendants argue that this Court should stay the proceedings pending the Ninth Circuit's decision
28 so that they avoid further prejudice. *Id.*

During oral argument, Silverman expressed a concern that the matter should not be stayed, and that the Corporate Disclosure Statement should be unsealed prior to a ruling in *Anoke*. Silverman contends that the harm of not unsealing the records is that the public has an interest in assuring that the document is what it is represented to be. Silverman argues that the Ninth Circuit's decision in *Anoke* is unlikely to touch on any of the issues that are relevant to this matter.

The Court finds that there is no prejudice to Defendants at this stage and no inefficiency of denying the stay. Defendants' motion to seal was denied without prejudice and Defendants are not ordered to file unredacted Corporate Disclosure Statement until after the resolution of *Anoke*. *See supra* Section III.A.3.

Given the Court's rulings, Defendants will suffer no prejudice. For the reasons stated above, the Court **DENIES** Defendants' Motion to Stay.

## IV.   CONCLUSION

For the reasons stated above and after consideration of the parties' arguments in the hearing on December 3, 2024, the Court finds the following:

1. Defendants' Administrative Motion to Seal (ECF 95) is **DENIED** without prejudice**.** Defendants are **ORDERED** the following after the resolution of the appeal in *Anoke et al v. Twitter, Inc. et al*, No. 23-cv-02217-SI (filed May 5, 2023):
   a. If the Ninth Circuit issues a ruling in favor of Plaintiffs regarding sealing, Defendants must file an unredacted Corporate Disclosure Statement within fourteen (14) days of the ruling.
   b. If the Ninth Circuit issues a ruling in favor of Defendants regarding sealing, Defendants may alert the Court by filing a Statement of Recent Decision and file a Motion for Reconsideration of the Motion to Seal or related filing within fourteen (14) days of the ruling.
   c. Parties will provide the Court with status reports on the *Anoke* appeal proceedings every 60 days starting on February 14, 2025 and within five (5) days of the resolution of the appeal.

2. Given the Court's denial of Defendants' motion to seal, Non-Party Silverman's Motion to Intervene and Oppose Sealing Judicial Records (ECF 96) is **DENIED** as moot.

3. Defendants' Motion to Stay Proceedings pending resolution of appeal in another matter (ECF 123) is **DENIED.**

This Order resolves ECF 95, 96, and 123.

**IT IS SO ORDERED.**

Dated: December 17, 2024

_____
TRINA L. THOMPSON
United States District Judge