Kate Mueting, DC Bar No. 988177*
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com

Charles Field, CA Bar No. 189817
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
7911 Herschel Avenue, Suite 300
La Jolla, CA 92037
Telephone: (619) 577-4252
cfield@sanfordheisler.com

Kristi Stahnke McGregor, GA Bar No. 674012*
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7008
kmcgregor@sanfordheisler.com

* admitted *pro hac vice*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTHERN CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| COURTNEY MCMILLIAN and RONALD COOPER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, ELON MUSK, DOES,<br><br>Defendants. | Case No. 3:23-cv-03461-TLT-RMI-SK<br><br>**RESPONSE TO QUESTIONS FOR THE PARTIES RE: ECF 148, 149**<br><br>Judge: Trina L. Thompson<br>Magistrate Judge (Discovery): Robert Illman<br>Magistrate Judge (Settlement): Sallie Kim<br><br>Hearing: February 24, 2026, 2 pm |

The undersigned counsel hereby submits a response to this Court's Order to "discuss whether the Parties request that the Court defer ruling on the motion to withdraw until the Ninth Circuit rules on the motion to intervene." Dkt. 150. The undersigned counsel agrees with this Court's suggestion that it is appropriate to hold the motion to withdraw in abeyance until the Ninth Circuit rules on the pending motions to intervene. Doing so will enable the Court to assess whether granting the motion to withdraw will prejudice potential class members. Further, holding the motion in abeyance will not delay the resolution of this case or cause prejudice.

A. **Prejudice to Class Members Will be Mitigated if Intervention is Allowed.**

Delaying a ruling on the motion to withdraw until after the Ninth Circuit rules on the pending motions to intervene, Dkts. 58.1, 73.1, *McMillian, et al. v. X Corp., et al.*, No. 24-5045 (9th Cir.), will enable this Court to assess whether withdrawal of the undersigned counsel will prejudice absent class members. If the Ninth Circuit allows Proposed Intervenors to represent the absent class members, it will mitigate any prejudice to class members caused by granting withdrawal here. *See generally* Dkts. 58.1, 73.1, 83.1, No. 24-5045 (9th Cir.).

As this Court has noted, potential prejudice to absent class members is a relevant consideration in assessing withdrawal in cases with class claims. Dkt. 150 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) ("Class counsel ultimately owe their fiduciary responsibility to the class as a whole."); *In re*

Case No. 3:23-cv-03461-TLT-RMI-SK
**RESPONSE TO QUESTIONS FOR THE PARTIES RE: ECF 148, 149**
1

*Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) ("Prior to formal class certification, there is an even greater potential for a breach of fiduciary duty owed the class during settlement.")). This is true even prior to class certification, contrary to Plaintiffs' repeated assertions. *Id.*

Regardless, a determination on the scope of Plaintiffs' fiduciary duties prior to certification is not a determination this Court must make now, given that the issue of class member interests in this case (and whether they are better served by Plaintiffs' proposed notice or intervention[1]) is before the Ninth Circuit. *See* Exhibit A (Proposed Intervenors' Response to Appellants' Motion to Remand, disputing before the Ninth Circuit that Plaintiffs' proposed notice is in the interests of class members).

**B.  Holding the Motion to Withdraw in Abeyance Will Not Cause Delay.**

Holding the motion to withdraw in abeyance will not cause delay because

---

[1] In an abundance of caution in the event that the motions to intervene were not granted, Proposed Intervenors Ye and Kurtz filed a narrower complaint specifically to preserve the fiduciary breach claims of the ERISA class (for which the statute of limitations can be as short as three years, 29 U.S.C. § 1113) now that those claims are no longer being preserved by Ms. McMillian and Mr. Cooper. While intervention in the current case would further class member interests and the interests of justice and judicial efficiency, *see* Dkt. 82.1 at 6–8, No. 24-5045 (9th Cir.) (Proposed Intervenors' Response to Appellants' Motion to Voluntarily Dismiss Appeal), if intervention is denied, the undersigned would move for consideration of whether the newly filed case is related to this one. *See* Complaint ¶ 29, n.2, Dkt. 1, *Ye, et al. v. Musk, et al.*, No. 3:25-cv-09501-PHK (N.D. Cal. Nov. 4, 2025) (noting *Ye* Plaintiffs would so move).

Case No. 3:23-cv-03461-TLT-RMI-SK
**RESPONSE TO QUESTIONS FOR THE PARTIES RE: ECF 148, 149**
2

determination of this motion is not a precursor or prerequisite to any action pending in this case. There are no outstanding issues before this Court that will be delayed by waiting to decide on withdrawal.

Furthermore, any delay that may be caused by waiting to decide this motion would be minimal, given that briefing on the intervention motions is ongoing and is currently scheduled to be completed by December 1, 2025.[2]

### C. Holding the Motion to Withdraw in Abeyance Will Not Prejudice Plaintiffs.

Holding this motion in abeyance also would not prejudice Ms. McMillian and Mr. Cooper. The undersigned counsel is not communicating with them or acting as their representative in any individual capacities. Ms. McMillian and Mr. Cooper are pursuing individual arbitrations with their new counsel and have not sought relief from this Court.

DATED: November 20, 2025            Respectfully submitted,

Sanford Heisler Sharp McKnight, LLP

By: */s/ Kate Mueting*
Kate Mueting, DC Bar No. 988177
(admitted *pro hac vice*)
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
700 Pennsylvania Avenue SE, Suite 300

---

[2] Responses to the intervention motions were filed on November 17 and replies are due November 24. Defendants-Appellees may file a separate response to the second intervention motion, and this response would be due November 24. Proposed Intervenors' reply would be due by December 1.

Case No. 3:23-cv-03461-TLT-RMI-SK
**RESPONSE TO QUESTIONS FOR THE PARTIES RE: ECF 148, 149**
3

Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com

Case No. 3:23-cv-03461-TLT-RMI-SK
**RESPONSE TO QUESTIONS FOR THE PARTIES RE: ECF 148, 149**
4